IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:21-cv-01997 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, CHRIS GONZALEZ, | § | |
| PAM GOODSON, KAREN PECK, JOSEF D. | § | |
| KLAM, MINDA CAESAR, CHRIS | § | |
| EARNEST, J. CARTER BREED, in their | § | |
| official capacity as members of the Board of | § | |
| Trustees of Spring Branch ISD | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Spring Branch Independent School District (the "District"), Chris Gonzalez, Pam

Goodson, Karen Peck, Josef D. Klam, Minda Caesar, Chris Earnest, and J. Carter Breed (collectively,

the "Defendants"), answer the First Amended Complaint filed by Plaintiff Virginia Elizondo (Dkt.

No. 3), as follows:

**RESPONSE TO "I. INTRODUCTION"**

1.    The Defendants lack sufficient information to admit or deny the allegations in

Paragraph 1.

2.    The allegations in Paragraph 2 are legal conclusions to which no response is required.

3.    The Defendants admit that the District uses a lawful "at-large" election system to elect

its Trustees.  The Defendants admit that Plaintiff's First Amended Complaint asserts claims under the

Voting Rights Act, but expressly deny that the District's election system violates the Voting Rights

Act or has denied minority voters any right protected by the Voting Rights Act, and further deny that

Plaintiff is entitled to any relief in this lawsuit.  The Defendants deny the remaining allegations in Paragraph 3.

RESPONSE TO "II. PARTIES"

4.      The Defendants admit that Virginia Elizondo is the Plaintiff, and that she is a registered voter who resides in the District.  The remaining allegations in Paragraph 4 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 4.

5.      The Defendants admit that Plaintiff has participated in some of the District's volunteer opportunities, such as LeadSBISD and Visioning for the Future.  Otherwise, the allegations in Paragraph 5 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

6.      The Defendants admit the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

8.      The Defendants admit that Plaintiff has twice run for a position on the District's Board of Trustees.  The Defendants admit that Plaintiff has not been elected to the Board.  The Defendants deny that the at-large system was the reason for her losses.  The remaining allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 9.

10.      The Defendants admit the allegations in Paragraph 10.

11.     The Defendants cannot admit or deny whether Chris Gonzalez is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 11.

12.     The Defendants cannot admit or deny whether Pam Goodson is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 12.

13.     The Defendants cannot admit or deny whether Karen Peck is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 13.

14.     Admit.

15.     The Defendants cannot admit or deny whether Minda Caesar is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 15.

16.     The Defendants cannot admit or deny whether Chris Earnest is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 16.

17.     The Defendants cannot admit or deny whether J. Carter Breed is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear.  The Defendants admit the remaining allegations in Paragraph 17.

RESPONSE TO "III. JURISDICTION AND VENUE"

18.     The Defendants admit that the Court has jurisdiction over claims arising under the United States Constitution and the Voting Rights Act.  Otherwise, the allegations in Paragraph 18 are legal conclusions to which no response is required.

19.     The Defendants admit the allegations in Paragraph 19.

20.     The Defendants admit that Plaintiff's First Amended Complaint seeks declaratory and injunctive relief, but expressly deny that Plaintiff is entitled to any relief in this lawsuit.

RESPONSE TO "IV.  FACTS – A. THE DISTRICT"

21.     The Defendants admit that the District is a political subdivision of the State of Texas. The Defendants admit that the District has an increasing population of Latino, African-American and Asian students, and an increasing population of minority voters.  The Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 21.

22.     The Defendants admit the allegations in Paragraph 22.

23.     The Defendants lack sufficient information to admit or deny the last sentence of Paragraph 23.  The Defendants admit the remaining allegations in Paragraph 23.

24.     The Defendants admit the allegations in Paragraph 24.

25.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 25.  The Defendants deny that anything they have done has been "regrettable".

26.     The Defendants admit that the 2010 Census speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the Census.

27.     The Defendants admit that the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

28.     The Defendants lack sufficient information to admit or deny the first sentence of Paragraph 28.  Otherwise, the Defendants admit that, according to the Texas Education Agency, the District had 33,288 students enrolled for the 2020–2021 school year, 19,355 of which identify as Hispanic or Latino (approximately 58% of the student population), and 9,053 of which identify as White (approximately 27% of the student population).  The Defendants otherwise deny the allegations in Paragraph 28.

29.     The Defendants admit that the majority of the District's 2020–2021 student population identify as non-White.

30.     The Defendants cannot admit or deny the allegations in Paragraph 30 because the phrase "SBISD's total population," as used in Plaintiff's First Amended Complaint, is unclear.

31.     The Defendants admit that the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

### RESPONSE TO "IV. FACTS – B. SBISD'S ELECTION SYSTEM"

32.     The Defendants admit the allegations in Paragraph 32.

33.     The Defendants generally admit the allegations in Paragraph 33.  The Defendants admit that school board trustees in Spring Branch ISD have been elected annually on the May uniform election date since 2001, although that was not always the case prior to that.

34.     The Defendants admit the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants admit that the eligibility requirements for running for a school district's board of trustees are set forth in the Texas Election Code and the Texas Education Code.  *See, e.g.,* TEX. ELEC. CODE §§ 11.002 & 141.001; TEX. EDUC. CODE § 11.061.

36.     The allegations in Paragraph 36 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants admit that Texas law authorizes school board trustees to be elected districtwide (*i.e.,* "at-large").  The Defendants admit that Texas law also authorizes the creation of single-member districts pursuant to the specific requirements set forth in section 11.052 of the Texas Education Code.  The Defendants admit that, absent the creation of a single-member district pursuant to section 11.052 of the Texas Education Code, elections for school

board trustees are, by default, at-large.  The Defendants deny the remaining allegations in Paragraph 36.

37.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 37.

**RESPONSE TO "IV.  FACTS – C. SBISD'S LATINO COMMUNITY"**

38.     The allegations in Paragraph 38 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants lack sufficient information to admit or deny the allegations in Paragraph 38.  However, the Defendants deny that the Plaintiff is using the correct legal standard.

**RESPONSE TO "IV.  FACTS – D. RACIALLY-POLARIZED ELECTIONS"**

39.     The allegations in Paragraph 39 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny that all school board elections in Texas are marked by a pattern of racially-polarized voting.

40.     The allegations in Paragraph 40 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 46.

**RESPONSE TO "IV.   FACTS – E. TOTALITY OF CIRCUMSTANCES – I. HISTORY OF DISCRIMINATION"**

47.     The allegations in Paragraph 47 are vague and conclusory, and do not relate to the Defendants; as such, the Defendants lack sufficient information to admit or deny them.  The Defendants deny that SBISD has a despicable and regrettable history of racism.

48.     The Defendants deny that SBISD's neighborhoods evidence a history of residential segregation and racial conflict.

49.     The allegations in Paragraph 49 are vague and conclusory, and, as such, the Defendants lack sufficient information to admit or deny them.

50.     The Defendants admit that there was at least one occasion in which one of the District's school buildings was defaced with graffiti.  Otherwise, the remaining allegations in Paragraph 50 are vague and conclusory, and, as such, the Defendants lack sufficient information to admit or deny them.

51.     The allegations in Paragraph 51 are vague and conclusory, and, as such, the Defendants lack sufficient information to admit or deny them.

**RESPONSE TO "IV.  FACTS – E. TOTALITY OF CIRCUMSTANCES – ii. RACIAL POLARIZATION"**

52.     The Defendants deny that Anglos always support candidates different than either Latinos or African Americans. In fact, the Defendants admit that they believe that the evidence will eventually show that a significant percentage of Anglo voters – albeit less than a majority – supported the Plaintiff in the 2021 school board election.

53.     The Defendants deny that elections in SBISD are deeply racially polarized.

54.     The Defendants admit only that the quoted language in Paragraph 54 appears in *Perez v. Abbott*, No. 5:11-cv-00360-OLG-JES-XR (W.D. Tex. March 10, 2017) (Fact Findings General and Plan C185).  Otherwise, the allegations in Paragraph 54 contain legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 54 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

55.     The Defendants admit only that the quoted language in Paragraph 55 appears in *Perez v. Abbott*, No. 5:11-cv-00360-OLG-JES-XR (W.D. Tex. March 10, 2017) (Fact Findings General and Plan C185).  Otherwise, the allegations in Paragraph 55 contain legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 55 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

56.     The Defendants admit only that the quoted language in Paragraph 56 appears in *Rodriguez v. Harris Cnty.*, 964 F. Supp. 2d 686, 777 (S.D. Tex. 2013).  Otherwise, the allegations in Paragraph 56 contain legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 56 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

RESPONSE TO "IV. FACTS – E. TOTALITY OF CIRCUMSTANCES – III. EXISTENCE OF ANY ELECTORAL MECHANISMS THAT ENHANCE THE OPPORTUNITY FOR MINORITY VOTE DILUTION"

57.     The allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 57 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them. The Defendants affirmatively state that the District has not enacted any barriers to voting.

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 58 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them. The Defendants affirmatively state that the District has not enacted any barriers to voting.

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 59 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

60.     The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 60 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

61.     The Defendants admit only that the quoted language in Paragraph 61 appears in *Rodriguez v. Harris Cnty.*, 964 F. Supp. 2d 686, 781 (S.D. Tex. 2013). Otherwise, the allegations in Paragraph 61 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 61 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

62.     The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 62 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

63.     The allegations in Paragraph 63 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants admit that the District uses a lawful "at-large" election system to elect its Trustees, and that the Trustees serve staggered terms. Otherwise, the Defendants deny the allegations in Paragraph 63.

**RESPONSE TO "IV.   FACTS – E. TOTALITY OF CIRCUMSTANCES – IV. SOCIO-ECONOMIC DISPARITY"**

64.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

66.     The Defendants admit that the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

67.     The allegations in Paragraph 67 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

68.     The allegations in Paragraph 68 contain legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 68 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

69.     The allegations in Paragraph 69 do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.

70.     The allegations in Paragraph 70 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 70.

RESPONSE TO "IV.   FACTS – E. TOTALITY OF CIRCUMSTANCES – V. RACIAL APPEALS IN POLITICAL CAMPAIGNS"

71.     The allegations in Paragraph 71 regarding Harris County do not relate to the Defendants, and the Defendants lack sufficient information to admit or deny them.  The Defendants deny the allegations in Paragraph 71 that relate to SBISD.

RESPONSE TO "IV.   FACTS – E. TOTALITY OF CIRCUMSTANCES – VI. SUCCESS OF MINORITY CANDIDATES IN SBISD"

72.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 72.

73.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 73.

RESPONSE TO "IV.   FACTS – E. TOTALITY OF CIRCUMSTANCES – VII. TENUOUSNESS OF THE POLICY OF AT-LARGE ELECTIONS"

74.     The allegations in Paragraph 74 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants admit that Texas law authorizes school board trustees to be elected districtwide (*i.e.,* "at-large").  The Defendants admit that Texas law also authorizes the creation of single-member districts pursuant to the specific requirements set forth in section 11.052 of the Texas Education Code.  The Defendants admit that, absent the creation of a single-member district pursuant to section 11.052 of the Texas Education Code, elections for school board trustees are, by default, at-large.  The Defendants further admit that at-large districts are the most popular form of electing school board trustees among Texas school districts, by a significant majority.  Otherwise, the Defendants deny the allegations in Paragraph 74.

75.     The Defendants deny the allegations in Paragraph 75.  The Defendants admit that at-large systems of election can promote the election of trustees who are subject to the will of **all** of the voters in a school district, and therefore must have the interests of all of the constituents of a school district at heart, whereas single-member districts can promote the Balkanization of a school district,

by electing trustees who are only focused on the interests of the constituents of their smaller single-member district, and not necessarily on the overall good of the school district.  The Defendants assert that there are sound non-race-based policy reasons for maintaining at-large voting systems.

76.     The allegations in Paragraph 76 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 76. Defendants specifically deny that the District's electoral system dilutes the voting strength of racial or language minorities.

**RESPONSE TO "V. CAUSE OF ACTION – SECTION 2 OF THE VOTING RIGHTS ACT"**

77.     The Defendants incorporate by reference all of their answers, admissions and denials set forth in the preceding paragraphs as if fully set forth herein.

78.     The allegations in Paragraph 78 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants admit that the District uses an "at-large" election system to elect its Trustees.   Otherwise, the Defendants deny the allegations in Paragraph 78.  Defendants specifically deny that the District's electoral system denies Plaintiff or any other District resident the right to vote on account of race, color or ethnicity or the opportunity to equally participate in the political process or to elect representatives of his or her choice.

79.     The allegations in Paragraph 79 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 79.  The Defendants specifically deny that anything the District has done gives the Latino community or any other minority citizens less of an opportunity to participate in the political process.

80.     The allegations in Paragraph 80 contain legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 80.

**RESPONSE TO "VI. REQUEST FOR INJUNCTIVE RELIEF"**

81.     The Defendants incorporate by reference all of their answers, admissions and denials set forth in the preceding paragraphs as if fully set forth herein.

82.     The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants admit the importance of the right to vote, but they deny that the Defendants have done anything to impair anyone's right to vote, or that Plaintiff is otherwise entitled to injunctive or other relief in this lawsuit.  The Defendants deny the remaining allegations in Paragraph 85.

86.     The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 86.

87.     The Defendants admit that Plaintiff seeks permanent injunctive relief, but expressly deny that Plaintiff is entitled to any relief in this lawsuit, and otherwise deny the allegations in Paragraph 87.

**RESPONSE TO "VII. CONCLUSION AND REQUESTS FOR RELIEF"**

88.     The Defendants admit that Plaintiff seeks the relief set forth in Paragraph 88, but expressly deny that Plaintiff is entitled to any relief in this lawsuit.  Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other legal and/or equitable relief to which they may be entitled.

THOMPSON & HORTON LLP

By: _____

Christopher B. Gilbert
State Bar No. 00787535
cgilbert@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
shamm@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile:  (713) 583-8884

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, a true and correct copy of the foregoing document was served on all counsel and pro se parties of record via the Court's CM/ECF system, as follows:

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
babrams@blankrome.com

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
martin.golando@gmail.com

_____
Christopher B. Gilbert