**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VIRGINIA ELIZONDO,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No.  4:21-cv-01997** |
| | § | |
| **SPRING BRANCH** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT, CHRIS** | § | |
| **GONZALEZ, PAM GOODSON,** | § | |
| **KAREN PECK, JOSEF D.** | § | |
| **KLAM, MINDA CAESAR,** | § | |
| **CHRIS EARNEST,** | § | |
| **J. CARTER BREED** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**INTERVENOR JENNY MORACE'S ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED**
**ORIGINAL PETITION**

Intervenor Jenny Morace ("Morace") answers the First Amended Complaint

filed by Plaintiff Virginia Elizondo (Dkt. No. 3), as follows:

**PLAINTIFF'S ALLEGATIONS**

1.     The Intervenor lacks sufficient information to admit or deny the allegations in

Paragraph 1.

1

2.     The allegations in Paragraph 2 are legal conclusions to which no response is required.

3.     The Intervenor admits that the District uses a lawful "at-large" election system to elect its Trustees. The Intervenor admits that Plaintiff's First Amended Complaint asserts claims under the Voting Rights Act, but expressly deny that the District's election system violates the Voting Rights Act or has denied minority voters any right protected by the Voting Rights Act, and further deny that Plaintiff is entitled to any relief in this lawsuit. The Intervenor denies the remaining allegations in Paragraph 3.

4.     The Intervenor admits that Virginia Elizondo is the Plaintiff, and that she is a registered voter who resides in the District. The remaining allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor lacks sufficient information to admit or deny the remaining allegations in Paragraph 4.

5.     The Intervenor lacks sufficient information to admit or deny them.

6.     The Intervenor admits the allegations in Paragraph 6.

7.     The  Intervenor lack sufficient information to admit or deny them.

8.     The Intervenor admits that Plaintiff has twice run for a position on the District's Board of Trustees. The Intervenor admits that Plaintiff has not been elected

to the Board. The Intervenor denies that the at-large system was the reason for her losses. The remaining allegations in Paragraph 8 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the remaining allegations in Paragraph 8.

9.     The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 9.

10.     The Intervenor admits the allegations in Paragraph 10.

11.     The Intervenor cannot admit or deny whether Chris Gonzalez is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 11.

12.     The Intervenor cannot admit or deny whether Pam Goodson is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 12.

13.     The Intervenor cannot admit or deny whether Karen Peck is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended

Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 13.

14.     The Intervenor admits the allegations in Paragraph 14.

15.     The Intervenor cannot admit or deny whether Minda Caesar is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 15.

16.     The Intervenor cannot admit or deny whether Chris Earnest is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 16.

17.     The Intervenor cannot admit or deny whether J. Carter Breed is an "Anglo Texan," because the meaning of this term, as used in Plaintiff's First Amended Complaint, is undefined and unclear. The Intervenor admits the remaining allegations in Paragraph 17.

18.     The Intervenor admits that the Court has jurisdiction over claims arising under the United States Constitution and the Voting Rights Act. Otherwise, the allegations in Paragraph 18 are legal conclusions to which no response is required.

19.     The Intervenor admits the allegations in Paragraph 19.

20.     The Intervenor admits that Plaintiff's First Amended Complaint seeks declaratory and injunctive relief, but expressly denies that Plaintiff is entitled to any relief in this lawsuit.

21.     The Intervenor admits that the District is a political subdivision of the State of Texas.  The Intervenor lacks sufficient information to admit or deny the remaining allegations in paragraph 21.

22.     The Intervenor admits the allegations in Paragraph 22.

23.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 23.

24.     The Intervenor admits the allegations in Paragraph 24.

25.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 25. The Intervenor denies the allegation that "[t]hat fact is regrettable and remediable."

26.     The Intervenor admits that the 2010 Census speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the Census.

27.     The Intervenor admits that the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

28.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 28.

29.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 28.

30.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 28.

31.     The Intervenor admit that the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

32.     The Intervenor admits the allegations in Paragraph 32.

33.     The Intervenor generally admits the allegations in Paragraph 33.

34.     The Intervenor admits the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits that the eligibility requirements for running for a school district's board of trustees

are set forth in the Texas Election Code and the Texas Education Code. See, e.g., TEX. ELEC. CODE §§ 11.002 & 141.001; TEX. EDUC. CODE § 11.061.

36.     The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits that Texas law authorizes school board trustees to be elected districtwide (i.e., "at-large"). The Intervenor admits that Texas law also authorizes the creation of single-member districts pursuant to the specific requirements set forth in section 11.052 of the Texas Education Code. The Intervenor admits that, absent the creation of a single-member district pursuant to section 11.052 of the Texas Education Code, elections for school board trustees are, by default, at-large. The Intervenor denies the remaining allegations in Paragraph 36.

37.     The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 38. However, the Intervenor denies that the Plaintiff is using the correct legal standard.

39.     The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies

that all school board elections in Texas are marked by a pattern of racially-polarized voting.

40.     The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor deny the allegations in Paragraph 42.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 44.

45.    The allegations in Paragraph 45 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 are vague and conclusory, and do not relate to the Intervenor; as such, the Intervenor lacks sufficient information to admit or deny them. The Intervenor denies that SBISD has a despicable and regrettable history of racism.

48.    The Intervenor denies that SBISD's neighborhoods evidence a history of residential segregation and racial conflict.

49.    The allegations in Paragraph 49 are vague and conclusory, and, as such, the Intervenor lacks sufficient information to admit or deny them.

50.    The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 50.

51.    The allegations in Paragraph 51 are vague and conclusory, and, as such, the Intervenor lacks sufficient information to admit or deny them.

52.    The Intervenor denies that Anglos always support candidates different than either Latinos or African Americans. In fact, the Intervenor admits that they believe that the evidence will eventually show that a significant percentage of Anglo voters – albeit less than a majority – supported the Plaintiff in the 2021 school board election, including six (6) of the seven (7) Board Trustees, five (5) of whom sit on the current SBISD Board.

53.    The Intervenor denies that elections in SBISD are deeply racially polarized.

54.    The Intervenor admits only that the quoted language in Paragraph 54 appears in Perez v. Abbott, No. 5:11-cv-00360-OLG-JES-XR (W.D. Tex. March 10, 2017) (Fact Findings General and Plan C185). Otherwise, the allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 54 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

55.    The Intervenor admits only that the quoted language in Paragraph 55 appears in Perez v. Abbott, No. 5:11-cv-00360-OLG-JES-XR (W.D. Tex. March 10, 2017) (Fact Findings General and Plan C185). Otherwise, the allegations in Paragraph 55 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 55 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

56.     The Intervenor admits only that the quoted language in Paragraph 56 appears in Rodriguez v. Harris Cnty., 964 F. Supp. 2d 686, 777 (S.D. Tex. 2013). Otherwise, the allegations in Paragraph 56 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 56 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

57.     The allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 57 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them. The Intervenor affirmatively states that the District has not enacted any barriers to voting.

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 58 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them. The Intervenor affirmatively states that the District has not enacted any barriers to voting.

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in

Paragraph 59 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

60.    The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 60 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

61.    The Intervenor admit only that the quoted language in Paragraph 61 appears in Rodriguez v. Harris Cnty., 964 F. Supp. 2d 686, 781 (S.D. Tex. 2013). Otherwise, the allegations in Paragraph 61 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 61 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

62.    The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 62 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

63.    The allegations in Paragraph 63 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits that the District uses a lawful "at-large" election system to elect its Trustees, and that

the Trustees serve staggered terms. Otherwise, the Intervenor denies the allegations in Paragraph 63.

64.   The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 64.

65.   The allegations in Paragraph 65 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

66.   The Intervenor admit sthat the American Community Survey ("ACS") speaks for itself, but lack sufficient information to admit or deny the correctness of statistics derived from the ACS.

67.   The allegations in Paragraph 67 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

68.   The allegations in Paragraph 68 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 68 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

69.   The allegations in Paragraph 69 do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them.

70.    The allegations in Paragraph 70 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 regarding Harris County do not relate to the Intervenor, and the Intervenor lacks sufficient information to admit or deny them. The Intervenor denies the allegations in Paragraph 71 that relate to SBISD.

72.    The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 72.

73.    The Intervenor lacks sufficient information to admit or deny the allegations in Paragraph 73.

74.    The allegations in Paragraph 74 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits that Texas law authorizes school board trustees to be elected districtwide (i.e., "at-large"). The Intervenor admits that Texas law also authorizes the creation of single-member districts pursuant to the specific requirements set forth in section 11.052 of the Texas Education Code. The Intervenor admits that, absent the creation of a single-member district pursuant to section 11.052 of the Texas Education Code, elections for school board trustees are, by default, at-large. The Intervenor further admits that at-large districts are the most popular form of electing school board

trustees among Texas school districts, by a significant majority. Otherwise, the Intervenor denies the allegations in Paragraph 74.

75.    The Intervenor denies the allegations in Paragraph 75. The Intervenor admits that at-large systems of election can promote the election of trustees who are subject to the will of all of the voters in a school district, and therefore must have the interests of all of the constituents of a school district at heart, whereas single-member districts can promote the Balkanization of a school district, by electing trustees who are only focused on the interests of the constituents of their smaller singlemember district, and not necessarily on the overall good of the school district. The Intervenor asserts that there are sound non-race-based policy reasons for maintaining at-large voting systems.

76.    The allegations in Paragraph 76 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 76. Intervenor specifically denies that the District's electoral system dilutes the voting strength of racial or language minorities.

77.    The Intervenor incorporates by reference all of their answers, admissions and denials set forth in the preceding paragraphs as if fully set forth herein.

78.    The allegations in Paragraph 78 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits

that the District uses an "at-large" election system to elect its Trustees. Otherwise, the Intervenor denies the allegations in Paragraph 78. Intervenor specifically denies that the District's electoral system denies Plaintiff or any other District resident the right to vote on account of race, color or ethnicity or the opportunity to equally participate in the political process or to elect representatives of his or her choice.

79.    The allegations in Paragraph 79 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 79. The Intervenor specifically denies that anything the District has done gives the Latino community or any other minority citizens less of an opportunity to participate in the political process.

80.    The allegations in Paragraph 80 contain legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 80.

81.    The Intervenor incorporates by reference all of their answers, admissions and denials set forth in the preceding paragraphs as if fully set forth herein.

82.    The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor admits the importance of the right to vote, but they deny that the Intervenor have done anything to impair anyone's right to vote, or that Plaintiff is otherwise entitled to injunctive or other relief in this lawsuit. The Intervenor denies the remaining allegations in Paragraph 85.

86.     The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenor denies the allegations in Paragraph 86.

87.     The Intervenor admits that Plaintiff seeks permanent injunctive relief, but expressly deny that Plaintiff is entitled to any relief in this lawsuit, and otherwise deny the allegations in Paragraph 87.

88.     The Intervenor admits that Plaintiff seeks the relief set forth in Paragraph 88, but expressly denies that Plaintiff is entitled to any relief in this lawsuit.

## AFFIRMATIVE DEFENSES

89.     Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction.

90.     Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because it was filed in an improper venue.

91.     Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.

## CONCLUSION AND PRAYER FOR RELIEF

92.     Intervenor asks the Court to enter judgment that Plaintiff take nothing and dismiss Plaintiff's suit with prejudice.

Dated: September 3, 2021

> Respectfully submitted,
> BY:  _/s/ Andy Taylor_____
> Andy Taylor
> State Bar No. 19727600
> **ANDY TAYLOR & ASSOCIATES, P.C.**
> 2628 Highway 36S, #288
> Brenham, Texas 77833
> 713-222-1817 (telephone)

713-222-1855 (facsimile)
ataylor@andytaylorlaw.com

**ATTORNEYS FOR JENNY MORACE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court's electronic filing system on September 3, 2021, and that a copy has been served upon all counsel of record identified below.

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
babrams@blankrome.com

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
martin.golando@gmail.com
Attorneys for Plaintiff

Christopher B. Gilbert
cgilbert@thompsonhorton.com
Stephanie A. Hamm
shamm@thompsonhorton.com
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884
Attorneys for Defendants

/s/ Andy Taylor
Andy Taylor