IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VIRGINIA ELIZONDO, §
§
*Plaintiff,* §
§
vs. §          Civil Action No. 4:21-cv-01997
§
SPRING BRANCH INDEPENDENT §
SCHOOL DISTRICT, CHRIS GONZALEZ, §
PAM GOODSON, KAREN PECK, JOSEF D. §
KLAM, MINDA CAESAR, CHRIS §
EARNEST, J. CARTER BREED, in their §
official capacity as members of the Board of §
Trustees of Spring Branch ISD §
§
*Defendants.* §

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## APPLICANT'S MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF THE COURT:

Applicant Jenny Morace ("Applicant") has filed a motion to intervene (Dkt. 9) in this lawsuit. The Court should deny Applicant's motion on the grounds that it is unnecessary, and fails to meet the standards under FED. R. CIV. P. 24 for intervention as a matter of right or on permissive grounds.

**Intervention as a Matter of Right.**   FED. R. CIV. P. 24(a) provides for intervention as a matter of right. *U.S. v. City of L.A.*, 288 F.3d 391, 397-98 (9th Cir. 2002); *see Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).  To intervene as a matter of right under Rule 24(a)(2), the Applicant must show that she has an interest in the subject matter of the pending suit and that disposition of the suit may impair her interests. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002).  The Applicant must show (1) timeliness of the motion to intervene, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest is not adequately represented by the existing parties. *League of United Latin Am. Citizens v. City of Boerne*, 659 F.3d 421, 433 (5th Cir. 2011).

Defendants do not challenge the timeliness of the motion to intervene.  However, to have "an interest related to the suit," the Applicant must show that she has an interest in the suit that is direct, substantial, and legally protectable.  *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014).  The question is whether the applicant has a stake in the suit that goes beyond a generalized preference that the case turn out a certain way.  *Texas v. U.S.*, 805 F.3d 653, 657 (5th Cir. 2015).  In sum, to have "an interest related to the suit," the applicant must demonstrate the following:

(a) The interest is a legal interest, as distinguished from a general or indefinite interest.  Mere economic interest in the outcome of the litigation is insufficient.
(b) There is a tangible threat to a legally cognizable interest.
(c) The interest is recognized as one belonging to or owned by the proposed applicant.

*Id.* at 657-661.

Applicant here has failed to allege a stake in the suit that goes beyond a generalized preference that this case turn out a certain way.  She claims that needs to know a number of things "[i]n order for Morace to make an informed decision about whether to run" for the school board (*see* Motion, pp. 4-5), but nothings she lists would prevent her from running for the Board; the answers to those questions will become apparent as this lawsuit progresses, whether she is a party to it or not.  Because nothing that happens in this lawsuit will impact her ability to run for the school board, she does not have a stake in the suit that goes beyond a generalized preference that the case turn out a certain way (*i.e.* in favor of the at-large voting system).

To establish that an interest may be impaired or impeded by the case, the Applicant must show that her interest may be impaired by an unfavorable disposition of the case.  The Applicant must show practical impairment of her interest, not just that she will be bound by the disposition of the case.  *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).  Here, Applicant alleges that she wishes to run for the school board – but again, her ability to do so will not be impacted by a decision in this case.  She will be able to run, regardless of whether the District still has its current at-large system, or whether the Court were to order the District to adopt some form of single-member district.  As such,

---

this case is similar to *Lance v. Coffman*, 549 U.S. 437, 127 S. Ct. 1194 (2007), where the Court found that plaintiffs lacked standing to assert that the Elections Clause of the Constitution required the state of Colorado to use congressional districts drawn by the state legislature, rather than those drawn by a state court, to elect members of the U.S. House of Representatives. *Id.* at 438. The Court held that the plaintiffs lacked standing because they asserted only an "undifferentiated, generalized grievance about the conduct of government ...." *Id.* at 442. The plaintiffs had not been deprived of the right to vote for any office; they each had a right to vote for one member of the U.S. House of Representatives in a single-member district, and the only thing at stake in *Lance* was whether they would vote in districts drawn by the state legislature or by a state court. Likewise here, the Applicant will still be able to run for school board, and the only thing at stake is whether she runs in a single member district or at large.

To establish inadequate representation, the Applicant may satisfy this requirement by showing the following factors:

(a) A present party will not make all of the applicant's arguments because its interest in the suit is different from the applicant's interest;
(b) The present party is either not capable or not willing to make the arguments;
(c) The applicant would offer necessary elements to the proceedings that other parties would neglect;
(d) There is collusion between the representative and an opposing party;
(e) The representative has an interest adverse to the applicant;
(f) The representative did not fulfill its duty to represent the applicant's interest.

As the Fifth Circuit noted in *Texas v. United States*, 805 F.3d 653, 661–62 (5th Cir. 2015), "[a]lthough we have characterized the intervenor's burden as 'minimal,' it cannot be treated as so minimal as to write the requirement completely out of the rule." *Id.* at 661 (internal citations omitted). The Court therefore created two presumptions, both of which are applicable here:

> Accordingly, our jurisprudence has created two presumptions of adequate representation that intervenors must overcome in appropriate cases. One presumption arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. Another presumption arises when the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]. If the "same ultimate objective" presumption applies, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption. Similarly, if the government-

representative presumption applies, the intervenor must show that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it].

*Id.* at 662 (internal citations and quotations omitted).

Here, since the government-representative presumption applies, the Applicant must show that her interest is in fact different from that of the board of trustees, and that the interest will not be represented by them. But the Applicant and the Defendants seek the same relief and have the same ultimate objective: the defense of the District's current at-large system. Any suggestion that the Defendants are inadequate to protect the Applicant's interests, or that there is collusion or nonfeasance on the part of the Defendants, is purely speculative. She suggests that "SBISD is, at the end of the day, an inherently biased political body, and are susceptible to the temptation to use this lawsuit as 'judicial cover' to permanently impose their personal preferences on district governance" (Motion, p. 5) – but there are no facts allege to suggest that this "temptation" has been acted on. And if "government officials might be tempted" to do wrong is the correct standard, then wouldn't everyone have standing to intervene in virtually any lawsuit involving the government?

Likewise, any suggestion that a consensus remedial plan that might be submitted by the parties in a settlement context would involve "political gerrymandering" (Motion, p. 4) ignores that the Court would presumably be involved in any consent decree. And while Applicant suggests that Defendants must not actually intend to vigorously defend the current method of at-large elections for the SBISD Trustees because the Defendants' Answer does not assert any affirmative defenses, the Defendants cannot see how Applicant believes that this Court lacks subject matter jurisdiction or was filed in an improper venue (her first two proposed affirmative defenses, *see* Proposed Answer, ¶¶ 89-90), and Applicant fails to explain how she thinks the Complaint "fails to state a claim upon which relief may be granted" (her third proposed affirmative defense). *Id.* at ¶ 91.

---

Applicant claims that "[w]hile the Defendants in this case may commit their time, energy and resources to this dispute – the Applicant, as well as the other residents, taxpayers, voters and parents living within the SBISD footprint are the ones who will have to live with the consequences of the Court's and the existing Parties' actions for the foreseeable future." (Motion, p. 14.)   But the Defendants, as school board trustees, are by definition "residents, taxpayers, voters" and "parents" (or at least parents of former students) living within the SBISD boundaries.  So how is the Applicant, as a resident/taxpayer/voter/parent, any better able to defend the District's voting system then the seven residents/taxpayers/voters/parents who the public elected to represent the whole school district?

Applicant's motion to intervene as a matter of right under Rule 24(a)(2) should be denied.

**<u>Permissive Intervention.</u>**   To intervene permissively under Rule 24(b), an applicant must show that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights.  In most cases, permissive intervention requires the applicant to plead and prove and independent ground for jurisdiction.  The applicant must show that the motion to intervene was timely and should allege at least one of the following reasons why the court should permit the intervention:

(a) A federal statutes gives the applicant a conditional right to intervene;
(b) The applicant's claims or defenses shares common questions of law or fact with the main suit;
(c) A party's claim or defense in the main suit is based on (1) a statute or executive order or (2) any regulation, order, requirement, or agreement issued or made under the status or executive order; thus, the officer or agency responsible for administering the statute or executive order may be permitted to intervene.

However, "[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dep't of Health and Rehabilitative Servs.,* 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C Charles A. Wright, et al., Federal Practice and Procedure § 1913, at 376–77 (2d ed. 1986)); *see also Davis v. Butts*, 290 F.3d 1297, 1299–300 (11th Cir. 2002).

Here, permissive intervention should be denied for largely the same reasons as the mandatory intervention. But the Defendants also urge the Court to consider the undue delay and prejudice that may occur if the intervention takes place.  With all due respect to the Applicant, the Defendants do not know what her motives or goals may ultimately be, or what impact her presence in the lawsuit may have on the costs of discovery, trial and appeal that must ultimately be borne by the taxpayer.  At the end of the day, what makes Applicant – an unelected "stranger" to these issues – a better person to protect the at-large voting system of the District than the seven persons, acting as a body corporate, that the voters of Spring Branch ISD elected to protect the interests of the students, parents and employees of the District?

In short, allowing Applicant to intervene here will delay the issues for purposes of this case, while adding nothing to the defense of the District's at-large voting system. The permissive Motion to Intervene under Rule 24(b) should be denied.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:   /s/ Christopher B. Gilbert
    Christopher B. Gilbert
    State Bar No. 00787535
    cgilbert@thompsonhorton.com
    Stephanie A. Hamm
    State Bar No. 24069841
    shamm@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile:  (713) 583-8884

**ATTORNEYS FOR THE DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2021, a true and correct copy of the foregoing document was served on all counsel and pro se parties of record via the Court's CM/ECF system, as follows:

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
babrams@blankrome.com
***Attorneys for the Plaintiff***

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
martin.golando@gmail.com
***Attorneys for the Plaintiff***

Andy Taylor
Andy Taylor & Associates, P.C.
2628 Highway 36S, #288
Brenham, Texas 77833
ataylor@andytaylorlaw.com
***Attorneys for Applicant Jenny Morace***


By:   /s/ Christopher B. Gilbert
      Christopher B. Gilbert