IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-01997 |
| | § | |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE TO APPLICANT'S MOTION
TO INTERVENE AS DEFENDANT**

Plaintiff Virginia Elizondo ("Plaintiff") responds to Applicant's Motion to Intervene as Defendant, and would respectfully show the Court:

**I.
NATURE OF THE CASE**

- This suit is brought under the Voting Rights Act to challenge the "at-large" election system used by Spring Branch ISD ("SBISD") to elect its Trustees.

- SBISD is a minority-majority district, with greater than 50% of the population comprised of Latino or Hispanic and African-American residents.

- The same is even more true of the student population in SBISD, which is overwhelmingly majority-minority. For example, 58% of the students are Latino or Hispanic.

- Plaintiff contends that SBISD's current at-large system for electing its school board trustees violates the Voting Rights Act, because: (i) the Latino or Hispanic voting age population in SBISD is sufficiently large and geographically compact to constitute a majority of the voting-age population in one or more single member districts under an illustrative seven-district plan; (ii) voting in SBISD school board elections is racially-polarized; (iii) Latinos are politically cohesive in SBISD school board trustee elections and vote as a block for Latino-preferred candidates; (iv) White Non-Hispanics vote sufficiently as a bloc to enable them, in the absence of special circumstances (e.g., single-member districts), to defeat the minority voters' preferred candidates of choice; and (v) under the totality of the circumstances, the current at-large method of electing the SBISD board of trustees results in the District's Latino and minority citizens having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

- Plaintiff's challenge will either be resolved by the Court following the trial on the merits or by the SBISD board, were it voluntarily to adopt an acceptable alternative plan for electing school board trustees that will afford its minority citizens the opportunity to elect representatives of their choice to the school board.

- The next uniform election date for the school board trustees is May 7, 2022 ("the May 2022 Election").

- Plaintiff contends that the May 2022 Election should not proceed under the current, illegal, at-large electoral plan

- Plaintiff proposes that the case be prepared and tried on an expedited basis before May 2022, and that the Court either order that SBISD implement an alternative plan for electing school board trustees in May 2022 utilizing single member districts, or that the Court postpone trustee elections until a single member district plan can be implemented.

- If the Court cannot schedule the trial before the May 2022 Election, Plaintiff intends to seek preliminary injunctive relief enjoining the May 2022 election as violative of the Voting Rights Act, pending the trial on the merits

## II.
### APPLICANT'S STATED POSITION

Applicant represents that she is an aspiring candidate for election to the SBISD school board with a significant interest in learning whether the existing at-large electoral system will be changed and, if so, how that would affect her potential candidacy. For that reason, one might assume that Applicant, like Plaintiff, has a common interest in the prompt resolution of this case and, should the Court conclude that SBISD's current electoral system is illegal, the prompt implementation of an electoral system that affords Plaintiff and other similarly-situated minority voters in SBISD the opportunity to elect representatives of their choice. But that does not appear to be the case.

In addition to leveling multiple inflammatory and unsubstantiated charges against the current SBISD school board trustees (*e.g.*, alleging that its current board is "an inherently biased political body," that incumbent trustees are "riddled with personal bias," and find themselves confronting "emotionally and politically charge issues"), Applicant attacks the current trustees for

2

having participated in properly-called executive sessions to discuss whether SBISD's electoral system complies with the applicable laws. If Applicant's claim that her interests are not adequately protected by the current SBISD board was the primary basis for her desire to intervene, the Court could simply determine whether her intervention is necessary or appropriate to assure that the legality of SBISD's electoral system will be fairly and vigorously litigated within the bounds of the law.[1]

But Applicant has another agenda that contradicts her purported desire to learn whether the existing at-large electoral system will be changed and, if so, how that would affect her potential candidacy. Applicant has indicated through her counsel that she sees no need for a speedy resolution of the issues now before this Court.[2] Instead, Applicant has made known her interest in delaying resolution of this case past the May 2022 Election, and implied that if the Court determines that the current SBISD electoral system is illegal, she would seek to block implementation of the system required by law, during the pendency of any appeal.

* * *

Applicant's intervention is not necessary to adjudicate Applicant's claimed interest (which appears aligned with those of the duly-elected public officials charged with the legal responsibility to defend the case on behalf of SBISD). Plaintiff objects to the proposed intervention to the extent that it appears designed to delay, obstruct and prolong the prompt and expeditious resolution of this case, which Plaintiff has filed to assure that SBISD school board trustee elections comply with all applicable laws and that SBISD affords all of its citizens the opportunity to elect representatives of their choice.

---

[1] As aptly stated in Defendants' Response in Opposition to Applicant's Motion to Intervene, Applicant has not demonstrated that her purported interests are not already adequately represented by the Defendants.
[2] Applicant's counsel was invited to attend and participate in the parties' Rule 26 conference, at which time he made known his opposition to Plaintiff's stated desire that the Court resolve the important issues in this case expeditiously and in advance of the May 2022 Election.

Respectfully submitted,

| | |
|---|---|
|    */s/ Barry Abrams*<br>Barry Abrams<br>State Bar No. 00822700<br>SD Tex. Bar No. 2138<br>BLANK ROME LLP<br>717 Texas Avenue, Suite 1400<br>Houston, Texas 77002<br>(713) 228-6606<br>(713) 228-6605 (fax)<br>babrams@blankrome.com | /s/ *Martin Golando*_____<br>The Law Office of Martin Golando, PLLC<br>Texas Bar No. 24059153<br>2326 W. Magnolia<br>San Antonio, Texas 78201<br>Office: (210) 471-1185<br>Fax: (210) 405-6772<br>Email: martin.golando@gmail.com<br>*Pro Hac Vice Pending* |

## **CERTIFICATE OF SERVICE**

      I certify that on September 21, 2021, I served a true and correct copy of the foregoing document on the following counsel, at the addresses and in the manner indicated below via the Court's electronic filing system:

Christopher B. Gilbert
cgilbert@thompsonhorton,com
Stephanie M. Hamm
shamm@thompsonhorton.com
Thompson & Horton LLP
3200 Southwest Freeway
Houston, Texas 77027
Phone:  (713) 554-6747
Fax: (713) 583-8884

Andy Taylor
ataylor@andytaylorlaw.com
Andy Taylor & Associates, P.C.
2628 Highway 36S, #288
Brenham, Texas 77833
Phone: (713) 222-1817
Fax: (713) 222-1855


           */s/   Barry Abrams*
              Barry Abrams