IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VIRGINIA ELIZONDO,** | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 4:21-cv-01997 |
| **SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED** | § § § § § § § § § § § § | |
| *Defendants* | § | |

### APPLICANT'S JOINT REPLY TO RESPONSES FILED BY PLAINTIFF AND DEFENDANTS TO APPLICANT'S MOTION TO INTERVENE AS DEFENDANT/ INTERVENOR

1. Applicant Intervenor Jenny Morace ("Applicant" or "Morace") hereby respectfully submits this Joint Reply to both Plaintiff's and Defendants' Response to Applicant's Motion to Intervene as Defendant-Intervenor and Incorporated Memorandum of Law and moves this Honorable Court for leave to intervene in this action as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2) or,

1

alternatively, in permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

2. On Monday, September 20, 2021, Applicant Morace and her undersigned attorney appeared before the Defendants' Board of Trustees during its regularly scheduled board meeting. During the public comments portion of the meeting, Applicant's attorney spoke and explained how Applicant Morace would support the legal position set forth in the Defendants' Answer to the Plaintiff's First Amended Complaint (e.g., vigorously defend the current at-large system of electing all seven Trustees), and would coordinate and cooperate with their counsel in an effort to help them win this case. In addition, almost two dozen SBISD residents appeared to request the Defendants to support the Applicant's Motion to Intervene. After consideration behind closed doors during executive session, the Defendants announced their intention to oppose the Intervention and rejected the assistance of either Applicant Morace or her attorney. Applicant Morace is disappointed by this development, particularly when her efforts are privately funded at no expense to SBISD taxpayers, and also because her counsel has subject matter expertise in redistricting matters which will benefit the Defendants' claimed interest in defending the current system of election.

3. Five (5) of the current seven (7) Trustees supported the failed candidacy of the Plaintiff during the last election. This fact, coupled with the new fact that the

Defendants oppose Applicant's entry into this case, should be a very strong indication that the Defendants do not, despite their protestations to the contrary, intend to vigorously defend their own current system of at-large elections. Otherwise, it makes no sense for why they would oppose free legal help from an aligned party who has substantial subject matter expertise on how to defend their position successfully.

4. The Plaintiff also filed her objection to Applicant Morace's proposed intervention. The only stated basis, however, seems to be limited to a concern that allowing Applicant's participation would lead to a delay in the timeline of the proceeding. Applicant finds that objection to be non-sensical. The Court will be the ultimate arbiter of the scheduling order, not the Applicant. And, if the Defendants actually do their job, then there should not be a delay in the proceedings caused by the Intervenor. Simply put, in order to try a redistricting case, there must be the drawing of demonstration maps which are supported not only by statistical and empirical election data (including, but not limited to, double bivariate regression analysis), but also by expert opinion and testimony. It takes time to develop this information and, once the Plaintiff discloses its maps and support, it takes even more time for the other side to hire its own experts, analyze the Plaintiff's demonstration maps, and then counter with its own analysis and/or proposed maps. Accordingly, if the evidentiary process is respected and done correctly, the timeline will result

from approaching this lawsuit in an orderly and scholarly fashion, not from a party trying to rush the process or vice-versa.

5.      Redistricting often arouses the suspicions of those most affected—the electorate.  Where, as here, the electorate are mostly parents with school age children, it is vitally important that the community feel that whatever result inevitably comes from this lawsuit, that result is free from collusion and instead is the byproduct of a trial based upon solid admissible evidence and supported by the law.  Only then can everyone involved have confidence in the outcome.  By allowing Applicant to intervene, the community at large will no longer have to worry about whether the current system for electing SBISD Board Trustees was vigorously defended, because it will be defended to the best of Intervenor's ability.  Anchored by the knowledge that the best defense was put forward, and no matter what the ultimate outcome might be, permitting Applicant's Intervention will create, rather than destroy, confidence in the process going forward.

## CONCLUSION

The Court should grant the Applicant's Motion to intervene as of right or, alternatively, to intervene permissibly, and grant her all the same rights and responsibilities as a party to the lawsuit, and grant leave to Defendant/Intervenor to file her own separate Original Answer to Plaintiff's First Amended Complaint.

Dated: September 24, 2021

Respectfully submitted,
BY: __/s/ *Andy Taylor*_____
Andy Taylor
State Bar No. 19727600
**ANDY TAYLOR & ASSOCIATES, P.C.**
2628 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1855 (facsimile)
ataylor@andytaylorlaw.com

**ATTORNEYS FOR JENNY MORACE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court's electronic filing system on September 24, 2021, and that a copy has been served upon all counsel of record identified below.

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
babrams@blankrome.com
Attorneys for Plaintiff

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
martin.golando@gmail.com
Attorneys for Plaintiff

Christopher B. Gilbert
cgilbert@thompsonhorton.com

Stephanie A. Hamm
shamm@thompsonhorton.com
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884
Attorneys for Defendants

                                                /s/ Andy Taylor
                                                Andy Taylor