United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO and JENNY MORACE, | § § § § § | |
| Plaintiffs, VS. | § § § | CIVIL ACTION NO. 4:21-CV-01997 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT and CHRIS GONZALEZ and PAM GOODSON, *et al*, | § § § § § § § § | |
| Defendants. | § | |

## ORDER ON APPLICANT'S MOTION TO INTERVENE

**I.**

Pending before the Court is the applicant's, Jenny Morace, motion to intervene as defendant-intervenor (DE 9). The plaintiff, Virginia Elizondo, has filed a response opposing the motion (DE 14), as have the defendants, Spring Branch Independent School District ("SBISD"), Chriz Gonzalez, Pam Goodson, Karen Peck, Joseph D. Klam, Minda Caesar, Chris Earnest, and J. Carter Breed (DE 13). The applicant has timely filed a reply (DE 15). After reviewing the parties' submissions and the applicable law, the Court determines that applicant's motion should be **DENIED**.

**II.**

The plaintiff is an SBISD resident, the parent of an SBISD student, and a previous candidate for the SBISD Board of Trustees (the "Board"). She has sued the SBISD and individual Board members (the "Members"), alleging that SBISD's "at-large" system for electing Members violates the federal Voting Rights Act. The plaintiff seeks to have the Court

enjoin the use of the current electoral system, which, she asserts, dilutes the voting strength of Latino and other non-white residents within SBISD and prevents them from electing representatives of their choice. The plaintiff seeks instead to have the Court implement an electoral system for the Board based on single-member districts.

The applicant, also an SBISD resident and the parent of an SBISD student, states that she is considering a candidacy for election to the SBISD Board and will, "in the coming weeks and months, determine the viability of her potential campaign."[1] The applicant, who publicly supports and seeks to defend the current at-large electoral system, requests the Court's permission to intervene in this lawsuit under Fed. R. Civ. P. 24(a)(2) and (b)(2). The plaintiff and the defendants oppose the applicant's intervention.

### III.

The applicant asserts that her motion is timely and that she has sufficient interests in the present lawsuit to warrant intervention under Rule 24(a). Among the applicant's stated interests are the following: determining whether to run for the Board; protecting the current at-large electoral system; ensuring that any single-member districts are not drawn based on impermissible criteria; and preserving electoral opportunities for politically conservative female candidates. She also contends that the present defendants will not adequately represent the foregoing interests, due to political pressure created by this lawsuit and because current Board members may decide that a single-district system will assist their own re-election. Alternatively, the applicant asks the Court to grant permissive intervention under Rule 24(b).

---

[1] The applicant states that the Board elections begin in May 2022. The Court takes judicial notice of the fact that the SBISD Board of Trustees elections will take place on May 7, 2022, and the candidate filing period takes place from January 19 to February 18, 2022. Spring Branch Independent School District, *2022 Elections*, https://www.springbranchisd.com/about/board-of-trustees/elections/current-elections. *See also* Fed. R. Evid. 201(b).

The defendants respond that the applicant's stake in this suit is simply a generalized preference for a certain outcome and, thus, insufficient to warrant intervention. They also assert that she will be able to run for a Board seat, regardless of the suit's outcome. Additionally, the defendants contend that the applicant cannot overcome the presumption that the defendants, as her government representatives, will adequately represent her interests in this suit. Finally, the defendants argue that permissive joinder is unwarranted. For its part, the plaintiff reiterates the defendants' contentions and further asserts that the proposed intervention is intended to delay expeditious resolution of this lawsuit.

## IV.

An applicant for intervention under Rule 24(a) must satisfy four requirements: (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect her interest; and (4) none of the existing parties to the suit adequately represent the applicant's interest. Fed. R. Civ. P. 24(a).

The parties do not dispute that the applicant's motion is timely. The Court is of the opinion, however, that even assuming the applicant satisfies the second and third requirements, she has not shown that the defendants will fail to adequately represent her interests. Significantly, where a party to the lawsuit "is a government body or officer charged by law with representing the interests of the absentee," there is a presumption that the applicant's interest will be adequately represented. *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). The defendants—SBISD and the individual Board members—are the applicant's government representatives.

The applicant suggests that "there appears to be a lack of political resolve on the part of the current Board Trustees to vigorously defend the current at-large system," but she does not

offer concrete facts to support this assertion. To the contrary, in their original answer (DE 8), the defendants deny the plaintiff's allegations of Voting Rights Act violations and request that the plaintiff's suit be dismissed with prejudice. Further, the applicant has not specified any legitimate basis for an affirmative defense or Rule 12 motion that the defendants supposedly should have asserted at this stage. Because the applicant has not met her burden under Rule 24(a), she is not entitled to intervention as of right. *Hopwood v. Texas*, 21 F.3d 603 (5th Cir. 1994).

The applicant also requests permissive intervention under Rule 24(b). "Permissive intervention is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Assoc.*, 806 F.2d 1285, 1289 (5th Cir. 1987) (internal citations omitted). Among the facts the Court should consider are whether intervention would cause undue delay or prejudice and whether the existing parties fail to adequately represent the applicant's interests. Because there is no reason, at this stage, to conclude that the defendants will inadequately represent the applicant's interests, the Court denies the applicant's request for permissive joinder under Rule 24(b).

## V.

Based on the foregoing analysis and discussion, the Court determines that the applicant's, Jenny Morace, motion to intervene as defendant-intervenor should be, and is hereby, DENIED.

It is so **ORDERED**.

SIGNED on this 30th day of September, 2021.

_____
Kenneth M. Hoyt
United States District Judge