**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| VIRGINIA ELIZONDO,<br>    *Plaintiff*,<br><br>v.<br><br>SPRING BRANCH INDEPENDENT<br>SCHOOL DISTRICT, *ET AL.*,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:21-CV-01997<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The parties conferred by video conference on September 8, 2021 and by email thereafter. Counsel participating were Barry Abrams and Martin Golando for Plaintiff Virginia Elizondo, Christopher B. Gilbert and Lisa McBride for Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. <u>Briefly</u> describe what this case is about.

    This suit is brought under the Voting Rights Act and challenges the "at-large" election system used by Spring Branch ISD to elect its Trustees.

4. Specify the allegation of federal jurisdiction.

    The Court has jurisdiction over this action under 28 U.S.C. §§1331, 1343(a)(3) & (4) and 42 U.S.C. §§ 1983, 1988.

5. Name the parties who disagree and the reasons.

    Plaintiff and Defendants agree that the Court has jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None anticipated at this time.

7. List anticipated interventions.

   None currently anticipated.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties shall exchange their Rule 26(a) disclosures by November 1, 2021.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;

       **(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

       The parties will exchange Rule 26(a) initial disclosures by November 1, 2021.

       **(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

       The parties agree that discovery will be necessary on the following issues, among others:

       - The factors identified in *Thornberg v. Gingles*, 478 U.S. 30, 50-51, 79 (1986)(*i.e.*, whether a minority group is: (1) sufficiently large and geographically compact to constitute a majority in a single-member district; (2) politically cohesive; and (3) the white majority votes sufficiently as a bloc to enable it – in the absence of special circumstances – usually to defeat the minority's preferred candidate).
       - The non-exhaustive factors in the Senate Judiciary Committee Report accompanying the 1982 amendments to the Voting Rights Act, which include: (1) the extent of any history of official discrimination in the state or political subdivision that touched the right of the members of a minority group to register, to vote, or otherwise to participate in the democratic process; (2) the extent to which voting in the elections of the state or political subdivision is racially polarized; (3) the extent to which the state or political subdivision has used unusually large election districts, majority vote requirements, anti-single shot

provisions, or other voting practices or procedures that may enhance the opportunity for discrimination against the minority group; (4) if there is a candidate slating process, whether the members of the minority group have been denied access to that process; (5) the extent to which members of the minority group in the state or political subdivision bear the effects of discrimination in such areas as education, employment and health, which hinder their ability to participate effectively in the political process; (6) whether political campaigns have been characterized by overt or subtle racial appeals; and (7) the extent to which members of the minority group have been elected to public office in the jurisdiction. S. Rep. No. 97-417, at 28-29 (1982).

The parties propose that discovery conclude by March 31, 2022.

**(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that they will initially produce documents in searchable, .pdf format, with the understanding that each may thereafter designate specific documents that they want produced in native format with all metadata, and such will be produced within seven business days' of receipt of any such request. If a party requests that a large number of documents be re-produced in native format, the other party, at its discretion, may thereafter choose to produce all documents in native format. There is also an exception to this general agreement: if either party has any documents to produce that cannot be converted to a searchable .pdf format without losing data (such as Excel spreadsheets with mathematical formulae), such will be initially produced in native format.

**(4) Any issues relating to claims of privilege or of protection as trial-protection material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

The parties agree that if privileged documents are inadvertently produced, upon identification of the privileged document by counsel for the producing party, the opposing counsel will return the document post-haste without copying or transmitting the document to others.

**(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties agree that discovery requests and responses may be served electronically, by email or file-sharing sites.

        **(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

        None.

B.    When and to whom the plaintiff anticipates it may send interrogatories;

Plaintiff anticipates serving written discovery before the close of discovery pursuant to the federal rules.

C.    When and to whom the defendants anticipate they may send interrogatories;

Defendants anticipate serving written discovery before the close of discovery pursuant to the federal rules.

D.    Of whom and by when the plaintiff anticipates taking oral depositions;

Plaintiff may take depositions of all persons listed by Defendants as having knowledge of relevant facts, including Defendants' corporate representative(s), one or more of the SBISD trustees, SBISD's school superintendent, various former SBISD trustees and school superintendents. Plaintiff also may depose Defendants' experts. Plaintiff reserves the right to take any additional depositions necessary. Plaintiff anticipates deposition discovery should be accomplished before March 31, 2022.

E.    Of whom and by when the defendants anticipate taking oral depositions;

Defendants may take depositions of all persons listed by the Plaintiff as having knowledge of relevant facts, including the Plaintiff herself. Defendants also may depose Plaintiff's experts. Defendants reserve the right to take any additional depositions necessary. Defendants anticipate deposition discovery should be accomplished before March 31, 2022.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate experts and provide any applicable reports by November 30, 2021.Plaintiff will designate rebuttal experts and provide the reports required by Rule 26(a)(2)(D)(ii) no later than 30 days after Defendant's expert disclosure.

Defendants will designate experts and provide any applicable reports by December 30, 2021. Defendants will designate rebuttal experts and provide the reports required by Rule 26(a)(2)(D)(ii) no later than 30 days after Plaintiff's expert disclosure.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates taking the deposition of all experts designated by Defendants before the deadline imposed by the Court.

      H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

            Defendants anticipate taking the deposition of all experts designated by Plaintiff before the deadline imposed by the Court.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree to the discovery plan in this Joint Report.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

SBISD produced certain election data concerning SBISD trustee elections during the period from 2011-21, prior to making its initial disclosures.

13.    State the date the planned discovery can reasonably be completed.

March 31, 2022.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties' position is that it is unlikely that a prompt settlement of the case will occur.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff's counsel offered to schedule a meeting to confer informally about the potential for a prompt resolution but no such meeting occurred.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

The parties agree that alternative resolution activities are not likely to be fruitful but may revisit the issue after expert reports have been exchanged.

17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to proceed before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

No jury demand has been made.

19.    Specify the number of hours it will take to present the evidence in this case.

The parties currently estimate that 28-30 hours of evidence will be presented in the case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    - Plaintiff is challenging the at-large system SBISD utilizes to elect trustees to its school board. That challenge will either be resolved by the Court following the trial on the merits or the SBISD board, were it voluntarily to adopt an acceptable alternative plan for electing school board trustees.
    - The next uniform election date for the school board trustees is May 7, 2022.
    - Plaintiff proposes that the case be prepared and tried on an expedited basis before May 2022, and that the Court order that SBISD implement an alternative plan for electing school board trustees in May 2022 utilizing single member districts, or Court postpone trustee elections until a single member district plan can be implemented.
    - In the event the Court's schedule does not permit the trial on the merits to occur before the May 2022 election, Plaintiff intends to seek preliminary injunctive relief enjoining the May 2022 election as violative of the Voting Rights Act, pending trial on the merits.
    - Defendants do not agree to Plaintiff's proposal for expedited consideration of the Voting Rights Act issues in the case.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiff and Defendants filed their Disclosure of Interested Parties on July 6, 2021.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Listed in signature blocks below.

|  |  |
|---|---|
| /s/ Barry Abrams<br>Barry Abrams<br>State Bar No. 00822700<br>SD Tex. Bar No. 2138<br>BLANK ROME LLP<br>717 Texas Avenue, Suite 1400<br>Houston, Texas 77002<br>(713) 228-6606<br>(713) 228-6605 (fax)<br>barry.abrams@blankrome.com<br><br>**COUNSEL FOR PLAINTIFF** | /s/ Martin Golando<br>The Law Office of Martin Golando, PLLC<br>Texas Bar No. 24059153<br>2326 W. Magnolia<br>San Antonio, Texas 78201<br>(210) 471-1185<br>(210) 405-6772 (fax)<br>martin.golando@gmail.com<br><br>Date: October 15, 2021 |

**/s/** Christopher B. Gilbert
Christopher B. Gilbert
State Bar No. 00787535
cgilbert@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
shamm@thompsonhorton.com
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**COUNSEL FOR DEFENDANTS**                    Date: October 15, 2021