## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **VIRGINIA ELIZONDO,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No.  4:21-cv-01997** |
| | § | |
| **SPRING BRANCH** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT, CHRIS** | § | |
| **GONZALEZ, PAM GOODSON,** | § | |
| **KAREN PECK, JOSEF D.** | § | |
| **KLAM, MINDA CAESAR,** | § | |
| **CHRIS EARNEST,** | § | |
| **J. CARTER BREED** | § | |
| | § | |
| | § | |
| *Defendants* | § | |

## APPLICANT JENNY MORACE'S MOTION TO PARTICIPATE AS A NON-PARTY AMICUS CURIAE

1.     Applicant Jenny Morace ("Applicant" or "Movant" or "Morace") hereby respectfully submits this Motion to Participate as a Non-Party Amicus Curiae in this litigation, and requests permission from the Court to participate as a non-party for the purpose of staying informed on the details of this lawsuit beyond that of a mere member of the public and, once the Court is asked by the parties to make a

merits determination, to be permitted to file an amicus curiae brief on such matters as an amicus curiae, for the Court's consideration.

2.      As the Court is aware, Applicant previously requested intervention as a party Defendant.  All parties objected, and this Honorable Court denied Applicant's Motion.  Applicant's current Motion recognizes that the Court has already refused to permit her to participate as a party, at least for now.  Thus, Applicant is not asking for party status in this case.

3.      Having said that, the underlying premises for Applicant's original Motion to Intervene, e.g., the pressure to engage in inadequate representation given the political climate for fighting against the creation of single member districts, coupled with the chilling effect towards making certain defensive arguments because the Defendants are elected officials and do not want legal defenses to cost them votes, remain.  And, even if the Defendants appear on the surface to be vigorously defending the current, at-large, system of school district trustee elections, it would be in the public's best interest to following the old adage of "trust, but verify." Accordingly, Movant would like to be in a position to know what is going on in this case at a level which is more entailed than simply pulling documents off of Pacer, as any member of the general public may do.  More specifically, Movant would like to be allowed to listen in on any court calls, and be added as a cc recipient for any communication that occur by and between the parties, including those

communications and discovery requests and responses which are not publicly filed, unless, of course, such communications are of a confidential settlement nature otherwise protected by the federal rules of civil procedure and/or evidence. Movant would also ask for the right to attend depositions as a silent observer. As stated above, Movant understands that neither she nor her undersigned attorney would be permitted to say or do anything or take any position in writing during the progress of this case, but instead, since she is a non-party, must remain silent and passive. Ultimately, Movant requests permission to file a legal brief on the merits, if and when that time comes.

4.      Applicant Morace is a long-time resident, faithful taxpayer, active registered voter, and concerned parent who lives with the political boundaries of the Spring Branch Independent School District ("SBISD"). Her neighborhood is zoned for Housman Elementary, which has a significant Hispanic student population. In addition, Applicant Morace is an aspiring candidate for election to the SBISD Board of Trustees. The next uniform election date for SBISD Trustee elections is scheduled in May of 2022, and the candidate filing period commences in January of 2022.

5.      Applicant Morace suggests that permitting her to participate as a non-party amicus curiae will provide her with real-time, substantive information, the effect of which will be to enhance her ability to write a cogent and meaningful merits brief for the Court's consideration, should such a brief become necessary. Further,

Movant's participation will not have the adverse effect of causing a delay of any of the proceedings, but will have the positive effect of casting sunshine on the progress of the litigation so that the general public can feel comfortable that whatever outcome is based strictly on an application of the law to the facts of the case.

6.      As was set forth is detail in Movant's previous Motion to Intervene, Applicant Morace has a substantial legal interest in the subject matter of the action because it raises issues of concern to her and for which she has "skin in the game." As a longtime resident, voter, taxpayer, and parent of a children attending school there, Applicant has an interest in how the SBISD Board of Trustee members are elected, and whether all current members will be accountable to her and the other voters living in the SBISD at-large boundaries, or whether only one or more elected Trustees can be voted in or out of their elected positions by her and others living nearby.

## CERTIFICATE OF CONFERENCE

7.      Pursuant to Local Rule 7.1(D), counsel for the Applicant conferred with counsel for all other parties via email on October 18, 2021 concerning the Applicant's Motion. Counsel for Plaintiff did not respond by the time of this filing. Counsel for the Defendants did respond, but noted that both he and his clients will need some time to consider whether they are opposed/unopposed to this Motion.  In reply, Applicant set forth what she would request permission to do.  Today, counsel

for the Defendants have indicated that they do not have any objection to Movant being granted the right to file an amicus brief in the future, but objects to any relief beyond the right to file a brief at the appropriate time.  Accordingly, Movant will list the parties in this case as opposed.

## CONCLUSION

The Court should grant the Applicant's Motion to participate as a non-party amicus curiae.

Dated: September 22, 2021

<div style="margin-left:40%;">

Respectfully submitted,
BY:  _/s/ Andy Taylor_____
Andy Taylor
State Bar No. 19727600
**ANDY TAYLOR & ASSOCIATES, P.C.**
2628 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1855 (facsimile)
ataylor@andytaylorlaw.com

**ATTORNEYS FOR JENNY MORACE**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court's electronic filing system on September 22, 2021, and that a copy has been served upon all counsel of record identified below.

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002

(713) 228-6606
(713) 228-6605 (fax)
babrams@blankrome.com
Attorneys for Plaintiff

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
martin.golando@gmail.com
Attorneys for Plaintiff

Christopher B. Gilbert
cgilbert@thompsonhorton.com
Stephanie A. Hamm
shamm@thompsonhorton.com
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884
Attorneys for Defendants

                                    /s/ Andy Taylor
                                    Andy Taylor