IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, § § | | |
| *Plaintiff*, § § | | |
| vs. § | Civil Action No. 4:21-cv-01997 | |
| § | | |
| SPRING BRANCH INDEPENDENT § SCHOOL DISTRICT, CHRIS GONZALEZ, § PAM GOODSON, KAREN PECK, JOSEF D. § KLAM, MINDA CAESAR, CHRIS § EARNEST, J. CARTER BREED, in their § official capacity as members of the Board of § Trustees of Spring Branch ISD § § | | |
| *Defendants*. § | | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
APPLICANT JENNY MORACE'S MOTION TO PARTICIPATE AS A NON-PARTY
AMICUS CURIAE**

TO THE HONORABLE JUDGE OF THE COURT:

Apparently dissatisfied with this Court's denial of her motion to intervene in this lawsuit (*see* Doc. No. 17), Applicant Jenny Morace ("Applicant") now seeks permission to "participate" in this case as a "Non-Party Amicus Curiae."  Because the current "Amicus Motion" is little more than a thinly-disguised repeat of her denied Motion to Intervene, the Court should deny this Motion, for the same reasons.

1. As a threshold matter, it is a little unclear from the Amicus Motion exactly what Applicant thinks she would be able to do in this litigation as a "Non-Party Amicus Curiae." Defendants were curious about that, too, so as Applicant notes in her Motion, counsel for the Defendants reached out to her attorney to inquire what he envisioned his client's role to be. The response was:

> As a courtesy, I would like to be copied by the lawyers on filings, discovery requests and responses (whether filed or not), non-privileged email communications, and be

---

> made aware of hearings, etc., rather than having to constantly monitor Pacer. I would not be empowered to do anything except read the material and simply be informed of what's going on. If the Court will permit, I would like to be permitted to dial-in to any hearings or status conferences that are to be conducted by phone. Obviously, if the hearing or status conferences are in the courtroom, I would like to attend just like any other member of the public. I would also like to watch the proceedings, as well as attend depositions. But I will not have the right to say anything, file anything, object to anything, or be heard on anything. Eventually I would intend to file a brief on whether the Plaintiff's demonstrative map is required by the VRA, as well as why the current system of election is legal and proper.

(*See* Exhibit A.) Counsel for the Defendants responded that the Defendants do not have any objections to the Applicant filing an amicus brief – the traditional role of an amicus[1] -- at the appropriate time.

      2.      However, most of the rest of what Applicant suggests that the parties should be required to do goes significantly beyond the traditional role of an "amicus" in a lawsuit – and in some cases, is more than even a party to the lawsuit would be entitled to. For example, counsel for the Applicant wants to be "copied by the lawyers on … non-privileged email communications…." (Ex. A.) In the Amicus Motion, Applicant states that she wants her attorney to "be added as a cc recipient for any communication that occur by and between the parties, including those communications and discovery requests and responses which are not publicly filed…." But in a multi-party case, counsel for the parties are not required to copy every single attorney on every single email communication about the case. There are many legitimate reasons why two attorneys on a case might communicate without copying everyone else.

      3.      In the Amicus Motion, counsel for the Applicant states that he doesn't need to be copied on emails if "such communications are of a confidential settlement nature otherwise protected by the federal rules of civil procedure and/or evidence." (*See also* Ex. A ("…*non-privileged* email communications…") emphasis added.) But that raises another issue: who gets to decide when an

---

[1] It is worth noting that the only federal rule regarding the powers of an amicus curiae is in the Federal Rules of *Appellate* Procedure (not the Federal Rules of Civil Procedure), and only addresses amicus briefs filed in the Courts of Appeal. *See* FED. R. APP. P. 29.

email is "non-privileged," or a settlement communication "otherwise protected by the federal rules of civil procedure and/or evidence"? Is this case going to devolve into counsel for the Applicant finding out about emails that he was not copied on that he thinks are "non-privileged," and then complaining to the Court (or even going so far as to file a motion to compel)? Cases under the Voting Rights Act are complicated and politically charged enough, without adding a layer of complexity that is not required by either the Voting Rights Act or the Federal Rules of Civil Procedure.

4. There are also some things that counsel for the Applicant requests that he can already do: he states that "if the hearing or status conferences are in the courtroom, I would like to attend just like any other member of the public." (Ex. A.) But Applicant and her attorney can already do that (as counsel even admits); she does not need to be designated a "Non-Party Amicus Curiae" to attend most hearings in the courtroom. Likewise, counsel for the Applicant states that he wants his client to be a "Non-Party Amicus Curiae" so that the parties will copy him on filings, etc., "rather than having to constantly monitor Pacer." (Ex. A.) But counsel for the Applicant is already on the PACER docket, due to his previous and current motions. He already gets automated PACER notices, just like the attorneys for the Plaintiff and Defendants do. And it is a poorly-kept secret among federal litigators that once an attorney gets entered on a PACER docket for a case, it is very difficult to remove them from that docket. The denial of the Motion to Intervene did not appear to remove counsel for the Applicant from the PACER docket, and Defendants doubt that the denial of the Amicus Motion will remove him, either. But for the record, counsel for the Defendants is fine with the clerk's office leaving counsel for the Applicant on the PACER docket for this case, so he can continue to receive automated notices of filings by the parties and entries by the Court.

5. Applicant offers no legal authority in her Amicus Motion to support her expansive view of what a "Non-Party Amicus Curiae" should be allowed to do in a case. Applicant argues that she should be given permission to "participate" in this case as a "Non-Party Amicus Curiae," for basically the exact same reasons as she asserted in her Motion to Intervene (the two motions are largely

similar). At the end of the day, her main argument is that she just doesn't trust the Defendants to "vigorously defend[] the current, at-large, system of school district trustee elections…" (Amicus Motion, p. 2), which is exactly the same argument that she made in her Motion to Intervene. (*See* Doc. No. 9, p. 10 ("Applicant avers that there appears to be a lack of political resolve on the part of the current Board Trustees to vigorously defend the current at-large system….").) But as the Defendants noted in their Response to the Motion to Intervene, the Fifth Circuit has created two presumptions, both of which are applicable here:

> Accordingly, our jurisprudence has created two presumptions of adequate representation that intervenors must overcome in appropriate cases. One presumption arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. Another presumption arises when the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]. If the "same ultimate objective" presumption applies, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption. Similarly, if the government-representative presumption applies, the intervenor must show that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it].

*Texas v. United States*, 805 F.3d 653, 661–62 (5th Cir. 2015) (internal citations and quotations omitted). These presumptions were instrumental in the Court denying the Motion to Intervene (*see* Doc. No. 17, p. 3), and Defendants believe that they equally require that the Court deny Applicant's expanded and legally-unsupported "Non-Party Amicus Curiae" status.

6. In short, granting Applicant's Amicus Motion would give her a status in this case that is not required by either the Voting Rights Act or the Rules of Civil Procedure, could potentially create new and unnecessary issues about whether the parties are properly complying with Applicant's vague "Non-Party Amicus Curiae" status, and would certainly complicate this litigation. While Defendants are not opposed to Applicant filing a traditional amicus brief at the appropriate time, and they have no objection to her attorney remaining on the PACER docket, Defendants respectfully request that the Court otherwise deny her Motion to Participate as a Non-Party Amicus Curiae.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:   /s/ Christopher B. Gilbert
   Christopher B. Gilbert
   State Bar No. 00787535
   cgilbert@thompsonhorton.com
   Stephanie A. Hamm
   State Bar No. 24069841
   shamm@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, a true and correct copy of the foregoing document was served on all counsel and pro se parties of record via the Court's CM/ECF system, as follows:

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
babrams@blankrome.com
**Attorneys for the Plaintiff**

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
martin.golando@gmail.com
**Attorneys for the Plaintiff**

Andy Taylor
Andy Taylor & Associates, P.C.
2628 Highway 36S, #288
Brenham, Texas 77833
ataylor@andytaylorlaw.com
**Attorneys for Applicant Jenny Morace**

By: /s/ Christopher B. Gilbert
Christopher B. Gilbert