IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VIRGINIA ELIZONDO,** § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 4:21-cv-01997 |
| § | |
| **SPRING BRANCH** § | |
| **INDEPENDENT SCHOOL** § | |
| **DISTRICT, CHRIS** § | |
| **GONZALEZ, PAM GOODSON,** § | |
| **KAREN PECK, JOSEF D.** § | |
| **KLAM, MINDA CAESAR,** § | |
| **CHRIS EARNEST,** § | |
| **J. CARTER BREED** § | |
| § | |
| *Defendants* § | |

### AMICUS CURIAE JENNY MORACE'S NOTICE OF FILING

Amicus Curiae Jenny Morace ("Morace") hereby respectfully submits this Notice of Filing to Inform the Court and the Parties of several developments:

1. Another candidate for election to the SBISD Board of Trustees is a Hispanic named John Perez. As Relator, this candidate filed an Emergency Petition for Writ of Mandamus with the Texas Supreme Court this afternoon. Relator's case number is 22-0142, styled, In re Perez, should the Court wish to access the filing. Amicus Curiae will not attach the Mandamus Petition to this filing due to its length.

1

However, Amicus Curiae hereby quotes verbatim a certain paragraph contained within that filing, which states:

> Respondent Spring Branch ISD's tacit agreement to postpone the election constitutes a clear breach of its ministerial duty (and also constitutes a clear abuse of discretion) to administer and complete an ongoing election for which it is responsible. Under Section 3.004(3) of the Texas Election Code, Spring Branch ISD is the "governing authority" for an election of its own Board of Trustees. Pursuant to that statutory authority, Spring Branch ISD ordered an election to occur on May 7, 2022. Section 2.082 of the Texas Election Code provides that "[a]n authority that orders an election may cancel the election only if the power to cancel the election is specifically provided by statute." The Texas Legislature has narrowly confined such power to situations where a candidate is unopposed (see Section 2.052-2.053 and 2.056 of the Texas Election Code) or where a measure has become moot (see Section 2.081 of the Texas Election Code). Therefore, in the absence of specific legislative authorization, Respondent does not possess the authority to cancel the May 7, 2022 election. That being the case, Respondent's position with the federal court that it would have "no objection" amounts to a derogation of its duty to conduct such election to finality under the Texas Election Code.

In addition, Relator seeks Emergency Relief with the Texas Supreme Court as well. A copy of that Emergency Motion is attached hereto as Appendix B in its entirety.

2. The relief sought by Relator's Emergency Motion centers around the argument that the Defendants have a ministerial duty to administer and complete an election that is already ongoing. The Relator asks the Texas Supreme Court for the following relief:

i. Issue an immediate stay to prevent SBISD from abdicating its ministerial duty to administer and complete the May 7, 2022 election, coupled with

a directive that it may not permissibly fail to object to a potential cancellation and postponement of the election, so that Relator and the other candidates may continue to campaign, and so that any postponement of the May 7, 2022 election by the federal court will be limited to a situation where the court finds a violation or a potential violation of Section 2 of the Voting Rights Act and/or U.S. Constitution, rather than simply cancelling an election by virtue of the parties' agreement without regard to whether such a drastic and intrusive remedy is required by the Voting Rights Act.

    ii.    Upon consideration of the merits, issue an immediate writ of mandamus ordering and compelling Respondent to withdraw its agreement to cancel the May 7, 2022 election.

    3.    Finally, Amicus Curiae has received a copy of an expert report from the Defendants' expert, Dr. John Alford. The undersigned asked the attorneys for the Defendants several days ago to file and share this report with this Court, as it contains cogent reasons for why Plaintiff's Application for Preliminary Injunction should be denied. As of the filing of this Notice, no such filing has occurred. Accordingly, Amicus Curiae files this report and asks the Court to consider it when determining whether to grant or deny Plaintiff's Application for Temporary Injunction. See Appendix B.

    4.    Accordingly, Morace asks this Honorable Court to deny Plaintiff's Motion for Preliminary Injunction in its entirety. In addition, Morace asks this Court

not to delay the May 7, 2022 election. A final trial on the merits in June is sufficient to protect Plaintiff's interests, given Plaintiff's belated filing for injunctive relief. Alternatively, should this Court be inclined to grant Plaintiff *any* relief, which Morace opposes, such relief should be restricted to a preliminary finding that one - and only one - proposed District may potentially be a protected minority-majority district, coupled with a finding that the May 7, 2022 election shall proceed uninterrupted on an at-large basis. Should the Court further find on final hearing that a solitary single-member district is required, then an order and judgment may be crafted to impose such a remedial plan for the next round of elections in May of 2023.

Dated: February 24, 2022

Respectfully submitted,
BY:  /s/ Andy Taylor
Andy Taylor
State Bar No. 19727600
**ANDY TAYLOR & ASSOCIATES, P.C.**
2628 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1855 (facsimile)
ataylor@andytaylorlaw.com

**ATTORNEYS FOR JENNY MORACE**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court's electronic filing system on February 24, 2022, and that a copy has been served upon all counsel of record identified below.

Barry Abrams
Blank Rome LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
babrams@blankrome.com
Attorneys for Plaintiff

Martin Golando
The Law Office of Martin Golando, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
martin.golando@gmail.com
Attorneys for Plaintiff

Charles J. Crawford
ccrawford@abernathy-law.com
Lucas Henry
lhenry@abernathy-law.com
ABERNATHY ROEDER BOYD HULLETT,LLP
1700 N. Redbud Blvd. Ste. 300
McKinney, Texas 75069
Attorneys for Defendants

                                                                                         /s/ Andy Taylor
                                                                                         Andy Taylor