UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA ELIZONDO,<br><br>*Plaintiff*,<br><br>v.<br><br>SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED, in their official capacity as members of the Board of Trustees of Spring Branch ISD.<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-01997 |

PLAINTIFF'S RESPONSE TO AMICUS MORACE'S NOTICE OF FILING

This is the tale of two school systems, one North of IH-10 and one mostly south of it. In one school system, the students are more likely to be affluent, go to college and more likely to meet or exceed the State's academic standards. In the other school system, the students are more likely to be economically disadvantaged, dropout, less likely to exceed state academic standards, and far more likely to be severely disciplined. One district is majority white, the other is heavily minority. In reality, these two systems are one school district, Spring Branch Independent School District (SBISD). Two immutable facts plague this school district. First, SBISD is highly racially segregated. "Well over half of the Hispanic students enrolled in SBISD schools would have to move to another school in order to achieve an integrated distribution of students by ethnicity." *See* Preliminary Injunction, **Exhibit A**, the Report of Robert M, Stein, Ph.D., pp. 9-10 ("Stein Report"). The second fact is, perhaps, one reason for the first. Never in the 75 year history of SBISD has a person of color been elected or appointed to be a trustee of its school board.

Morace, the *amicus*, has filed a notice to this Court that yet another candidate for SBISD Trustee has sought a mandamus from the Texas Supreme Court to force SBISD to reverse its current stance in this litigation. For every conceivable reason, that court should deny relator's request. There is no cause of action in Texas law that authorizes a court to mandate that a litigant take a certain, specified, position in pending federal litigation. There also is no Texas precedent that would authorize a non-party to micromanage the litigation choices of a school board or any other governmental unit in federal litigation. Even if such a precedent existed, no basis exists for the relief the relator seeks because he is not cognizably injured by moving the date of an election from May to November. Finally, even if the Texas Supreme Court were to ignore 150 years of Texas jurisprudence and issue such a writ, such an action would have no impact on the authority of this Court to take the actions it deems warranted under federal law and federal precedents. The supremacy clause of the U.S. Constitution makes that clear.

This Court should order the preliminary injunction Plaintiff seeks for three reasons. First, all of the evidence presented by the Plaintiff is unrebutted and clear. SBISD elections are racially polarized. Anglos in SBISD are politically cohesive and vote as a bloc to defeat the minority-preferred candidate. Latinos in SBISD elections are politically cohesive and absent special circumstances, like single-member districts, are not able to elect their preferred candidates to the SBISD school board. The evidence is equally strong and uncontroverted that as a result of racially-polarized voting and the "at-large" system of electing SBISD trustees, Latinos have less political access to the members of board and, thus, the lives and education of their children are dearly affected. The ultimate consequence of an election system that violates the Voting Rights Act, is a racially segregated school district. The Plaintiff is entitled to preserve her rights and those of other similarly-affected minority voters during this election cycle so that this Court may determine whether or not SBISD's "at-large" election system violates the voting rights of Latinos and other minorities within SBISD.

Second, neither the defendants nor Morace has offered any proof or evidence that moving the SBISD trustee election to November would cause voter confusion or election misadministration. Without such proof, no basis exists for this Court to deny an otherwise appropriate application for preliminary injunction. As Plaintiff made clear in her reply, the cases cited by Morace were decided much closer to the elections at issue and were based upon proof by the affected governmental entity that voter confusion and election maladministration would likely occur. There is no such showing here. Indeed, no such proof exists, because as recently as 2020 SBISD moved its election from May to November without any voter confusion or election administrative issues and there is no reason that the same decision now would have any such effects.

Finally, any state court writ of mandamus has no bearing on this matter. Plaintiff has established the merits of her application independent of any position that SBISD may take on its propriety. The standards for preliminary injunction are clear. Is the Plaintiff likely to succeed on the merits? Here the answer is "Yes." All of the Plaintiff's unrebutted and uncontroverted evidence demonstrates that she has proven her entitlement to relief. Is the Plaintiff at risk of imminent irreparable harm? Again, the answer is "Yes." An "at-large" election in May would again dilute the voting strength of Latinos in SBISD in violation of the Voting Rights Act. A vote cast in an illegal electoral system cannot be "uncast." The threatened harm to minority voters' federal rights therefore is imminent and irreparable without action by this Court. Then, this Court must balance the relevant equities and hardships. In a general sense, the term "equities" in this context refers to the Plaintiff's interest in obtaining an injunction, and the term "hardships" refers to the burden that an injunction would place on the defendants. There is no evidence of any hardship that would result from the grant of the requested injunctive relief, nor could there be, as SBISD moved its election in 2020. If there were no hardships in 2020 when a trustee election was postponed, then there can be no hardships now without explanation or evidence. Finally, this Court must look to

the public interest. There is no public interest in conducting an election under a system that violates federal law. Plaintiff has established all of the requirements necessary to enjoin the election and preserve her federal rights, until this Court renders a final decision on the merits. The Plaintiff rests on her briefing to this Court and the evidence she has proffered.

Last Thursday, several elected officials (or their representatives) and several candidates for various public offices in Harris County gathered at a press conference to denounce the litigation decision by SBISD to acquiesce in an order moving its election from May to November.[1] One claimed that this lawsuit "was an infection that came from Washington or from Trudeau in Canada." Another repeated the legal maxim that "Justice delayed is justice denied." The Plaintiff agrees. It is far past the time for Latinos and other minorities in SBISD to have a seat at the table at which educational policy decisions are discussed in SBISD. If this Court does not act to defer the date of the May 2022 SBISD trustee election, then justice and federal law will, once again, be delayed and denied during yet another election cycle. The result will be that SBISD will continue to operate two education systems, one White and one Latino.

The evidence is now before this Court and it is compelling. The Plaintiff respectfully requests that this Court enter an injunction moving the May 2022 SBISD election to November 2022 so that her rights (and those of other Latino citizens in SBISD) are preserved until this Court shall make a final determination on the merits in this proceeding

---

[1] https://www.click2houston.com/news/local/2022/02/24/officials-call-for-spring-branch-isd-board-of-trustees-to-allow-may-7-election-to-proceed/

DATED: February 28, 2022				Respectfully submitted,

						By: /s/ Barry Abrams
						Barry Abrams
						State Bar No. 00822700
						SD Tex. Bar No. 2138
						BLANK ROME LLP
						717 Texas Avenue, Suite 1400
						Houston, Texas 77002
						(713) 228-6601
						(713) 228-6605 (fax)
						babrams@blankrome.com

						THE LAW OFFICE OF MARTIN GOLANDO, PLLC
						Martin Golando
						Texas Bar No. 24059153
						martin.golando@gmail.com
						2326 West Magnolia
						San Antonio, Texas 78201
						Telephone: (210) 471-1185
						Martin.Golando@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Response to Amicus Morace's Notice of Filing was sent via email to the following counsel of record on February 28, 2022:

    Charles Crawford
    ccrawfdord@abernathy-law.com
    Lucas Henry
    lhenry@abernathy-law.com

    Andy Taylor
    ataylor@andytaylorlaw.com

						/s/   Barry Abrams
						Barry Abrams