**EXHIBIT A**

No. 22-0142

## IN THE SUPREME COURT OF TEXAS

| | | |
|---|---|---|
| **IN RE** | § | |
| **JOHN PEREZ** | § | |
| | § | |
| **RELATOR.** | § | |

## RESPONDENT'S RESPONSE TO (1) RELATOR'S EMERGENCY PETITION FOR WRIT OF MANDAMUS, AND (2) RELATOR'S EMERGENCY MOTION FOR EXPEDITED RELIEF

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**
Charles J. Crawford
State Bar No. 05018900
Lucas C. Henry
State Bar No. 24101901
1700 Redbud Blvd., Suite 1700
McKinney, Texas 75069
Telephone: (214) 544-4000
Fascimile: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR RESPONDENT SPRING BRANCH ISD**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES........................................................................................ ii

STATEMENT OF THE CASE.................................................................................. iii

STATEMENT OF JURISDICTION......................................................................... iv

ISSUE PRESENTED ................................................................................................ vi

STATEMENT OF FACTS ..........................................................................................1

ARGUMENT ................................................................................................................3

    1.    This Court lacks authority to issue a writ of mandamus because SBISD has not neglected to perform a legal duty. .........................................................3

    2.    Relator cannot compel SBISD to perform an act that requires discretion… ........................................................................................................................5

    3.    Relator's requested relief would invade upon the federal court's jurisdiction. ...........................................................................................................6

    4.    SBISD has not denied any person the right to vote or campaign.................7

PRAYER .......................................................................................................................8

Certification ..................................................................................................................9

Certificate of Compliance ...........................................................................................9

Certificate of Service ..................................................................................................9

APPENDIX ..................................................................................................................10

# INDEX OF AUTHORITIES

## Cases

*Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991) ...............................5

*Arnett v. Houston*, 1989 Tex. App. LEXIS 2719 (Tex. App.—Houston [14th Dist.] 1989, no writ) .................................................................................................................3

*Blanchard v. Fulbright*, 633 S.W.2d 617 (Tex. App. – Houston [14th Dist.] 1982, writ dism'd) .....................................................................................................................3

*Hotze v. Whitmire*, 1986 Tex. App. LEXIS 11896 (Tex. App.—Houston [14th Dist.] 1986, no writ) .................................................................................................................3

*In re Petricek*, 629 S.W.3d 913 (Tex. 2021) ........................................................... iv

*In re Republican Party of Tex.*, 605 S.W.3d 47 (Tex. 2020) ................................... iv

*NCAA v. Jones*, 1 S.W.3d 83 (Tex. 1999) ..................................................................v

*Oney v. Ammerman*, 458 S.W.2d 54 (Tex. 1970) .....................................................3

*Patterson v. Planned Parenthood*, 971 S.W.2d 439 (Tex. 1998)........................ iv, v

*Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849 (Tex. 2000) .............................. iv

## Statutes

42 U.S.C. § 10301 .......................................................................................................1

Tex. Educ. Code § 11.151(a) .......................................................................................4

Tex. Educ. Code § 11.151(b) .......................................................................................5

Tex. Elec. Code § 273.061 ......................................................................................... iv

Tex. Elec. Code § 41.001(a) ........................................................................................1

Tex. R. App. P. 52.3(d) ............................................................................................. iii

## Constitution

Tex. Const. art. XVI, §17 ............................................................................................1

## STATEMENT OF THE CASE

According to the appellate rules, the Relator's petition must contain a "Statement of the Case" which should rarely exceed one page, should be without embellishment or argument, and should not discuss the facts. Tex. R. App. P. 52.3(d). Relator's petition, however, completely fails in this regard. See Petition, pp. viii – xiii.

A proper statement of the case is as follows:

| | |
|---|---|
| Nature of the Case: | This is an original mandamus proceeding wherein "Relator only seeks mandamus relief against Spring Branch ISD to make clear that Respondent does not have the authority to cancel and postpone the May 7, 2022 [school board] election." Relator's Emergency Motion for Expedited Relief, p. 4 n.2. The underlying proceeding is a federal Voting Rights Act lawsuit pending in federal court that challenges Respondent's current "at-large" system for electing its school board members. |
| Respondent: | Spring Branch Independent School District |
| Trial Court Cause: | *Virginia Elizondo v. Spring Branch Independent School District, Chris Gonzalez, Pam Goodson, Karen Peck, Josef D. Klam, Minda Caesar, Chris Earnest, J. Carter Breed, in their official capacities as members of the Board of Trustees of Spring Branch ISD;* Civil Action No. 4:21-cv-01997 in the United States District Court for the Southern District of Texas, Houston Division |
| Respondent's Challenged Action: | Relator complains that Respondent has insufficiently opposed the plaintiff's request in the underlying federal lawsuit for a preliminary injunction that would delay Respondent's upcoming May 2022 school board election until November 2022. |

## STATEMENT OF JURISDICTION

In this case, this Court's original jurisdiction to issue a writ of mandamus is confined to compelling the performance of any duty imposed by law[1] on Respondent Spring Branch ISD in connection with the holding of the upcoming May 2022 school board election.  See *In re Petricek*, 629 S.W.3d 913, 917 (Tex. 2021); Tex. Elec. Code § 273.061.

However, as will be further detailed in the Argument section below, Respondent Spring Branch ISD has not violated, and will not violate, any ministerial duty imposed on the school district by law – specifically, Spring Branch ISD has not cancelled or postponed the upcoming May 2022 school board election, and has no plans to do so unless ordered to do so by the federal court.  As such, Relator's petition does not properly invoke this Court's mandamus authority.

In addition, because Spring Branch ISD has not cancelled or postponed the May 7, 2022 school board election and has taken no action to do so, this mandamus action is not ripe, which divests this Court of subject matter jurisdiction.  See, e.g., *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442-43 (Tex. 1998); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000).  "The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness,

---

[1] "[The] 'duty imposed by law' in Section 273.061 is limited to a duty imposed by a constitution, statute, city charter, or city ordinance."  *In re Republican Party of Tex.*, 605 S.W.3d 47, 48 (Tex. 2020).

iv

lie in the prohibition on advisory opinions, which in turn stems from the separation of powers." *Patterson*, 971 S.W.2d at 442. "The courts of this state are not empowered to give advisory opinions. This prohibition extends to cases that are not yet ripe. A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* at 443. This is the case here.

Finally, as noted in Relator's petition, "[i]ndeed, once the federal court issues its ruling, the relief sought herein is likely to become moot." Petition, p. xiii. However, "[a]ppellate courts are prohibited from deciding moot controversies." *NCAA v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Like with ripeness, "[t]his prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *Id.*; see also *Patterson*, 971 S.W.2d at 442.

For these reasons, this Court lacks jurisdiction to issue the requested mandamus in this original action.

## ISSUE PRESENTED

Whether this Court should interfere with an on-going federal Voting Rights Act lawsuit and issue a mandamus that directs Respondent Spring Branch ISD (a defendant in the federal lawsuit) to both (1) withdraw and/or change its response filed in opposition to that plaintiff's request for a preliminary injunction and (2) defend that lawsuit in accordance with the Relator's preferred wishes. This Court should not so interfere in the federal suit, since Spring Branch ISD has ***not*** cancelled or attempted to cancel the upcoming May 2022 school board election and Spring Branch ISD's litigation strategy in the on-going federal lawsuit is not a ministerial duty imposed by law or a discretionary act subject to this Court's mandamus authority.

## STATEMENT OF FACTS

The Spring Branch Independent School District ("SBISD") is a public school district organized according to Chapter 11 of the Texas Education Code. SBISD's Board of Trustees is comprised of seven members elected on an "at-large" basis. Historically, SBISD has held its trustee elections in May. However, Texas law expressly permits trustee elections to occur in either May or November. See Tex. Elec. Code § 41.001(a).[2] In fact, as allowed by the Election Code, SBISD postponed its 2020 trustee elections from May to November due to the COVID-19 pandemic.[3] SBISD is scheduled to hold an election on May 7, 2022 for positions 5, 6, and 7. Eight candidates (two for place 5, three for place 6, and three for place 7) have currently filed to run for these three positions – only one of those candidates is an incumbent (place 5). See the Declaration of Christine Porter ("Porter Decl."), attached as Tab B to the Appendix hereto, ¶¶ 2-4.

SBISD and its current trustees (in their official capacities) are defendants in a lawsuit brought under the Voting Rights Act, 42 U.S.C. § 10301 *et seq.*, in the United States District Court, Southern District of Texas, Civil Action No. 4:21-cv-01997 (the "Federal Lawsuit"). The plaintiff in the Federal Lawsuit is Virginia Elizondo

---

[2] Assuming the election occurs in November, the current trustees of the positions up for election "shall continue to perform the duties of their office until their successors shall be duly qualified." Tex. Const. art. XVI, §17.

[3] This election was ultimately cancelled because there were no contended races.

1

("Elizondo"), an unsuccessful candidate for election to the SBISD Board of Trustees in 2015 and 2021. Elizondo seeks an order requiring SBISD to change to a single member district electoral system. SBISD opposes changing its electoral system.

On February 1, 2021, Elizondo moved the court for a preliminary injunction postponing SBISD's May trustee election, and requiring SBISD to begin the process of drawing a remedial map to accommodate a single-member district system. See Tab C to Relator's Appendix. SBISD filed a response to Elizondo's request for injunction stating that it does not oppose postponing the May trustee election to November, 2022 for two principal reasons: first, SBISD is not prepared to marshal all of its evidence in support of its defenses – discovery is still ongoing in the Federal Lawsuit, and SBISD has not even had the opportunity to depose Elizondo yet. Second, SBISD prefers to proceed with the seven current trustees as defendants to the suit, and does not believe it is in the District's best strategic interests to bring in two (or perhaps three) new defendants to the lawsuit just before trial (trial is scheduled for June, 2022). See Appendix hereto, Tab A (scheduling order in the Federal Lawsuit). SBISD strongly opposes Elizondo's request for an order requiring SBISD to begin drawing maps to change its electoral system. The response was written by SBISD's counsel of record in the Federal Lawsuit, and adopts what counsel believes to be SBISD's best strategy for ultimately successfully defending the suit. See Tab E to Relator's Appendix.

Relator is a candidate for Place 6. He is actively campaigning. SBISD has not removed Relator's name from consideration, and has not postponed or cancelled the May election – that decision is under advisement in the Federal Lawsuit. SBISD does not plan to postpone or cancel the May election unless ordered to do so by the court in the Federal Lawsuit. See Porter Decl., ¶¶ 3-4.

## ARGUMENT

### 1. This Court lacks authority to issue a writ of mandamus because SBISD has not neglected to perform a legal duty.

This Court may only issue a mandamus to compel SBISD to perform a ministerial legal duty. "Absent a demonstration that respondent has neglected to perform a legal duty, this court has no jurisdiction or authority to issue a writ of mandamus." *Arnett v. Houston*, 1989 Tex. App. LEXIS 2719, *2 (Tex. App.— Houston [14th Dist.] 1989, no writ) (citing *Blanchard v. Fulbright*, 633 S.W.2d 617, 621 (Tex. App. – Houston [14th Dist.] 1982, writ dism'd)). In other words, "the duty of the officer" that a Relator seeks to compel "must be one clearly fixed and required by the law, or the writ will not issue." *Oney v. Ammerman*, 458 S.W.2d 54 (Tex. 1970); *see also Hotze v. Whitmire*, 1986 Tex. App. LEXIS 11896, *3 (Tex. App.— Houston [14th Dist.] 1986, no writ) ("this court has jurisdiction and authority to issue a writ of mandamus only when the long established test is met: there must be demonstrated a clear legal duty in the respondent which has not been performed before there exists a clear legal right in the relator to compel such performance.").

Relator fails to show that SBISD has neglected to perform any legal duty: SBISD has not cancelled or postponed the May 7, 2022 election, and has no plans to do so unless so ordered by the court in the Federal Lawsuit. The election will occur in May unless the federal court orders otherwise. Relator has not been removed from any ballot and has not been prevented from campaigning for office. See Porter Decl., ¶ 4.  Accordingly, SBISD has not neglected to perform any duty required by law, and this Court has no jurisdiction to mandamus SBISD.

The root of Relator's complaint is that he does not like SBISD's response to Elizondo's request for preliminary injunction in the Lawsuit. However, SBISD has the authority to pursue the legal strategy of its choosing. SBISD's response explains that SBISD does not oppose briefly postponing its May trustee election because (1) SBISD is not prepared at this juncture to marshal all of its evidence to defend the injunction; and (2) a May election could result in three new defendants (newly elected trustees) to the lawsuit, complicating SBISD's defense. See Tab E to Relator's Appendix. These are valid strategic considerations in SBISD's defense of the Federal Lawsuit, and are within SBISD's authority to pursue as a party to that action.

SBISD acts through its governing Board of Trustees. "The trustees of an independent school district constitute a body corporate and in the name of the district may … sue and be sued." Tex. Educ. Code § 11.151(a). Further, "the trustees as a

4

body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees." Id. at § 11.151(b). Thus, the power to control SBISD's litigation strategy lies with its trustees and counsel of record, not with Relator, who is merely a candidate for office, or this Court.

Relator cites to no authority (because none exists) requiring SBISD to respond to the request for preliminary injunction in a particular manner, let alone in the manner dictated by Relator. Relator's proposal is preposterous – that this Court should require SBISD to pursue Relator's preferred litigation strategy. SBISD should not have its strategy prejudiced by the opinions of the Relator, or any other non-party. Because there is no authority for such a proposition, Relator's petition should be denied.

## 2. Relator cannot compel SBISD to perform an act that requires discretion.

"A writ of mandamus will issue to compel a public official to perform a ministerial act. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. A writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (internal citations omitted).

In this case, Relator requests the Court "issue an immediate stay to prevent the Respondent from abdicating its ministerial duty to administer and complete the May 7, 2022 election, coupled with a directive that it may not permissibly fail to object to a potential cancellation and postponement of the election." Petition, p. 16. First, as stated above, SBISD has not abdicated any ministerial duty – it intends to hold the trustee election in May unless otherwise ordered by the federal court. Second, neither the contents of SBISD's response to Elizondo's request for injunction nor SBISD's litigation strategies are "clearly spelled out" in the law – they are discretionary actions for which mandamus cannot be issued.

Because Relator seeks to dictate the specifics of SBISD's response to Elizondo's request for preliminary injunction, and because SBISD's response is a discretionary rather than ministerial act, a writ of mandamus cannot issue, and Relator's petition should be denied.

## 3. Relator's requested relief would invade upon the federal court's jurisdiction.

Relator concedes that it would not be appropriate to "ask that this Court interfere with the power and jurisdiction of a federal court to review the legality and constitutionality of Spring Branch ISD's at-large districts." Petition, p. xiii. However, notwithstanding Relator's statement, this is exactly what he is requesting in his mandamus petition: Relator seeks a "directive that [SBISD] may not permissibly fail to object to a potential cancellation and postponement of the

6

election." Petition, p. 16.  Relator therefore seeks to dictate the content of SBISD's response to Elizondo's request for a preliminary injunction, thereby invading the Federal Lawsuit and usurping the process. In other words, Relator wants this Court to dictate SBISD's litigation strategy in a federal lawsuit, and to dictate to the federal court that SBISD's response was legally insufficient. This is not a proper exercise of this Court's mandamus authority. The federal court *alone* has the authority to adjudicate this matter based on the pleadings of the parties filed therein. If SBISD's response is insufficient, the federal court has the authority to strike the response and order SBISD to revise and resubmit the response. This Court does not. As such, Relator's petition should be denied.

### 4. SBISD has not denied any person the right to vote or campaign.

Relator devotes significant time to extolling the importance of the right to vote and the right to campaign, urging this Court to intervene and require SBISD to retract its response to Elizondo's request for a preliminary injunction. However, there is no guarantee (or even likelihood) that Relator's requested relief would have the effect Relator desires – the decision as to whether the May election should go forward is, and would still be, in the hands of the federal court. Second, and most importantly, SBISD has not prevented any voter from voting, and has not prevented any candidate from campaigning. At the time of this filing, the trustee election is still scheduled to occur on May 7, 2022, and Relator is still a candidate. SBISD has not cancelled or

postponed the election, and has not removed or threatened to remove Relator's name from the ballot. See Porter Decl., ¶ 4. Relator concedes that he is campaigning for the election – meaning there is certainly the possibility that this mandamus filing is a mere political campaign stunt.  If the election is postponed, it will be only because the federal court chooses to consider and grant Elizondo's request for preliminary injunctive relief. Therefore, SBISD has not disenfranchised any voter or candidate, and Relator's petition should be denied.

**PRAYER**

For these reasons, Respondent Spring Branch ISD asks that the Court deny both Relator's Emergency Petition for Writ of Mandamus and Relator's Emergency Motion for Expedited Relief.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD**
**& HULLETT, P.C.**

*/s/ Charles J. Crawford*
Charles J. Crawford
State Bar No. 05018900
Lucas C. Henry
State Bar No. 24101901
1700 Redbud Blvd., Suite 1700
McKinney, Texas 75069
Telephone: (214) 544-4000
Fascimile: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR RESPONDENT**

8

### SPRING BRANCH ISD

### <u>Certification</u>

I certify that I have reviewed this response and have concluded that every factual statement made in the response is supported by competent evidence included in the appendix or the record.

*/s/ Charles J. Crawford*
Charles J. Crawford

### <u>Certificate of Compliance</u>

I certify that this document was produced on a computer using Microsoft Word and contains 1902 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4 (i)(1). The typeset is Times New Roman – 14 pt. for text and 12 pt. for footnotes.

*/s/ Charles J. Crawford*
Charles J. Crawford

### <u>Certificate of Service</u>

This is to certify that the foregoing was served upon the counsel for the Relator and the counsel for the Real Party in Interest by electronic service on February 28, 2022.

*/s/ Charles J. Crawford*
Charles J. Crawford

9

# APPENDIX

| **DOCUMENT** | **TAB** |
|---|---|
| Federal Court Scheduling Order [Dkt. 22] | A |
| Christine Porter Declaration | B |

**TAB A**

United States District Court
Southern District of Texas

**ENTERED**

November 10, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO<br>and<br>JENNY MORACE, | §<br>§<br>§<br>§ | |
| Plaintiffs,<br>VS. | §<br>§<br>§ | CIVIL ACTION NO. 4:21-CV-01997 |
| SPRING BRANCH INDEPENDENT<br>SCHOOL DISTRICT<br>and<br>CHRIS GONZALEZ<br>and<br>PAM GOODSON, *et al*, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

---

**ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE
HELD ON November 8, 2021 at 9:30 AM**

Appearances:          Waived

The following schedule shall govern the disposition of this case:

| | |
|---|---|
| Initial Disclosures due by: | Completed |
| New parties/class allegations by: | Voting Rights Case |
| Plaintiff's experts to be designated by: | January 10, 2022 |
| Report furnished by: | January 10, 2022 |
| Defendant's experts to be designated by: | February 10, 2022 |
| Report furnished by: | February 10, 2022 |
| Discovery to be completed by: | March 30, 2022 |
| Dispositive motions due by: | April 20, 2022 |
| Docket call to be held at 11:30 AM on: | June 6, 2022 |
| Estimated trial time: 3-4 days | Bench Trial |

The following rulings were made:

- Discovery may be extended by agreement of the parties without Court intervention. The dispositive motion deadline and docket call dates, however, may not be extended without leave of Court.

- Attorney's fee applications are handled on the papers of the parties after notice.

1 / 2

- Expedited responses are required on all pretrial motions save dispositive motions.

It is so ORDERED.

SIGNED on this 8th day of November, 2021.

Kenneth M. Hoyt
United States District Judge

**TAB B**

NO. 22-0142
IN THE SUPREME COURT OF TEXAS

| | | |
|---|---|---|
| IN RE | § | |
| JOHN PEREZ | § | |
| | § | |
| RELATOR | § | |

**DECLARATION OF CHRISTINE PORTER**

1.     My name is Christine A. Porter. I am over 18 years of age, am mentally competent, and have personal knowledge of the facts stated in this Declaration, which are all true and correct. I make this Declaration under the penalty of perjury.

2.     I am the Chief Financial Officer for Spring Branch Independent School District ("SBISD"). As part of my duties, I am the elections official for SBISD.

3.     SBISD is governed by a board of seven elected trustees. Historically, SBISD has held its trustee elections in the month of May. However, in 2020, SBISD postponed its trustee elections to November because of the COVID-19 pandemic. This election was ultimately cancelled because there were no contested races.

4.     The next trustee election is scheduled to occur on May 7, 2022. This election has not been cancelled or postponed, and SBISD has no plans to cancel or postpone this election, unless ordered to do so by a court. Three trustee positions are scheduled to be on the ballot for the May election. Eight candidates (two for place 5, three for place 6, and three for place 7) have filed to run for these three positions – only one of those candidates is an incumbent (place 5). Relator John Perez is one candidate

for place 6. His name is still scheduled to be on the ballot. He has not been removed from the ballot by SBISD, and has not been prevented from campaigning for office.

Signed on February ⟋27⟋ , 2022.

_____
Christine A. Porter