IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:21-cv-01997 |
| | § | |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED, in their official capacity as members of the Board of Trustees of Spring Branch ISD | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT AND TO LIMIT EXPERT TESTIMONY

Defendants Spring Branch Independent School District and the members of its Board of Trustees in their official capacities (collectively, "SBISD") file the following motion to strike the supplemental expert report of Robert M. Stein dated March 28, 2022, and to limit Dr. Stein's expert testimony to the analysis in his original report dated January 20, 2022.

### INTRODUCTION

1. This is a Voting Rights Act case, which typically requires expert testimony. See, e.g., *Rodriguez v. Harris County, Texas,* 964 F.Supp.2d 686, 757, 760 (S.D. Tex. 2013) (noting that proof of *Gingles* factors typically requires expert statistical evidence).

2. Relevant to this motion, the Court's scheduling order [Dkt. 22] sets the following deadlines:

    a. Plaintiff's expert reports must be furnished by January 10, 2022 (extended until January 20, 2022 by agreement of the parties).

    b. Defendants' expert reports must be furnished by February 10, 2022 (extended until February 22, 2022 by agreement of the parties).

    c. Discovery must be completed by March 30, 2022.

    d. Docket call for trial to be held on June 6, 2022.

3.    On January 20, 2022, Plaintiff's expert Dr. Robert M. Stein submitted his expert report, a copy of which is attached as Exhibit A.

4.    Following receipt of Dr. Stein's expert report, on February 9, 2022, SBISD took Dr. Stein's deposition, a copy of which is attached as Exhibit B. Relevant to this motion to strike, Dr. Stein's deposition confirmed:

    a. There was nothing else he needed or wanted to do to render his expert opinion. Exhibit B, pp. 12-13.

    b. He did not perform an Ecological Inference ("EI") analysis[1] as part of his opinion or report. Exhibit B, pp. 45-47.

5.    On February 21, 2022, SBISD's expert Dr. John Alford submitted his rebuttal expert report, a copy of which is attached as Exhibit C. Dr. Alford criticizes Dr. Stein's failure to use an EI analysis in this case. Dr. Alford was subsequently deposed by Plaintiff on March 24, 2022 (transcript not yet available).

6.    After Dr. Alford's deposition, on March 28, 2022, Dr. Stein belatedly submitted his Supplement to Expert Report, a copy of which is attached as Exhibit D. According to Dr. Stein's supplemental report, "I present an election-by-election analysis of racially-polarized voting in

---

[1] EI "is a mathematical technique similar to, but largely regarded as an improvement upon, the traditional Ecological Regression (ER) technique approved in *Gingles* to analyze aggregate level data." *Hall v. Louisiana,* 108 F.Supp.3d 419, 433 n. 15 (M.D. La. 2015). "The [EI] process is generally accepted in voting cases in this Circuit." *Thomas v. Bryant,* 366 F.Supp.3d 786, 793 (S.D. Miss. 2019).

SBISD's trustee elections using ecological inference (EI) statistical techniques. ... The EI analysis depicts several features not stated in my January 20, 2022 expert report..."

7. For the reasons below, SBISD asks the Court to strike Dr. Stein's supplemental expert report as an inappropriate attempt to "fix" or "bolster" his initial report.

## ARGUMENT

8. Under Fed. R. Civ. P. 26(a), parties must make timely expert witness disclosures within the deadlines set by the Court's scheduling order. *In re Savage Inland Marine*, 2021 U.S. Dist. Lexis 132326, * 6 (E.D. Tex. 2021). Here, Plaintiff's deadline was January 20, 2022 [see Dkt. 22, extended ten days by the parties' agreement]. Importantly, a party's expert's initial report must contain "a *complete* statement of all opinions the expert witness will express and the basis and reasons for them." *Id.* (emphasis added) (quoting Fed. R. Civ. P. 26(a)(2)(B)(1)).[2] In turn, "[a]ny opinions that are not properly disclosed in accordance with Rule 26(a) may be excluded 'unless the failure was substantially justified or is harmless.'" *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2019 U.S. Dist. Lexis 55052, * 14 (N.D. Tex. 2019) (quoting Fed. R. Civ. P. 37(c)(1)).[3]

9. Although allowed if timely, supplemental expert disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information. Initial expert disclosures must be '*full and complete.*'" *In re C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (emphasis added).

---

[2] "Rule 26(a) requires the expert's initial report to include 'a *complete* statement of all opinions the witness will express and the basis and reasons for them.' Rule 26(e) does not permit circumvention of Rule 26(a)'s disclosure requirement." *Cutler v. Louisville Ladder, Inc.*, 2012 U.S. Dist. Lexis 101094, *17 (S.D. Tex. 2012) (internal citations omitted) (emphasis in original). See also, *Friebel v. Paradise Shores of Bay County, LLC*, 2011 U.S. Dist. Lexis 62847, * 6 (N.D. Fla. 2011) ("to construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation.").

[3] "The purpose of [Rule 37(c)(1)] is 'to prevent the practice of "sandbagging" an adversary with new evidence.'" *Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (quoting cases).

10. In keeping with the above principle, "[p]ermissible supplementation of an expert report and disclosures can only occur *in certain limited circumstances.*" *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (emphasis in original). Thus, supplemental expert reports are *only* permissible as a means of "correcting inaccuracies[ ] or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure.*" *Id.* (quoting *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1169 (D. Colo. 2006), and citing *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F.Supp.2d 269, 277-78 (S.D.N.Y. 2011) ("If an expert's report 'does not rely [on] any information that was previously unknown or unavailable to him,' it is not an appropriate supplemental report.")). As recently re-iterated by Judge Hanen,

> Permissible supplementation of an expert report occurs in limited circumstances when the party or expert learns that information previously disclosed is incomplete or incorrect in some material respect; in other words, *if the expert report does not rely upon information previously unknown or unavailable to him before, it is not an appropriate supplemental report.*

*Conn v. C.R. Bard, Inc.*, 2021 U.S. Dist. Lexis 107522, * 4-5 (S.D. Tex. 2021) (emphasis added).

11. "Courts generally distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship[4] and have repeatedly rejected attempts by parties to bolster their position by 'supplementing' an expert report with a 'new and improved' expert report." *Grant v. CRST Expedited Inc.*, 2021 U.S. Dist. Lexis 61977, * 16 (E.D. Tex. 2021) (internal citations omitted). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to

---

[4] "Even without the charge of gamesmanship, there is heightened concern when a purported supplement is… after the expert has been deposed." *Gilley v. C.H. Robinson Worldwide, Inc.*, 2021 U.S. Dist. Lexis 124348, * 8 (S.D.W. Va. 2021). Such is the case here.

buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Id.* at * 17. See also, *Buxton v. Lil' Drug Store Prods.*, 2007 U.S. Dist. Lexis 56263, * 20 (S.D. Miss. 2007), aff'd, 294 Fed. Appx. 92 (5th Cir. 2008) ("Courts have similarly made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports.").

12.   "Rule 26(e) is not an avenue to correct failures of omission because the expert did an inadequate or incomplete preparation, add new opinions, or deepen or strengthen existing opinions." *In re Absestos Prods. Liability Litig.*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) (internal quotations and citations omitted). See also *Ezaki Glico Kabushiki v. Lotte Int'l Am. Corp.*, 2019 U.S. Dist. Lexis 23654, * 10-11 (D. N.J. 2019) (same). In other words,

> Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed. Rather, supplementation under the Rules means correcting inaccuracies, or filling interstices of an incomplete report based on information that was not available at the time of the initial disclosure.

*Luke v. Family Care & Urgent Med. Clinics,* 323 Fed. Appx. 496, 500 (9th Cir. 2009). See also, *Pluck v. BP Oil Pipeline Co.,* 640 F.3d 671, 681 (6th Cir. 2011) ("We have recognized that 'district courts have broad discretion to exclude untimely disclosed expert-witness testimony,' particularly… after the weaknesses in the expert's prior testimony have been revealed."); *Friebel*, 2011 U.S. Dist. Lexis 62847 at * 5 ("Rule 26(e) is not a blank check … that can refine and extend an expert's testimony to cover deficiencies uncovered by one's opponent. An incomplete report cannot be cured by use of supplementation. Supplementation of an expert report pursuant to Rule 26(e) does not cover failures of omission because the expert did an inadequate or incomplete preparation.").

13. Here, Dr. Stein's supplemental report – which was submitted after the Court's expert report deadline, after his deposition, and after Dr. Alford's criticism of his failure to conduct an EI analysis – does *not* rely upon information previously unknown or unavailable to him at the time of his initial report (or his subsequent deposition). Instead, Dr. Stein's supplemental report is merely an attempt to "fix" or "bolster" his initial report with a "new and improved" report. This is not an appropriate supplementation.

14. Moreover, Dr. Stein's failure to conduct an EI analysis in the first instance was neither substantially justified nor harmless. First, there is no reason he could not have performed an EI analysis as part of his original opinion and report; rather, EI is a well-recognized and accepted mathematical technique. Second, this failure is not harmless since it precluded SBISD's counsel from questioning Dr. Stein on his "new and improved" EI analysis at his deposition.

15. Dr. Stein's supplemental report is an improper, untimely attempt to "fix" or "bolster" his initial opinion and report. It should be stricken for this reason, and Dr. Stein's trial testimony should be limited to the analysis in his initial report.

## CONCLUSION AND PRAYER

16. Based on the above, SBISD asks the Court to strike Robert M. Stein's supplemental expert report dated March 28, 2022, and to limit Dr. Stein's testimony at trial to the analysis in his original report dated January 20, 2022.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
SD Tex. Bar No. 335298
ccrawford@abernathy-law.com
**Lucas C. Henry**
State Bar No. 24101901
SD Tex. Bar No. 3727871
lhenry@abernathy-law.com
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: 214-544-4000
Facsimile: 214-544-4040

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel, Barry Abrams, has stated that Plaintiff opposes this motion.

*/s/Charles J. Crawford*
Charles J. Crawford

## CERTIFICATE OF SERVICE

On April 5, 2022, I electronically served the foregoing on counsel for Plaintiff and amicus by the Court's ECF system.

*/s/Charles J. Crawford*
Charles J. Crawford