# EXHIBIT "F"

**EXHIBIT TO PLAINTIFF'S
MOTION TO COMPEL**

| | |
|---|---|
| **From:** | Abrams, Barry |
| **Sent:** | Friday, March 25, 2022 4:32 PM |
| **To:** | Charles Crawford; Lucas Henry |
| **Cc:** | Martin Golando; Abrams, Barry |
| **Subject:** | Elizondo/SBISD |

Charles and Lucas –

This email is an attempt to confer regarding a proposed motion to compel, for sanctions, and to strike.

1. During the deposition of SBISD's expert witness, Dr. John Alford, Dr. Alford testified that on several occasions before the current litigation was filed, he was consulted by the District and/or its lawyers regarding issues central to the *Gingles* factors at issue in the current litigation.

2. When that topic arose, an objection was asserted which (subject to receipt and review of the transcript) was on the basis of work product and/or attorney client privilege. Despite the fact that any such prior reports or analyses are encompassed within the scope of multiple previous document requests and the subpoena, the District did not, and has not, complied with the requirements of FED. R. CIV. P. 26(b)(5)(A), which require, among other things that:

   "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

   (i) expressly make the claim; and

   (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

3. The District's failure to expressly make any such privilege claim earlier and comply with the requirements of FED. R. CIV. P. 26, constitutes a waiver of any such privilege, to the extent such a privilege existed to begin with.

4. Moreover, in Paragraphs 40, 41 and 45 of the District's answer, among others, it expressly denied the factual allegations that underlie the *Gingles* factors and, when the District's corporate representative was deposed, the representative expressly denied that the District had investigated or had any knowledge about whether or not those factual conditions existed.

5. According to Dr. Alford's testimony, the District's position in its Answer and in the deposition of its corporate representative appear to be false.

6. In addition, by retaining and proffering Dr. Alford as an expert witness to rebut opinions in Dr. Stein's report, the District waived any protection for his previous analyses and put those previous analyses in issue.

7. In summary, I am concerned that the facts appear to be that:

   - Before the lawsuit was filed, the District was advised and aware that the demographic and election data either established or supported an affirmative finding concerning each of the *Gingles* factors.

   - Despite those facts, when suit was filed, the District filed an answer in which it expressly denied the factual bases for the *Gingles* factors.

- When the District's representatives were deposed about the factual bases for the District's denial of the factual bases for the *Gingles* factors, the District testified that it had not conducted and was unaware of any investigation into whether the factual bases for the *Gingles* factors did or did not exist.

- At a minimum, it appears that the District's denial of the existence of the factual bases for the *Gingles* factors was not warranted on the evidence, which would constitute a violation of FED. R. CIV. P. 11(b)(4).

- At a minimum, it appears that the District's denial of the existence of any investigation or study into the factual bases for the *Gingles* factors before it filed its Answer, was false.

- The District's failure previously to disclose, produce or, at a minimum, comply with FED. R. CIV. P. 26(b)(5)(A), with respect to the previous analyses that Dr. Alford has now confirmed exist, constitutes a waiver of any privilege over any such material.

- The District's designation and proffer of Dr. Alford as an expert to rebut and contest the sufficiency of at least some of Dr. Stein's analytical work puts in issue the previous "OLS" and "EI" analyses that Dr. Alford has now acknowledged exist, which is another reason that any purported privilege over that information has been waived.

- Because the District and its then counsel were both well aware that its own expert had opined that Plaintiff could readily prove the *Gingles* factors, the District approached the Plaintiff to discuss whether the case could be resolved amicably.

- When at least one Trustee violated his or her confidentiality obligations concerning discussions in the Board's executive sessions and disclosed to members of the community that the District intended to confer with the Plaintiff about potential avenues to resolve the litigation, the Board received multiple communications from a vocal segment of the community, who also appeared at Board meetings to complain about any resolution of what the District had already been advised was a lawsuit in which the facts supported the Plaintiff's pleadings and allegations (despite the District's improper denial of those facts).

- The District then directed its counsel to renege on the agreement that the District had itself proposed to discuss resolution of the lawsuit and those counsel, who were then aware of the fact that the legal position the District has taken in the litigation is contradicted by the opinions of its own legal expert, withdrew from representing the District, based upon their ethical obligation to do so.

- When the District re-engaged Dr. Alford as a testifying expert in the lawsuit, through its new lawyers, in an attempt to conceal the fact that Dr. Alford had previously expressed the same opinions as those of Dr. Stein, an attempt was made to limit the scope of his engagement to simply commenting on certain aspects of Dr. Stein's report, with the hope that Dr. Alford's previous opinions, which support those of Dr. Stein, would never see the light of day.

8. For these reasons, Plaintiff is conferring with the District about whether the District will:

   a. Agree to produce the previous relevant analyses performed by Dr. Alford and/or authorize him to do so.

   b. Seek leave to amend its answer to admit rather than deny that the *Gingles* factors in the case are satisfied.

   c. Produce the information required by FED. R. CIV. P. 26(b)(5)(A) with respect to any and all information that the District has withheld from production on the basis of any purported privilege, so that the privilege issue can be presented to the Court.

9. Absent an acceptable agreement on these issues, Plaintiff plans to: (a) file a motion to compel the production of the materials Dr. Alford has identified and redepose him on that information; and (b) file a motion for sanctions requesting that the District be ordered to withdraw its denials in its Answer that the *Gingles* factors are satisfied in this case and reimburse Plaintiff for fees and costs necessitated by the District's actions.

I would appreciate it if you would let me know the District's position on these matters next week.

Thanks.

-Barry


**Barry Abrams** | BLANKROME
717 Texas Avenue, Suite 1400 | Houston, TX 77002-2727
Phone: 713.228.6606 | Fax: 713.228.6630 | Mobile: 713.582.1533
Email: barry.abrams@blankrome.com