UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA ELIZONDO,<br>　　*Plaintiff*,<br><br>v.<br><br>SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED, in their official capacity as members of the Board of Trustees of Spring Branch ISD.<br>　　*Defendants*. | § § § § § § § § § § § § § § §　CIVIL ACTION NO. 4:21-cv-01997 |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

The Court has considered Plaintiff's Motion to Compel and any timely response and replies.

The Court GRANTS Plaintiff's Motion and ORDERS that within ten days of this Order, the Defendant District shall:

1. Produce all previously undisclosed analyses by its expert, Dr. John Alford, concerning racially polarized voting in the Spring Branch Independent School District;

2. Produce the information required by FED. R. CIV. P. 26(b)(5)(A) with respect to any other information that the District has withheld from production on the basis of any purported privilege, so that the privilege issue can be presented to the Court; and

3. Amend its answer to admit rather than deny that the *Gingles* factors[1] in the case are satisfied.

Signed on_____, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Kenneth M. Hoyt
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] In *Thornburg v. Gingles*, 478 U.S. 30, 34 (1986), the Supreme Court set out three "preconditions" that must be met for a challenge under Section 2 of the Voting Rights Act to be successful (the "*Gingles* factors"):

　1) the minority group must be sufficiently large and geographically compact to constitute a majority in a single-member district;
　2) the minority group must be politically cohesive and vote as a bloc; and
　3) the white majority must vote sufficiently as a bloc to enable it, in the absence of special circumstances, to defeat the minority's preferred candidate.