IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 4:21-cv-01997 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED, in their official capacity as members of the Board of Trustees of Spring Branch ISD | § § § § § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT AND TO LIMIT EXPERT TESTIMONY

Defendants Spring Branch Independent School District and the members of its Board of Trustees in their official capacities (collectively "SBISD") file the following reply to Plaintiff's Response to Defendants' Motion to Strike Supplemental Expert Report and to Limit Expert Testimony [Dkt. 44].

1.  SBISD has moved to (1) strike the supplemental report of Plaintiff's expert Robert M. Stein (which was submitted after the Court's expert report deadline) because it is an inappropriate attempt to "fix" or "bolster" his initial report, and (2) limit Dr. Stein's testimony at trial to the analysis in his original report. [Dkt. 41].

2.  In response, Plaintiff argues that she "disagrees with Defendants' claim that supplementation is not authorized under Rule 26(e) unless it relies upon 'information unknown or unavailable,'" citing an Eastern District of Texas opinion that has not been cited by any other court.

[Dkt. 44, p. 8]. However, this ignores the opinions of the district courts of the Southern District. According to the courts of the Southern District, "[p]ermissible supplementation of an expert report and disclosures can only occur *in certain limited circumstances*." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (emphasis in original). Thus, supplemental expert reports are *only* permissible as a means of "correcting inaccuracies[ ] or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure.*" *Id.* (quoting *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1169 (D. Colo. 2006), and citing *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F.Supp.2d 269, 277-78 (S.D.N.Y. 2011) ("If an expert's report 'does not rely [on] any information that was previously unknown or unavailable to him,' it is not an appropriate supplemental report.")). As recently re-iterated by Judge Hanen,

> Permissible supplementation of an expert report occurs in limited circumstances when the party or expert learns that information previously disclosed is incomplete or incorrect in some material respect; in other words, *if the expert report does not rely upon information previously unknown or unavailable to him before, it is not an appropriate supplemental report.*

*Conn v. C.R. Bard, Inc.*, 2021 U.S. Dist. Lexis 107522, * 4-5 (S.D. Tex. 2021) (emphasis added). The Western District is in accord. *See, e.g., Daedalus Blue, LLC v. SZ DJI Tech. Co.*, 2022 U.S. Dist. Lexis 48931, *6 (W.D. Tex. 2022) ("But Rule 26(e) is not a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through a 'supplemental' report. Supplemental disclosures are only permissible as a means of 'correcting inaccuracies or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure.*'") (quoting *Diaz*, 279 F.R.D. at 421).

3.      "Courts generally distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship[1] and have repeatedly rejected attempts by parties to bolster their position by 'supplementing' an expert report with a 'new and improved' expert report." *Grant v. CRST Expedited Inc.*, 2021 U.S. Dist. Lexis 61977, * 16 (E.D. Tex. 2021) (internal citations omitted). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Id.* at * 17. See also, *Buxton v. Lil' Drug Store Prods.*, 2007 U.S. Dist. Lexis 56263, * 20 (S.D. Miss. 2007), aff'd, 294 Fed. Appx. 92 (5th Cir. 2008) ("Courts have similarly made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports.").

4.      "Rule 26(e) is not an avenue to correct failures of omission because the expert did an inadequate or incomplete preparation, add new opinions, or deepen or strengthen existing opinions." *In re Absestos Prods. Liability Litig.*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) (internal quotations and citations omitted). See also *Ezaki Glico Kabushiki v. Lotte Int'l Am. Corp.*, 2019 U.S. Dist. Lexis 23654, * 10-11 (D. N.J. 2019) (same). In other words,

> Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed. Rather, supplementation under the Rules means correcting inaccuracies, or filling interstices of an incomplete report based on information that was not available at the time of the initial disclosure.

5.      *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). See also, *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) ("We have recognized that

---

[1] "Even without the charge of gamesmanship, there is heightened concern when a purported supplement is… after the expert has been deposed." *Gilley v. C.H. Robinson Worldwide, Inc.*, 2021 U.S. Dist. Lexis 124348, * 8 (S.D.W. Va. 2021). Such is the case here.

'district courts have broad discretion to exclude untimely disclosed expert-witness testimony,' particularly… after the weaknesses in the expert's prior testimony have been revealed."); *Friebel*, 2011 U.S. Dist. Lexis 62847 at * 5 ("Rule 26(e) is not a blank check … that can refine and extend an expert's testimony to cover deficiencies uncovered by one's opponent. An incomplete report cannot be cured by use of supplementation. Supplementation of an expert report pursuant to Rule 26(e) does not cover failures of omission because the expert did an inadequate or incomplete preparation.").

6. Plaintiff's response claims that neither Dr. Stein nor Plaintiff engaged in any "gamesmanship" or "sandbagged" SBISD. However, Dr. Stein's deposition testimony belies this claim when he testified that there was *nothing else* he needed or wanted to do to render his expert opinion and report. Stein Deposition pp. 12 -13. Apparently, this testimony was false, or at a minimum intentionally misleading, since the analysis in his "supplemental" report "depicts several features not stated in my January 20, 2022 expert report." See Dkt. 44-1 (the Supplemental Report), p. 1.

7. Here, Dr. Stein's supplemental report – which was submitted after the Court's expert report deadline, after his deposition, and after Dr. Alford's criticism of his failure to conduct an EI analysis – does *not* rely upon information previously unknown or unavailable to him at the time of his initial report (or his subsequent deposition). Instead, Dr. Stein's supplemental report is

merely an attempt to "fix" or "bolster" his initial report with a "new and improved" report. This is not an appropriate supplementation.[2]

8.  Moreover, Dr. Stein's failure to conduct an EI analysis in the first instance was neither substantially justified nor harmless. First, there is no reason he could not have performed an EI analysis as part of his original opinion and report; rather, EI is a well-recognized and accepted mathematical technique. Second, this failure is not harmless since it precluded SBISD's counsel from questioning Dr. Stein on his "new and improved" EI analysis at his deposition and precluded Dr. Alford from reviewing and opining on this "new and improved" analysis in his report.

9.  Dr. Stein's supplemental report is an improper, untimely attempt to "fix" or "bolster" his initial opinion and report. It should be stricken for this reason, and Dr. Stein's trial testimony should be limited to the analysis in his initial report.

---

[2] Plaintiff tries to skirt the untimeliness of the Supplemental Report by dubbing it a mere "rebuttal" report. See Dkt. 44, pg. 4. Setting aside the fact that the report is titled "Supplement to Expert Report," it does not "rebut" anything – the Supplemental Report does not criticize, rebut, or refute any arguments made by Defendants' expert. Instead, the Supplemental Report **fixes** the problems with the initial report. This is not "rebuttal," it is correction. Moreover, even if it is a "rebuttal" report, it is untimely. The Joint Case Management Plan required Plaintiff to designate rebuttal experts and provide the reports required by Rule 26(a)(2)(D)(ii) no later than **30 days** after Defendant's expert disclosure." [Dkt. 18, ¶ (6)F.)]. Defendants' expert issued his report on February 21, 2022, but the Supplemental Report was issued **35 days** later on March 28, 2022. Thus, even if it was a "rebuttal" report, it was still late.

Respectfully submitted,

ABERNATHY, ROEDER, BOYD & HULLETT, P.C.

*/s/Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
SD Tex. Bar No. 335298
ccrawford@abernathy-law.com
**Lucas C. Henry**
State Bar No. 24101901
SD Tex. Bar No. 3727871
lhenry@abernathy-law.com
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: 214-544-4000
Facsimile: 214-544-4040

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On May 2, 2022, I electronically served the foregoing on counsel for Plaintiff and amicus by the Court's ECF system.

*/s/Charles J. Crawford*
Charles J. Crawford