IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 4:21-cv-01997 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CHRIS GONZALEZ, PAM GOODSON, KAREN PECK, JOSEF D. KLAM, MINDA CAESAR, CHRIS EARNEST, J. CARTER BREED, in their official capacity as members of the Board of Trustees of Spring Branch ISD | § § § § § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Spring Branch Independent School District and the members of its Board of Trustees in their official capacities (collectively "SBISD") file the following reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [Dkt. 48].

1. On April 20, 2022, SBISD filed Defendants' Motion for Summary Judgment, moving for summary judgment on Plaintiff's Section 2 Voting Rights Act claim because "as a matter of law she cannot carry her burden to satisfy the first required *Gingles* precondition." Dkt. 43.[1] Plaintiff Elizondo timely filed her response. Dkt. 48. SBISD now files this reply to Plaintiff's response.

---

[1] Like here, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.,* 2009 U.S. Dist. Lexis 64010, *3-4 (E.D. La. 2009) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).

2.     Plaintiff's response states that "Defendants incorrectly presume that Plaintiff necessarily is required to submit evidence of a hypothetical or illustrative plan to satisfy *Gingles I*. That is not the case when, as is true here, the District has already admitted that the first *Gingles* factor is satisfied." Dkt. 48, p. 2. Plaintiff's argument, however, is incorrect for several reasons.

3.     First, with respect to Plaintiff's argument that she is not necessarily required to submit expert evidence of an illustrative plan, according to the majority of the Fifth Circuit panel in *Fairley v. Hattiesburg,* 584 F.3d 660 (5th Cir. 2009), plaintiffs in Voting Rights Act cases **are required** to propose illustrative plans (which must take into account traditional districting principles) to satisfy their burden to establish the first *Gingles* precondition. *Id.* at 669 (citing *Magnolia Bar Ass'n, Inc. v. Lee*, 994 F.2d 1143, 1151 n. 6 (5th Cir. 1993) for the holding that "the first *Gingles* precondition 'specifically contemplates the creation of hypothetical districts.'"). Notably, this **requirement** imposed by the *Fairley* majority – that Plaintiffs are **required** to submit proposed illustrative plans as part of their *Gingles* burden – was specifically recognized by the dissent in that case. *Id.* at 676. See also *Lopez v. Abbott,* 339 F.Supp.3d 589, 606 (S.D. Tex. 2018) ("The first *Gingles* precondition 'requires submitting as evidence hypothetical redistricting schemes in the form of illustrative plans.'") (quoting *Gonzalez v. Harris Cnty., Tex.,* 601 Fed. Appx. 225, 258 (5th Cir. 2015)).[2]

---

[2] Plaintiff's response's citation to *Kumar v. Frisco Indep. Sch. Dist.*, 476 F.Supp.3d 439 (E.D. Tex. 2020) appears misplaced. See Dkt. 48, p.8. *Kumar* does not stand for the proposition that lay persons (non-experts) may create the required illustrative plan that satisfies the first *Gingles* precondition or that the expert who creates such a plan does not need to employ the proper methodology. Cf. *Fairley*, 584 F.3d at 669 ("the first *Gingles* precondition 'specifically contemplates the creation of hypothetical districts.'"); *Chen v. City of Houston*, 206 F.3d 502, 508 (5th Cir. 2000) ("[e]ven on a motion for summary judgment, we are not required to take heed of an ill-reasoned expert opinion."); *Jimerson v. Lewis*, 2022 U.S. Dist. Lexis 61460, *15 (N.D. Tex. 2022) ("Expert opinions that fail to set forth a discernable methodology are conclusory and lack the requisite evidentiary reliability mandated by Rule 702."). Here, Plaintiff's expert, Dr. Stein, did not use the methodology required by the Fifth Circuit in creating his only illustrative plan.

4.  Here, as argued in Defendants' Motion for Summary Judgment, Dr. Stein's proposed illustrative plan – which is the ***only*** proposed illustrative plan proffered by Plaintiff – is not reliable and, because it is not reliable, cannot be used to defeat summary judgment: not only did Dr. Stein not take into account or analyze traditional districting principles, he did ***so little*** to create Plaintiff's only proposed illustrative plan that he cannot explain the methodology used. See Dkt. 43, ¶ 4.3(e-g). Accordingly, Dr. Stein's opinion testimony regarding the first *Gingles* precondition is unreliable and should not be considered as evidence sufficient to meet this precondition and avoid summary judgment. See Dkt. 43, ¶¶ 4.3, 5.2-5.10. See also, e.g., *Jimerson,* 2022 U.S. Dist. Lexis 61460 at *15:

> Expert opinions that fail to set forth a discernable methodology are conclusory and lack the requisite evidentiary reliability mandated by Rule 702. To be competent summary judgment evidence, an expert's report must contain some "indication of the reasoning process underlying the opinion." [citation]. Neither *Daubert* nor the Federal Rules of Evidence "requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." [citation].

5.  Next, contrary to Plaintiff's response, the testimony of SBISD's representative at her Rule 30(b)(6) deposition does not eliminate the requirement that, to satisfy the first *Gingles* precondition, Plaintiff must herself (through her expert) submit as evidence hypothetical redistricting schemes in the form of illustrative plans that respect traditional districting principles (which Dr. Stein did ***not*** do here).[3]

---

[3] On this issue, Plaintiff's response's citations to Christine Porter's deposition testimony omits the following question and answer:
> Q. Setting aside communications with legal counsel, [ ], are you aware of any other sources of information confirming that as many as three single-membered districts could be drawn in Spring Branch in which the concentration of voting age Hispanics would be a majority?
> A. No.

Porter Deposition, p. 35, l. 14-21.

6. In this regard, Plaintiff's response cites *Reed v. LKQ, Corp.,* 436 F.Supp.3d 892 (N.D. Tex. 2020), for the proposition that "statements by corporate designees under Rule 30(b)(6) are binding on the corporate party." See Dkt. 48, p. 4. However, the response omits the remainder of the opinion's holding that "it is a general rule that such testimony does not constitute a 'judicial admission' which decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative." *Id.* at 913. See also *Palmisano, LLC v. N. Am. Capacity Ins. Co.,* 2021 U.S. Dist. Lexis 91955, *4-6 (E.D. La. 2021) (same). Notably, Ms. Porter's December 28, 2021 Rule 30(b)(6) deposition was taken *before* she and SBISD had the benefit of either Dr. Stein's January 20, 2022 report or his February 9, 2022 deposition. In other words, Ms. Porter did not, and could not, admit that Dr. Stein's later-created proposed illustrative plan/map satisfied Plaintiff's burden to establish the first *Gingles* precondition. And, further, there is no evidence that Dr. Stein relied on Ms. Porter's testimony when he created his proposed illustrative plan/map.

7. Moreover, and importantly, Ms. Porter's testimony is not an "admission" that Plaintiff has satisfied the first *Gingles* precondition, which requires plaintiffs to "propose hypothetical redistricting schemes and present them to the district court in the form of illustrative plans," and that such plans adhere to traditional districting principles. *Fairley,* 584 F.3d at 669. A statement of a party is a conclusive admission only if it is "deliberate, clear and unequivocal"; only "unassailable statement[s] of fact," not "vague and uncertain statements" constitute admissions. *In re Corland Corp.,* 967 F.2d 1069, 1074 (5th Cir. 1992); *de Beck v. United States,* 2012 U.S. Dist. Lexis 193392, *82-83 (W.D. Tex. 2012). See also *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 252 (5th Cir. 1990) (statements of opinion, not facts, are not admissions). Here, Ms. Porter's statement that in "meetings we had with legal counsel at the time" she understood that

drawing Hispanic-majority single member districts "can happen" in a vacuum, but that she was *not aware* of sources confirming this, is far from an unequivocal admission relieving Plaintiff of her burden to satisfy the first *Gingles* precondition, including on summary judgment.

8. Moreover, since Plaintiff's counsel asked no substantive follow-up questions, it is clear that Ms. Porter **did not** say that Dr. Stein could draw an illustrative plan/map that respects traditional districting principles[4] and that Dr. Stein's proposed district will in fact perform as Plaintiff hopes.[5] Ms. Porter's statement is certainly not an "unassailable statement of fact."

9. Finally, contrary to Plaintiff's response (see Dkt. 48, p. 6), SBISD's expert Dr. Alford's cited deposition testimony is insufficient to shift the burden of providing a reliable illustrative plan away from Plaintiff. First, these deposition questions were objected to because they exceeded the scope of Dr. Alford's engagement and opinion; these objections should be sustained and this testimony excluded. In addition, Dr. Alford's testimony should be excluded because, as Dr. Alford explained, "I haven't looked at any of this." Alford Deposition, p. 99 (Exhibit E to Plaintiff's response). Critically, after Dr. Alford stated that "I haven't looked at any of this," the following questions and answers took place:

> Q. Is the Latino community in SBISD sufficiently large and geographically compact to constitute a majority in a single-member district?
>
> A. I don't know.

---

[4] According to the Fifth Circuit, "under *Gingles,* compactness requires accounting for traditional districting principles such as maintaining communities of interest and traditional boundaries." *Gonzalez*, 601 Fed. Appx. at 258. Importantly, "*those principles must be considered when analyzing that aspect of the first Gingles precondition*." *Id*. at 259. In *Gonzalez*, the Fifth Circuit affirmed the district court's judgment that the plaintiff failed to propose a hypothetical district that satisfied the first *Gingles* precondition, holding that the district court correctly ruled that, like here, "plaintiffs presented a geographically compact hypothetical district with a greater-than-50-percent Latino voting-age 'minority' population; but, nevertheless, failed to satisfy the compactness precondition because their plans did not respect traditional districting principles." *Id*. at 257.

[5] See *Harding v. Cty of Dallas,* 948 F.3d 302, 309-10, 316 (5th Cir. 2020).

> Q. In your experience? You've drawn maps.
>
> A. I don't know.

Alford deposition, p. 100. Dr. Alford's testimony does not defeat SBISD's right to summary judgment. Plaintiff still has the burden to prove the first Gingles precondition. Because "the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim," summary judgment is proper. *Imperial Trading Co.*, 2009 U.S. Dist. Lexis 64010, at *3-4 (citing *Celotex Corp.*, 477 U.S. at 325).

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
SD Tex. Bar No. 335298
ccrawford@abernathy-law.com
**Lucas C. Henry**
State Bar No. 24101901
SD Tex. Bar No. 3727871
lhenry@abernathy-law.com
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: 214-544-4000
Facsimile: 214-544-4040

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On May 17, 2022, I electronically served the foregoing on counsel for Plaintiff and amicus by the Court's ECF system.

*/s/Charles J. Crawford*
Charles J. Crawford