## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA ELIZONDO, § <br>    *Plaintiff*, § <br> § <br> v. § <br> § <br> SPRING BRANCH INDEPENDENT SCHOOL § <br> DISTRICT, and COURTNEY ANDERSON, § <br> JOHN PEREZ, CAROLINE BENNETT, § <br> SHANNON MAHAN, MINDA CAESAR, CHRIS § <br> EARNEST, & LISA ALPE IN THEIR § <br> OFFICIAL CAPACITIES AS MEMBERS OF § <br> THE BOARD OF TRUSTEES OF SPRING § <br> BRANCH ISD § <br>    *Defendants*. § | Civil Action No. 4:21-CV-01997 |

### JOINT PRETRIAL ORDER

**1. APPEARANCE OF COUNSEL**

**COUNSEL FOR PLAINTIFF, VIRGINIA ELIZONDO**

Barry Abrams
State Bar No. 00822700
SD Tex. Bar No. 2138
Robert Scott
State Bar No. 17911800
SD Tex. Bar No. 3085
Domingo Llagostera
State Bar No. 24070157
SD Tex. Bar No. 1120040
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
barry.abrams@blankrome.com
bob.scott@blankrome.com
domingo.llagostera@blankrome.com

Martin Golando
State Bar No. 24059153
Admitted Pro Hac Vice
THE LAW OFFICE OF MARTIN GOLANDO, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
(210) 405-6772 (fax)
martin.golando@gmail.com

**COUNSEL FOR DEFENDANTS, SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, AND COURTNEY ANDERSON, JOHN PEREZ, CAROLINE BENNETT, SHANNON MAHAN, MINDA CAESAR, CHRIS EARNEST, AND LISA ALPE, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF SPRING BRANCH INDEPENDENT SCHOOL DISTRICT**

Charles J. Crawford
State Bar No. 05018900
SD Tex. Bar No. 335298
Lucas C. Henry
State Bar No. 24101901
SD Tex. Bar No. 372871
ABERNATHY, ROEDER, BOYD & HULLETT, P.C.
Redbud Blvd., Suite 300
McKinney, Texas 75069
(214) 544-4000
(214) 544-4040 (fax)
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**2.   STATEMENT OF THE CASE**

This suit contests the legality of the "at-large" method of electing members of the Spring Branch Independent School District ("SBISD") Board of Trustees under the Section 2 of the Voting Rights Act ("VRA"), 52 U.S.C. Section 10301 *et seq*.

Section 2 of the Voting Rights Act prohibits enforcement of any voting qualification, prerequisite to voting, standard, practice, or procedure that results in the denial or abridgment of the right to vote on account of race, color, or language minority status.

Defendant SBISD is an independent Texas public school district that elects its seven-member school board "at large," meaning that the trustees are elected by all voters within the jurisdiction rather than from single-member districts. The trustees are elected to three-year terms and by place. Defendants Courtney Anderson, John Perez, Caroline Bennett, Shannon Mahan, Minda Caesar, Chris Earnest, and Lisa Alpe are the current trustees of SBISD, and are named in their official capacities as trustees of SBISD.

Between 2015 and 2023, SBISD conducted fifteen trustee elections. Plaintiff, Virginia Elizondo, is a Hispanic registered voter in SBISD who ran for election to a trustee seat in 2015 and 2021. Ms. Elizondo was not elected. She alleges that she and other Hispanic voters in SBISD have had their right to vote denied or abridged because SBISD's "at large" method of electing trustees violates the VRA by depriving Hispanic voters of the opportunity to elect their preferred candidates. Ms. Eilzondo seeks declaratory and injunctive relief to preclude Defendants from maintaining the current "at large" election method, and other relief to which the Court determines she is justly and equitably entitled.

Defendants deny Plaintiff's allegations.

3. **JURISDICTION**

The Court has jurisdiction over this action under 28 U.S.C. §§1331, 1343(a)(3) & (4) and 42 U.S.C. §§ 1983, 1988.

4. **MOTIONS**

There are no pending motions.

5. **THE PARTIES' CONTENTIONS**

Plaintiff's contentions are stated in separate paragraphs in **Exhibit 1**.

Defendants' contentions are stated in separate paragraphs in **Exhibit 2**.

6. **ADMISSIONS OF FACT**

   a. SBISD is an independent Texas public school district created in 1946.

   b. SBISD elects its seven-member school board through an "at large" election method based upon numbered positions. The "at large" election method is permitted by Texas law.

   c. Board members serve staggered three-year terms and are elected annually on the May uniform election date.

   d. Plaintiff Virginia Elizondo is a Hispanic who resides and is a registered voter in SBISD.

   e. Virginia Elizondo ran for a trustee position in SBISD in the 2015 and 2021 elections, but was not elected.

   f. SBISD has no record that a person of color had ever been elected to a trustee position in SBISD prior to May of 2022. Defendant John Perez, who is Hispanic, was elected in May, 2022.

   g. Defendant Courtney Anderson is the current Trustee of "Position 1" for SBISD.

   h. Defendant John Perez is the current Trustee of "Position 6" for SBISD.

    i. Defendant Caroline Bennett is the current Trustee of "Position 7" for SBISD.

    j. Defendant Shannon Mahan is the current Trustee of "Position 2" for SBISD.

    k. Defendant Minda Caesar is the current Trustee of "Position 3" for SBISD.

    l. Defendant Chris Earnest is the current Trustee of "Position 4" for SBISD.

    m. Defendant Lisa Alpe is the current Trustee of "Position 5" for SBISD.

7. **CONTESTED ISSUES OF FACT**

    a. Whether Hispanics are sufficiently large in number and geographically compact to constitute a majority in at least one single member district in SBISD.

    b. Whether Hispanics in SBISD are politically cohesive.

    c. Whether White voters in SBISD vote sufficiently as a bloc to enable them usually to defeat the Hispanic-preferred candidate.

    d. Whether under the totality of circumstances the SBISD "at-large" election method interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by Hispanic and white voters.

    e. Whether under the totality of the circumstances, the SBISD "at-large" election method is equally open to participation by Hispanic voters in that they have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

    f. Whether Ms. Elizondo was or is being injured by the SBISD "at-large" election method.

    g. Whether Ms. Elizondo is entitled to declaratory relief and an injunction precluding SBISD from maintaining its "at-large" election system.

4

8. **AGREED APPLICABLE PROPOSITIONS OF LAW**

Plaintiff brings her action under Section 2 of the Voting Rights Act ("VRA"), 52 U.S.C. Section 10301 *et seq*.

Section 2 of the VRA, 52 U.S.C. Section 10301 *et seq*., applies nationwide and prohibits voting practices and procedures that result in the denial or abridgement of the right of any citizen to vote on account of race, color, or membership in a language minority group.

In *Gingles v. Thornberg*, 478 U.S. 30, 47 (1986), the Supreme Court

> "described the 'essence of a §2 claim' as when 'a certain electoral practice, or structure interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by [minority] and white voters.'. . . That occurs where an 'electoral structure operates to minimize or cancel out' minority voters' 'ability to elect their preferred candidates.' . . . Such a risk is greatest 'where minority and majority voters consistently prefer different candidates' and where minority voters are submerged in a majority population that 'regularly defeat[s]' their choices."

*Allen v. Milliken*, 599 U.S. ___, 143 S.Ct. 1487,1494, 216 L.Ed.2d 60, 65, 2023 U.S. LEXIS 2423, *4(2023)(internal citations omitted).

Under Supreme Court precedent, to prove a violation of the VRA, a plaintiff must first satisfy the following three preconditions (called the *"Gingles"* preconditions, *Milliken*, *id*.; *Gingles*, 478 U.S. at 50)):

   a. the minority group must be sufficiently large and geographically compact to constitute a majority in a reasonably configured district;

   b. the minority group is politically cohesive; and

   c. the white majority votes sufficiently as a bloc to enable it to usually defeat the minority's preferred candidate.

If the *Gingles* preconditions are satisfied, a plaintiff must then show under the totality of circumstances that the challenged political process is not equally open to minority voters. Factors relevant to this showing may include one or more of the following "Senate Factors" found in S. Rep. No. 97-417, 97th Cong. 2nd Sess. 28 (1982)):

5

a. the extent of any history of official discrimination in the state or political subdivision that touched the right of members of the minority group to register, vote, or otherwise to participate in the democratic process;

b. the extent to which voting in the elections of the state of political subdivision is racially polarized;

c. the extent to which the state or political subdivision has used unusually large election districts, majority vote requirements, anti-single shot provisions, or other voting practices or procedures that may enhance the opportunity for discrimination against the minority group;

d. if there is a candidate slating process, whether the members of the minority group have been denied access to that process;

e. the extent to which members of the minority group in the state or political subdivision bear the effects of discrimination in such areas as education, employment and health, which hinder the ability to participate effectively in the political process;

f. whether political campaigns have been characterized by overt or subtle racial appeals;

g. the extent to which members of the minority group have been elected to public office in the jurisdiction;

h. whether there is a significant lack of responsiveness on the part of the elected officials to the particularized needs of the members of the minority group or

i. whether the policy underlying the state or political subdivision's use of such voting qualification, prerequisite to voting, or standard, practice or procedure is tenuous.

The Senate Factors are not comprehensive or exclusive. Not every factor will be relevant in every case. Plaintiff need not prove a majority of these factors, nor even any particular number of them in order to sustain her claims. *See Gingles*, 478 U.S. at 45.

9. **CONTESTED ISSUES OF LAW**

Plaintiff's objections to Defendants' exhibit list, are attached as **Exhibit 3**.

Defendants' objections to Plaintiff's exhibit list, are attached as **Exhibit 4**.

Other contested issues of law are reflected in the parties' respective proposed conclusions of law, attached as **Exhibits 9 and 11**.

10. **EXHIBITS**

Plaintiff and Defendants have attached two copies of their respective lists of exhibits expected to be offered at trial and made them available for examination by opposing counsel.

Plaintiff's exhibit list is attached as **Exhibit 5**. Plaintiff reserves the right to supplement or withdraw documents listed on her Exhibit List and modify the Exhibit List and corresponding PDF images to reflect conditional offers, the results of other pretrial or trial rulings, and any later agreements between the parties.

Defendants' exhibit list is attached as **Exhibit 6**. Defendants reserve the right to supplement or withdraw documents listed on their Exhibit List and modify the Exhibit List and corresponding PDF images to reflect conditional offers, the results of other pretrial or trial rulings, and any later agreements between the parties.

11. **WITNESSES**

Plaintiff and Defendants have attached lists of their respective witnesses who may be called at trial, separately stating those whom the party intends to present and those whom a party may call if the need arises, and included a brief statement of the nature of the testimony. With respect to any witness appearing by deposition, each party has cited the inclusive pages and lines to be read. With respect to expert witnesses, each party has submitted a brief statement of the nature of the testimony and their qualifications.

Plaintiff's witness list is attached as **Exhibit 7**.

Defendants' witness list is attached as **Exhibit 8**.

## 12. Settlement

There have been no settlement efforts. There is no current settlement demand or offer. The Parties do not reasonably expect the case to settle.

## 13. TRIAL

This is a bench trial. The parties estimate that 28-30 hours of evidence will be presented and that the testimony can be completed within five trial days.

The parties do not presently anticipate logistical problems or witness availability issues other than on October 30, 2023. In addition, Defendants' counsel is set for trial beginning November 6, 2023, in the Eastern District of Texas in Cause No. 4:22-cv-184.

## 14. ADDITIONAL REQUIRED ATTACHMENTS

Plaintiff's Proposed Findings of Fact and Conclusions of Law are attached as **Exhibit 9**.

Plaintiff's Memorandum of Law is attached as **Exhibit 10**.

Defendants' Proposed Findings of Fact and Conclusions of Law are attached as **Exhibit 11**.

Defendants' Memorandum of Law is attached as **Exhibit 12**.

Date:_____

_____
Sim Lake
United States District Judge

APPROVED:

Date: 10/06/23
Barry Abrams, Attorney-in-Charge, Plaintiff

Date: 10-4-23
Charles J. Crawford, Attorney-in Charge, Defendants