# EXHIBIT 1

**EXHIBIT TO**
**JOINT PRETRIAL ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-CV-01997 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, & COURTNEY ANDERSON, JOHN PEREZ, CAROLINE BENNETT, SHANNON MAHAN, MINDA CAESAR, CHRIS EARNEST, & LISA ALPE IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF SPRING BRANCH ISD | § | |
|   *Defendants.* | | |

## PLAINTIFF'S CONTENTIONS

1. Section 2 of the Voting Rights Act, 52 U.S.C. Section 10301 *et seq*. (Section 2 of the Voting Rights Act of 1965, as amended) (the "VRA") prohibits enforcement of any voting qualification, prerequisite to voting, standard, practice, or procedure that results in the denial or abridgment of the right to vote on account of race, color, or language minority status.

2. The "at-large" method of electing members of the Spring Branch Independent School District ("SBISD") Board of Trustees violates the VRA because it deprives tens of thousands of Hispanic voters in SBISD of their voting rights guaranteed by law (the "VRA Claim").

3. Plaintiff, Virginia Elizondo, is a Hispanic registered voter in SBISD with standing to assert the VRA Claim.

4. In *Thornburg v. Gingles*, 478 U.S. 30 (1986), the United States Supreme Court established a two-part analysis for evaluating VRA vote dilution caused by at-large electoral systems. Part one involves an evaluation of three *Gingles* factors or preconditions, whether: (1) a minority group is sufficiently large and geographically compact to constitute a majority in a single-member district; (2) a minority group is politically cohesive and votes as a bloc; and (3) the white majority votes sufficiently as a bloc to enable it in the absence of special circumstances, to defeat the minority's preferred candidate. Part two involves an evaluation whether, under the totality of the circumstances, the minority members of the electorate have less opportunity than other members of the electorate to participate in the political process and elect the representatives of their choice.

5. On June 28, 2023, the Supreme Court of the United States re-affirmed the *Gingles* two-part test in *Allen, Ala. Sec. of State, et al. v. Milligan, et al.*, 599 U.S. _____, 143 S.Ct. 1487,1494, 216 L.Ed.2d 60, 65, 2023 U.S. LEXIS 2423, *4(2023). In *Gingles*, the Supreme Court

   > "described the 'essence of a §2 claim' as when 'a certain electoral practice, or structure interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by [minority] and white voters.'. . . That occurs where an 'electoral structure operates to minimize or cancel out' minority voters' 'ability to elect their preferred candidates.' . . . Such a risk is

>    greatest 'where minority and majority voters consistently prefer different candidates' and where minority voters are submerged in a majority population that 'regularly defeat[s]' their choices."

*Allen v. Milliken*, 599 U.S. ___, 143 S.Ct. 1487,1494, 216 L.Ed.2d 60, 65, 2023 U.S. LEXIS 2423, *4(2023)(internal citations omitted).

6. The three *Gingles* preconditions are satisfied here because:(1) Hispanics are sufficiently large in number and geographically compact to constitute a majority in at least one single member district in SBISD; (2) Hispanics in SBISD are politically cohesive and vote as a bloc; and (3) their preferred candidates are usually defeated by White bloc voting.

7. Under the totality of the circumstances, the SBISD at-large electoral system violates Section 2 of the VRA, since:

>    a. it results in the District's Hispanic citizens having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.
>
>    b. SBISD's schools and residential populations are starkly segregated by race and ethnicity;
>
>    c. SBISD has a historical pattern and practice of impairing the voting rights of its minority voters by, among other things, discriminatory placement of early voting locations solely in majority white portions of the district, reducing the number and limiting the location of election day polling places from twenty-seven to seven locations, and failing to comply with State voter registration laws which would increase minority voter participation;
>
>    d.  as a result of historical discrimination against Hispanics in Texas, Houston and Spring Branch, their

ability to participate effectively in the political process remains impaired; and

e. a single-member plan for SBISD would likely strongly improve bilingual and other educational outcomes critical for Hispanic students and increase the responsiveness of school board trustees to minority and low-income students, minority voters and minority educators.

8. For these reasons and the reasons proven at trial, Plaintiff is entitled to declaratory and injunctive relief, precluding Defendants from maintaining an at-large system for electing SBISD school board trustees, as well as her attorneys' fees, litigation expenses, and court costs and such other and further relief to which the Court determines she is justly and equitably entitled.

Respectfully submitted,

/s/Barry Abrams_____
Barry Abrams
State Bar No. 00822700
SD Tex. Bar No. 2138
Robert Scott
State Bar No. 17911800
SD Tex. Bar No. 3085
Domingo Llagostera
State Bar No. 24070157
SD Tex. Bar No. 1120040
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
barry.abrams@blankrome.com
bob.scott@blankrome.com
domingo.llagostera@blankrome.com

Martin Golando
State Bar No. 24059153
Admitted Pro Hac Vice
THE LAW OFFICE OF MARTIN GOLANDO, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
(210) 405-6772 (fax)
martin.golando@gmail.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all parties of record via the Court's electronic filing system on October 6, 2023

___/s/Barry Abrams_____
Barry Abrams