IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRGINIA ELIZONDO, §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>SPRING BRANCH INDEPENDENT SCHOOL §<br>DISTRICT, *ET AL.*, §<br>    *Defendants.* § | Civil Action No. 4:21-CV-01997 |

**Advisory to the Court and Request to Reset Case for Trial**

Counsel for Plaintiff advises the Court that on December 15, 2023, the United States Court of Appeals for the Fifth Circuit denied both panel rehearing and rehearing en banc in No. 22-30333, 2023 U.S. App. LEXIS 30039, *Robinson v. Ardoin* (5th Cir. Nov. 10, 2023)(holding that a private right of action exists under Section 2 of the Voting Rights Act ("VRA")). A copy of the per curiam opinion of Circuit Judges King, Elrod and Southwick is attached.

For that reason and for the reasons outlined below, Plaintiff respectfully requests that the Court reset her case for trial at the earliest practicable time consistent with the Court's schedule and the schedules of counsel and material witnesses.

    1.   <u>The November 29, 2023 Hearing</u>. - On November 29, 2023, the Court cancelled the trial in this case that was scheduled to begin on December 4, 2023. The Court observed that on November 20, 2023, the Eighth Circuit had reached a conclusion contrary to that of the Fifth Circuit in *Robinson*, holding that no private right of action exists to enforce Section 2 of the VRA. *Arkansas*

*State Conf. NAACP v. Arkansas Bd. of Apportionment*, No. 22-1395 (8th Cir. Nov. 20, 2023). The Court also noted that the Appellants in *Robinson* had given notice of their intent to seek rehearing and that the Fifth Circuit had granted them leave to do so on December 1, 2023. In light of the then potentially unresolved procedural status of Fifth Circuit law, the Court took this case off the docket.

2. <u>Under Binding Fifth Circuit Precedent A Private Right of Action Exists Under Section 2 of the VRA</u>. - Now that the Fifth Circuit has denied rehearing in *Robinson*, the binding precedent in this Circuit remains clear: a private right of action exists under Section 2 of the Voting Rights Act. *Robinson*, slip op. at 9-11.

3. <u>Fifth Circuit Law Accords with Supreme Court and Other Circuit Precedent, Save for the Eighth Circuit</u>. - The Fifth Circuit's decision also squares with decades of consistent rulings by the Supreme Court and every court of appeals and district court that has addressed the issue, save for the Eighth Circuit. See, e.g., *Morse v. Republican Party of Virginia*, 517 U.S. 186, 232, 240 (1996)(opinion of Stevens, J.)(holding that the VRA confers private rights of action to enforce Sections 2, 5 and 10); *Allen v. Board of Elections*, 393 U.S. 544 (1969)(holding that Section 5 confers a private right of action); *Ala. State Conf. of NAACP v. Alabama*, 949 F.3d 647, 652 (11th Cir. 2020), *vacated as moot* 141 S.Ct. 2618 (2021)("The language of §2 and §3 read together . . . provides remedies to private parties to address violations under

the statute."); *Mixon v. Ohio*, 193 F.3d 389, 398-99 (6ᵀᴴ Cir. 1999)(same).

4. <u>The Text of the VRA Provides for a Private Right of Action to Enforce Section 2 of the VRA</u>. – The text of the VRA also confirms the availability of a private right of action to enforce Section 2, under the framework the Supreme Court announced in *Alexander v. Sandoval*, 532 U.S. 275 (2001). The statutory language in Section 2 protecting the "right of any citizen . . . to vote" free from racial discrimination (52 U.S.C. §10301(a))evidences Congressional intent to create a private right by explicitly mentioning a "right" and focusing on the individuals protected. *See Sandoval*, 532 U.S. at 286. Sections 3 and 14 of the VRA evidence the statute's "intent to create not just a private right but also a private remedy" for the prohibitions on racial discrimination contained in Section 2. *Id.* Section 3 provides broadly for relief in a "proceeding" brought by "the Attorney General *or an aggrieved person* . . . under *any statute* to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10302(a)(emphasis added). Section 14(e) authorizes "the prevailing party, *other than the United States*" to seek attorneys' fees "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. §10310(e). Reading these provisions together, the statutory text makes plain the intent of

Congress to confer on aggrieved persons — *i.e.*, private plaintiffs — the right to enforce the Act. *See Morse*, 517 U.S. at 233 (plurality)(concluding that Sections 3 and 14 recognize private rights of action under the VRA).

5. <u>Congress Has Ratified the Decades of Caselaw Allowing Private Parties to Bring Claims under Section 2 of the VRA</u>. - Congress has ratified the consistent judicial rulings that private litigants can vindicate Section 2 of the VRA, by repeatedly reenacting the VRA. Congress amended the VRA in 1970, 1975, 1982, and 2006. *See* Pub. L. No. 91-285, 84 Stat. 314 (1970); Pub. L. No. 94-73, 89 Stat. 400 (1975); Pub. L. No. 97-205, 96 Stat. 131 (1982); Pub. L. No. 109-246,120 Stat. 577 (2006). When amending the VRA in 1982, expressly reversing the Supreme Court's interpretation of Section 2 to reach only intentional discrimination in *City of Mobile* v. *Bolden*, 446 U.S. 55 (1980)— a case brought by individual voters — Congress did not amend the statute to reflect that *Bolden* had been incorrect in allowing private enforcement of Section 2. *Accord Thornburg* v. *Gingles*, 478 U.S. 30 (1986) (interpreting the 1982 amendments to Section 2 in an action brought by private plaintiffs). After the Court affirmed the existence of a private right of action under Section 2 in *Morse*, Congress again reauthorized and amended the VRA but did not deny private litigants their ability to pursue Section 2 claims. *See* Pub. L. 109-246, 120 Stat. 577 (2006).

6. <u>The Legislative History of the VRA Confirms Congressional Intent that Citizens Have a Private Cause of Action to Enforce Section 2</u>. – In *Gingles*, the Supreme Court recognized the Senate Report adopted with the 1982 amendment to the VRA as the "authoritative source for legislative intent" about Section 2. *Gingles*, 478 U.S. at 43 n.7. In the Senate Report, Congress expressly stated its intent that citizens have a private cause of action to enforce these rights. S. Rep. No. 97-417, at 30 (The Senate VRA Committee "reiterate[d] the existence of the private right of action under Section 2, as has been clearly intended by Congress since 1965."); *see also* H.R. Rep. No. 97-227, at 32 ("It is intended that citizens have a private cause of action to enforce their rights under Section 2.").

\* \* \*

There no longer can be any reasonable doubt that under controlling Fifth Circuit precedent, Plaintiff has the right to pursue her cause of action under Section 2 of the VRA. Delaying resolution of this case will perpetuate what the evidence will show is an electoral system that wrongfully deprives Latino voters in the Spring Branch Independent School District ("SBISD") of the opportunity to elect their preferred candidates to the SBISD Board of Trustees. Plaintiff therefore respectfully requests that the Court reset her case for trial at the earliest practicable time consistent with the Court's schedule and the schedules of counsel and material witnesses.

Respectfully submitted:

<table>
<tr><td>

/s/ Barry Abrams
Barry Abrams
State Bar No. 00822700
Robert Scott
State Bar No. 17911800
SD Tex. Bar No. 3085
SD Tex. Bar No. 2138
Domingo Llagostera
State Bar No. 24070157
SD Tex. Bar No. 1120040
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
barry.abrams@blankrome.com
bob.scott@blankrome.com
domingo.llagostera@blankrome.com

</td><td>

/s/ Martin Golando
Martin Golando
State Bar No. 24059153
Pro Hac Vice
THE LAW OFFICE OF MARTIN GOLANDO, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
(210) 405-6772 (fax)
martin.golando@gmail.com

</td></tr>
</table>

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on December 18, 2023, a true and correct copy of the foregoing document was served on the following counsel via email:

Charles Crawford
ccrawfdord@abernathy-law.com
Lucas Henry
lhenry@abernathy-law.com


    /s/ Barry Abrams
Barry Abrams