UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-01997 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, et al., | § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ADVISOY TO THE COURT AND REQUEST TO RESET CASE FOR TRIAL

In light of the recent opinion of the Eighth Circuit in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment,* No. 22-1395, the Court has stayed the trial of this case.[1] Dkt. 88 and 89. During the stay, the Court has ordered the parties to provide a joint status report every 60 days. Dkt. 89.

On December 18, 2023, Plaintiff filed her unilateral Advisory to the Court and Request to Reset Case for Trial. Dkt. 90. In this filing, Plaintiff advises the Court that the Fifth Circuit in *Robinson v. Ardoin,* No. 22-30333, which has reached a contrary conclusion than that found by the Eighth Circuit in *Arkansas State Conference NAACP,* has now denied rehearing in that on-going appeal. Based on the Fifth Circuit's denial of rehearing, Plaintiff asks the Court to reset this case for trial, arguing that *Robinson* is now binding Fifth Circuit precedent.

In response, Defendants believe that Plaintiff's request is premature. Based on the Eighth Circuit's decision in *Arkansas State Conference NAACP*, there is a ***clear conflict*** between the Fifth

---

[1] In *Arkansas State Conference NAACP,* the Eighth Circuit held that the Voting Rights Act does not contain an implied private right of action to enforce Section 2 of that Act.

Circuit and the Eighth Circuit opinions, meaning an enhanced likelihood the Supreme Court will take one or both cases on appeal, especially considering the upcoming 2024 state and national elections.[2] As such, prudence and judicial economy dictate waiting to reset this case for trial until either (1) the Supreme Court declines to accept the appeal(s), thereby leaving the holding in *Robinson* undisturbed, or (2) the Supreme Court accepts the appeal(s) and issues its dispositive opinion.  This is consistent with the approach just taken by the Fifth Circuit in *Petteway v. Galveston County*, No. 23-40582, (December 7, 2023, en banc order attached), wherein the en banc court entered a stay because, *inter alia*, "the parties advocating that new districts should be put in place before the impending election have not shown that the underlying voting rights issue is 'entirely clearcut' in their favor. **There is a circuit split**. … Accordingly, I have voted to grant a stay pending appeal." (Richman, C.J., concurring) (emphasis added).

Respectfully submitted,

**ABERNANTHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Charles J. Crawford*
**Charles J. Crawford**
Texas Bar No. 05018900
**Lucas C. Henry**
State Bar No. 24101901
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069-1210
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

---

[2] Petition for rehearing en banc is still pending in *Arkansas State Conference NAACP*.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, a true and correct copy of Defendants' Response to Plaintiff's Advisory to the Court and Request to Reset Case for Trial was served upon Plaintiff's attorneys by e-service.

*/s/Charles J. Crawford*
Charles J. Crawford