UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, <br> *Plaintiff,* <br><br> v. <br><br> SPRING BRANCH INDEPENDENT <br> SCHOOL DISTRICT, et al., <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:21-cv-01997 |

# THIRD JOINT STATUS REPORT

Plaintiff Virginia Elizondo and Defendants the Spring Branch Independent School District and its Board of Trustees file this Joint Status Report as directed by this Court's Order on November 29, 2023. Dkt. 89.

## I.
## Introduction

1.1 This case was set for trial on Monday, December 4, 2023. Shortly before trial, the Eighth Circuit Court of Appeals held that the Voting Rights Act does not contain an implied private right of action to enforce Section 2 of that Act. *See Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204 (8th Cir. 2023). In light of the Eighth Circuit's holding, this Court ordered the parties to appear at a hearing "to consider the effect" of the Eighth Circuit's decision. Dkt. 88.

1.2 At the hearing, the parties discussed both the Eighth Circuit's holding and the Fifth Circuit's then recent holding in *Robinson v. Ardoin*, 86 F.4th 574, 587-588 (5th Cir. 2023) (holding that a private right of action exists under Section 2 of the Voting Rights Act ("VRA")). This Court expressed reservation about proceeding to trial with the existence of a circuit split on the issue of whether §2 of the Voting Rights Act contains an implied private right of action. Accordingly, the Court issued an order cancelling trial and ordering the parties to "provide the Court a joint status report in sixty (60) days, and at sixty (60) day intervals thereafter." Dkt. 89.

1.3     The parties filed the first joint status report on January 25, 2024[1] and their second joint status report on March 25, 2024.  This is their third joint status report.

## II.
## Third Joint Status Report

2.1     On December 11, 2023, the *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment* (the Eighth Circuit case) Appellants filed a Petition for Rehearing and/or for Rehearing En Banc. The Eighth Circuit denied the Petition for Rehearing on January 30, 2024. The United States Supreme Court has extended the time for filing a petition for a writ of certiorari to June 28, 2024.

2.2     In *Robinson v. Ardoin* (the Fifth Circuit Case), the Appellants filed a Petition for Rehearing En Banc, which the Court denied on December 15, 2023. To the parties' knowledge, no Petition for Certiorari was filed with the U.S. Supreme Court.

## III.
## Plaintiff's Separate Statement

3.1     Notwithstanding the Eighth Circuit decision, which is a singular outlier, appellate and other trial judges in the Fifth Circuit recently have reaffirmed the right of private plaintiffs to prosecute Section 2 VRA suits on behalf of minority voters.

3.2     For example, on February 24, 2014, in an opinion by Judge Jerry Smith, the Fifth Circuit observed that:

> *The United States Supreme Court has long allowed private plaintiffs and the United States to bring VRA section 2 suits. Private plaintiffs entitled to file VRA section 2 suits are legion . . . .* [footnote omitted citing *Brovnich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2334, 210 L.Ed2d 753 (2021) with a "*But see*" citation to *Arkansas State Conf. NAACP*]*. . . .* Any *judicial relief* granted *for successfully litigating a section 2 claim . . . necessarily accrues to all affected voters regardless of whether the lawsuit is brought by* the United States or by *LUPE or by any other private plaintiff*.

---

[1] Plaintiff filed an Advisory to the Court and Request to Reset Case for Trial" on December 18, 2023. Dkt. 90. Defendants filed a Response. Dkt. 91. The Court has not addressed the Advisory or Response.

*La Union Del Pueblo Entero v. Abbott*, 93 F.4th 310, 324 (5th Cir. 2024)(legislators have appellate standing to contest denial of legislative privilege)(emphasis added).

    3.3    Similarly, on February 8, 2024, the Chief Judge of the United States District Court for the Middle District of Louisiana denied defendants' objection to the prosecution of a Section 2 VRA claim by private plaintiffs, rejected defendants' attempt to invoke the Eighth Circuit decision in *Arkansas State Conference NAACP*, after conducting a non-jury VRA trial that began November 27, 2023 and ended on December 5, 2023:

> Defendants rely on the Eighth Circuit's recent ruling in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, where the Circuit Court found that *§2 of the Voting Rights Act* does not confer a private right of action … ..
>
> Although Defendants seek to use this case and task the Court with a thorough analysis of previous Supreme Court decisions and the intentions of Congress, the Court finds these steps unnecessary as the Fifth Circuit has already addressed this issue and reached a different conclusion from the Eighth Circuit, a point acknowledged by the Defendants and the Plaintiffs. . . .
>
> District courts are bound by their circuit's decisions unless a decision is overturned by an en banc decision of their circuit court or the Supreme Court. [n. 92][2] As the Fifth Circuit has already concluded that *Section 2* provides a right of action to private plaintiffs, this Court is bound to this decision and will not rule counter to its precedent.

*Nairne v. Ardoin*, No, 22-178-SDD-SDJ, 2024 U.S. Dist. LEXIS 22181 *23-26 (M.D. La. Feb. 8. 2024)(voter dilution claim brought by private plaintiffs under Section 2 of the VRA).

    3.4    In addition to requesting that this Court schedule and conduct the trial of Plaintiff's case based upon binding Circuit precedent that affords her the right to prosecute her Section 2 VRA claim, Plaintiff also wishes to advise the Court of another important factor that she

---

[2] "*In re ASARCO LLC,* 477 B.R. 661, 670 (S.D. Tex. 2012*)* ("District courts are bound by the law of their circuit.") (citing *Campbell v. Sonat Offshore Drilling Inc.,* 979 F.2d 1115, 1121 n.8 (5th Cir. 1992); *Sturgeon v. Strachan Shipping Co.,* 698 F.2d 798, 800 (5th Cir.1983)). *See also La Unión Del Pueblo Entero v. Abbott,* 618 F. Supp. 3d 449, 501 (W.D. Tex. 2022) (The Court "is bound by a circuit decision unless or until it is overturned by an en banc decision of the circuit court or a decision of the Supreme Court.") (quoting *Perez v. Abbott*, 250 F. Supp. 3d 123, 139 (W.D. Tex. 2017) (citing *Soc'y of Separationists, Inc. v. Herman,* 939 F.2d 1207, 1211 (5th Cir. 1991))."

respectfully suggests warrants consideration and the restoration of her case to the Court's trial docket in the early Fall 2024 (*e.g.*, September).

3.5     From the time that Plaintiff filed her VRA suit in June 2021, she has been fortunate to have Rice University's Dr. Robert Stein serve as one of her principal expert witnesses. He has performed multiple statistical analyses relevant to the Court's assessment of the so-called *Gingles* factors which play an important role in litigation under Section 2 of the VRA. Dr. Stein has studied and issued four written reports thus far which analyze Spring Branch Independent School District trustee elections occurring during the period from 2015 – 2023. And he is currently working on an analysis of the voting results of the recent May 2024 trustee election.

3.6     Dr. Stein is an acclaimed and highly-experienced expert witness on whom both Plaintiff and her counsel are relying.

3.7     Unfortunately, Dr. Stein was recently diagnosed with metastatic sarcoma cancer and is undergoing chemotherapy through the summer. Although he is optimistic by nature, there currently is no known cure for his condition, and he has been advised that his life expectancy has been very severely compromised.

3.8     Apart from the personal tragedy of Dr. Stein's medical condition, which is of foremost concern to counsel, both Dr. Stein and counsel want to apprise the Court that time literally is of the essence in conducting Plaintiff's trial, so that the Court and the parties can have the benefit of Dr. Stein's academic and professional expertise, when evaluating the important issues in this case of significant public importance.

## IV.
## Defendants' Separate Statement

4.1     As stated above, this case was abated in light of the Eighth Circuit's decision in *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*. Nothing has disturbed the Eight Circuit's holding. In fact, as noted above, the Supreme Court has granted the parties to that case

an extension to file a petition for certiorari. Accordingly, the status of the law regarding private rights of action under § 2 of the Voting Rights Act is the same as it was on the day the Court issued Dkt. 89 abating this case. Therefore, judicial economy would still be best served by awaiting action from the Supreme Court. Defendants are sensitive to Dr. Stein's condition and most certainly wish him well. Defendants have agreed to the admissibility of Dr. Stein's reports, and do not object to Dr. Stein appearing by Zoom, out of order, or by other convenient means in the event this case proceeds to trial while he is undergoing treatment. But because there may be no need for trial at all, Defendants request the case remain abated.

## V.
## Requests

5.1   For the reasons set forth in Dkt. 90 and above, Plaintiff believes this case should proceed to trial promptly. For the reasons set forth in Dkt. 91 and above, Defendants disagree.

5.2   The Parties will continue to monitor the status of the Eighth Circuit and Fifth Circuit cases, and will report to this Court as required by Dkt. 89.

Respectfully submitted,

Barry Abrams
State Bar No. 00822700
SD Tex. Bar No. 2138
Robert Scott
State Bar No. 17911800
SD Tex. Bar No. 3085
Domingo Llagostera
State Bar No. 24070157
SD Tex. Bar No. 1120040
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6606
(713) 228-6605 (fax)
barry.abrams@blankrome.com
bob.scott@blankrome.com
domingo.llagostera@blankrome.com

Martin Golando
State Bar No. 24059153
Admitted Pro Hac Vice
THE LAW OFFICE OF MARTIN GOLANDO, PLLC
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
(210) 405-6772 (fax)
martin.golando@gmail.com

COUNSEL FOR PLAINTIFF

Charles J. Crawford
State Bar No. 05018900
SD Tex. Bar No. 335298
Lucas C. Henry
State Bar No. 24101901
SD Tex. Bar No. 372871
ABERNATHY, ROEDER, BOYD & JULLETT, P.C.
Redbud Blvd., Suite 300
McKinney, Texas 75069
(214) 544-4000
(214) 544-4040 (fax)
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

COUNSEL FOR DEFENDANTS