UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VIRGINIA ELIZONDO,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-01997 |
| **SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, et al.,** | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' MOTION FOR LEAVE
TO EXTEND TIME FOR RESPONSE TO DKT. 122**

Defendants, the Spring Branch Independent School District and its Board of Trustees ("Defendants"), file this Motion for Leave and respectfully ask the court for a short extension of time to submit a remedial map and supporting materials as ordered on page 113 of this Court's Memorandum Opinion and Order [Dkt. 122].

1. On April 28, 2025, this Court ordered Defendants to, among other things, file the following information with the court:

    (1) A single member district plan providing for the election of school board trustees;

    (2) Supporting expert analysis to establish that the plan complies with § 2 of the Voting Rights Act; and

    (3) A memorandum of law not to exceed 10 pages.

Dkt. 122, p. 113. The Court required these items to be filed not more than 20 days after the issuance of Dkt. 122, meaning the deadline falls on May 19, 2025 (May 18 is a Sunday).

2. Defendants are cognizant of this Court's instructions to avoid delaying the parties' obligations based on Motions for Reconsideration and the like. This Motion does not seek reconsideration of the Court's Order, but instead seeks a short, reasonable extension of time to file

the information requested by the Court. The Fifth Circuit has repeatedly emphasized that "Apportionment is principally a legislative responsibility. … A district court should, accordingly, afford to the government body a reasonable opportunity to produce a constitutionally permissible plan." *Jones v. City of Lubbock*, 727 F.2d 364, 387 (5th Cir. 1984); *In re Landry*, 83 F.4th 300 (5th Cir. 2023) (quoting *Jones*); *Rodriguez v. Bexar County*, 385 F.3d 853, 869-70 (5th Cir. 2004) ("Both the Supreme Court and this court have admonished district courts to afford local governments a reasonable opportunity to propose a constitutionally permissible plan ..."). This Motion does not seek an extension for the purpose of unnecessarily delaying Defendants' obligations, but instead to provide Defendants with a reasonable opportunity to construct a constitutionally adequate plan. Defendants need a little more time for the reasons discussed below:

3. First, Spring Branch ISD is governed by its Board of Trustees as a body corporate. Tex. Educ. Code § 11.051. The undersigned counsel cannot present to this Court a plan to modify Spring Branch ISD's election boundaries and system without discussing the same with the Board. The Board must hold all meetings in public and must post a meeting notice at least 72 hours in advance under the Texas Open Meetings Act. These additional steps will shave valuable time off the 20 days provided for compliance, creating the need for an extension.

4. Second, as noted by this Court's Order, Spring Branch ISD is holding an election on May 3 at which time at least two, but possibly three, new school board trustees will be elected to the Board. These new trustees will be sworn in on May 13, 2025, very close to the May 19 deadline. As such, May 13 is the soonest the new Board could meet to discuss the proposed remedial plan. And at least two trustees will be brand new, knowing few details about how this complicated process works. As such, a little additional time is needed to get these new trustees (whoever they may be—there are multiple candidates for each place) up to speed.

5.      Third, Defendants endeavor to produce a map to which the Plaintiff will not object. But because Defendants may elect to submit a 5-2 plan as permitted by this Court's Order, they cannot simply replicate the map provided by Plaintiff's expert. Accordingly, if a 5-2 plan is preferred by the Board over a 7-0 plan (no such decision has been made, as the Board will call for a special meeting on Monday May 5 as its first opportunity to discuss Dkt. 122), Defendants must "start from scratch" in some respects. Defendants intend to do a good job – not a rushed job – crafting the remedial plan. This will take a little extra time beyond the allotted 20 days.

6.      Fourth, Defendants' expert, John Alford, cannot begin his analysis and draft his report to "establish that the plan complies with § 2 of the Voting Rights Act" as ordered by the Court until the map and plan are completed. Review of a similar expert report in a Voting Rights Act case from 2023 shows that these reports are robust and require thorough, sophisticated analysis. See, e.g. Dkt. 369-2 in *Alpha Phi Alpha Fraternity, Inc., et. al. v. Secretary of State of Georgia*, Case No. 1:21-cv-05337-SCJ (50-page expert report demonstrating remedial plan's compliance with the Voting Rights Act). A similarly sophisticated report will take Defendants' expert more than the current time allotted, especially given that he cannot start working until the plan is complete.

7.      Fourth, constructing a remedial plan requires more than just cursory map drawing and analysis. It also requires careful consideration of how the remedial plan will impact the phasing/staggering of future elections. At present, there are seven trustees on the Board, all of whom are elected at-large. These elections are staggered so that the entire Board does not turn over every year. See Dkt. 122, ¶ 190. Three positions are up for election this year (May 3, 2025), two will be up for election in May of 2026, and two will be up for election in May of 2027. See https://www.springbranchisd.com/about/board-of-trustees. Under the Court's Order, several

incumbent trustees are likely to be ineligible for reelection to their current places because they will live in the same single-member district as another trustee. Accordingly, Defendants require a little extra time to carefully consider how the proposed remedial plan will affect trustee turnover in the future.

8. Finally, lead counsel for Defendants, Charles Crawford, is presently lead counsel in a three-week jury trial that began on the day Dkt. 122 was entered – April 28, 2025. See cause No. 366-01160-2018, *Headington Royalty, Inc. and Headington Energy Partners, LLC v. Finley Resources, Inc. and Finley Production Co., L.P.*, now pending in the 366th District Court of Collin County, Texas. Due to Mr. Crawford's engagement in this Collin County trial, the undersigned counsel—Lucas Henry—must serve as lead counsel in a Police Officer Discipline Hearing scheduled for May 13-15, now pending before an administrative law judge in Sherman, Texas. Accordingly, both attorneys have time-consuming preexisting commitments during the 20 day window provided for compliance by Dkt. 122. As such, a short extension is needed.

9. Defendants respectfully request an extension to June 6 to file the materials requested on page 113 of Dkt. 122. Importantly, this extension will not impact any Spring Branch ISD elections, because there are no such elections until May of 2026. Accordingly, the extension will not delay Plaintiff's receipt of the relief awarded by this Court.

## Prayer

For the reasons above, Defendants respectfully request this Court issue an order extending Defendants time to file its remedial plan, expert report, and memorandum of law to June 6, 2025, and for all other relief to which Defendants are entitled.

Respectfully submitted,

**ABERNANTHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Lucas C. Henry*
**Charles J. Crawford**
Texas Bar No. 05018900
**Lucas C. Henry**
State Bar No. 24101901
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069-1210
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, a true and correct copy of this Motion was served upon Plaintiff's attorneys by the Court's ECF system.

*/s/Lucas C. Henry*
Lucas C. Henry

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferenced with Plaintiff's counsel regarding the merits of this Motion by telephone on April 29 and by email on April 30 and May 1, and that Plaintiff's counsel responded that Plaintiff is opposed to the extension requested herein.

*/s/Lucas C. Henry*
Lucas C. Henry