# EXHIBIT 4

**EXHIBIT TO**
**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE**
**TO EXTEND TIME FOR RESPONSE TO DKT. 122**

# Abrams, Barry

| | |
|---|---|
| **From:** | Lucas Henry <lhenry@ABERNATHY-LAW.com> |
| **Sent:** | Thursday, May 1, 2025 11:40 AM |
| **To:** | Abrams, Barry; Charles Crawford |
| **Cc:** | Martin Golando; Scott, Bob; LLagostera, Domingo M. |
| **Subject:** | RE: 4:21-CV-01997 Virginia Elizondo vs. SBISD [IMAN-LEGAL.FID3565632] |

Barry,

I appreciate your response. I feel the need to reply to only one section of your email:

*Your email states that a decision reportedly has been made that "the District will be requesting a 5-2 plan," rather than a 7 single member district plan. In view of the requirements of the Texas Open Meetings Act that the District timely post a public notice stating the topic or subject for consideration by the Board, I would appreciate it if you would advise when the Board held a meeting at which that decision was made, and forward a copy of the meeting notice and agenda required by the Texas Open Meetings Act reflecting that topic was to be the subject of discussion and action by the Board.*

The Board has not met to discuss this, nor have I received specific instructions from the Board on this topic. I simply believe – on my own – that the District will likely want a 5-2 plan because it has defended this lawsuit to maintain the integrity of the at-large system, and a 5-2 plan would provide for 2 at large spots. The 7-0 plan would not. It is my understanding that the Board intends to meet on Monday to discuss its obligations under the Order, which would include whether to recommend a 5-2 or 7-0 plan. I obviously cannot speak for the Board, so you will have to see what comes from that meeting just like I will. The Notice will be posted in accordance with TOMA.

But this only reinforces my point – the Board needs to meet in order to act. This is not an easy task. Case law holds that providing a legislative body an unreasonably short period of time to comply with a redistricting order is an abuse of discretion. See In re Landry, 83 F.4th 300 (5th Cir. 2023) (discussing cases in which the legislative body has been afforded too little time to comply with a Section 2 injunction – including one case where one and a half months was deemed unreasonably short, and stating that "Both the Supreme Court and this court have admonished district courts to afford local governments a reasonable opportunity to propose a constitutionally permissible plan and not haphazardly to order injunctive relief."). 20 days is simply unreasonable.

I will mark you as opposed to our motion.

Thanks very much.
-Lucas

This email and any attachments are for the exclusive and confidential use of the intended recipient. This email is subject to the attorney-client privilege or the attorney work product privilege or is otherwise confidential. Unauthorized review, use, disclosure or distribution is prohibited. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is prohibited. If you have received this communication in error, please notify us immediately at 214-544-4000 and discard the original message and any attachment(s). The statements contained herein are not intended to and do not constitute an opinion pursuant to IRS Circular 230.

**From:** Abrams, Barry <barry.abrams@blankrome.com>
**Sent:** Thursday, May 01, 2025 11:01 AM
**To:** Lucas Henry <lhenry@ABERNATHY-LAW.com>; Charles Crawford <ccrawford@ABERNATHY-LAW.com>
**Cc:** Martin Golando <martin.golando@gmail.com>; Scott, Bob <bob.scott@blankrome.com>; LLagostera, Domingo M. <domingo.llagostera@blankrome.com>; Abrams, Barry <barry.abrams@blankrome.com>
**Subject:** RE: 4:21-CV-01997 Virginia Elizondo vs. SBISD

1

***EXTERNAL email. Use caution when opening attachments or links from unknown senders.***

Lucas –

Thank you very much for your 4/30/25 reply email.

Although we reserve the right to file a more complete response, should the District file a motion to delay its obligation timely to submit the remedial plan the Court ordered, we initially note that such a motion would seem to the ignore the Court's express admonition in note 333 of its Opinion and Order that, "[g]iven the age of the case and its importance, the court will not . . . delay the parties' obligations . . . ."

The suggestion that because the District has an upcoming Trustee election, that would in some manner disable or excuse the District from timely functioning through its Board of Trustees, ignores the facts that:

(1) the upcoming election does not incapacitate or relieve the current Board members of their obligation timely to fulfill the requirements of the Court's directives;

(2) a majority of the Board member sufficient to constitute a quorum is not up for election and they have the legal authority to take actions on the District's behalf, even after the election, without regard to the outcome of the upcoming election;

(3) under SBISD policy, the Board may convene to canvass the May 3, 2025 election results on "[t]he third day after election day," or on May 6. It has no obligation to defer until May 13 to swear in any new Board members, so that the Board is not obligated to wait until May 13, 2025, to swear in its newly-elected Board members;

(4) under the Texas Open Meetings Act, the Board can schedule one or more regular meetings with 72 hours notice, TEX. GOV'T CODE §551.043, so that the Board can timely notice meetings now that could occur as early as May 5 and it can schedule multiple potential meetings between May 5 and May 19, should it desire to do so to comply with the Court's Order;

(5) common sense dictates that the District will rely upon its consultants to devise a VRA-compliant remedial plan and that the Board members' participation in that process will likely consist primarily of later review and comment on the proposed plan;

(6) as Dr. Stein has confirmed, a VRA-compliant plan can timely be prepared with sufficient time for the Board to review and authorize its submission to the Court. Preparation of the requisite map will necessarily generate the data reflecting whether or not the proposed map will be VRA-compliant. Similarly, given your firm's VRA expertise and experience, and the fact that our clients' case has been pending nearly five years, it strains credibility to suggest that you and Charles cannot provide the discretionary supporting memorandum of law, within the time the Court has allotted.

Your email states that a decision reportedly has been made that "the District will be requesting a 5-2 plan," rather than a 7 single member district plan. In view of the requirements of the Texas Open Meetings Act that the District timely post a public notice stating the topic or subject for consideration by the Board, I would appreciate it if you would advise when the Board held a meeting at which that decision was made,

2

and forward a copy of the meeting notice and agenda required by the Texas Open Meetings Act reflecting that topic was to be the subject of discussion and action by the Board.

Finally, given the position that the District took at trial – that Dr. Stein's illustrative District 1 in a seven district plan would not comprise a majority HCVAP ("Hispanic Citizen Voting Age Population") -- we will look forward with interest to seeing how the District can now in good faith claim that it can create a *five* single member district plan (which necessarily will contain a larger population in each district than in a seven district plan) containing " one or more geographically-compact single member districts" with a HCVAP majority, that complies with the "one person-one vote requirement," and "respect[s] existing communities of interest, including but not limited to the integrity of areas of minority population concentrations." Opinion and Order at p. 113.

For these reasons and the reasons the Court stated in note 333 of its Opinion and Order, Plaintiff will oppose a motion by the District to delay its compliance with the Court's Order.

Thanks.

-Barry

**Barry Abrams** | BLANKROME
717 Texas Avenue, Suite 1400 | Houston, TX 77002-2727
Phone: 713.228.6606 | Fax: 713.228.6630 | Mobile: 713.582.1533
Email: barry.abrams@blankrome.com

---

**From:** Lucas Henry <lhenry@ABERNATHY-LAW.com>
**Sent:** Wednesday, April 30, 2025 3:52 PM
**To:** Abrams, Barry <barry.abrams@blankrome.com>; Charles Crawford <ccrawford@ABERNATHY-LAW.com>
**Cc:** Martin Golando <martin.golando@gmail.com>; Scott, Bob <bob.scott@blankrome.com>; LLagostera, Domingo M. <domingo.llagostera@blankrome.com>
**Subject:** RE: 4:21-CV-01997 Virginia Elizondo vs. SBISD [IMAN-LEGAL.FID3565632]

Hi Barry,

Thanks for reaching out. I appreciate Dr. Stein's offer and will communicate it to Dr. Alford. That being said, I disagree with the assertion that Dr. Alford and Mr Gardner's offices can get this done in 20 days (even with Dr. Stein's help) for the following reasons:

1. The District will be requesting a 5-2 plan, not a 7-0 plan, as allowed by the Court. Therefore, Dr. Stein's previously drawn map has only some value.
2. The Court is requesting not only a map, but also "sufficient supporting expert analysis establishing that it complies with Section 2 of the VRA." This will also take time, but cannot be accomplished until the map is ready.
3. The Court is also allowing for short legal briefing on the sufficiency of the plan. This cannot be accomplished until the map is ready.
4. SBISD can only act as a body corporate through the Board of Trustees. That means we have to meet and discuss the proposed maps. That will take time.
5. SBISD has an election on Saturday. There will be a minimum of two and up to three new board members sworn in on May 13. Therefore, the soonest I could meet with them is May 13. The 20 day deadline is May 19 (18th is a Sunday). If there is even a modicum of disagreement, the Board may not be able to give me clear authority by the deadline.

6. In between all of this, SBISD is dealing with the last month of school, graduations, etc. (as are the experts).

I therefore intend to move the Court for an extension to June 6 to complete this work. That is an 18 day extension. Please let me know if you will withdraw your opposition to my request based on the above.

Thank you.
-Lucas

This email and any attachments are for the exclusive and confidential use of the intended recipient. This email is subject to the attorney-client privilege or the attorney work product privilege or is otherwise confidential. Unauthorized review, use, disclosure or distribution is prohibited. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is prohibited. If you have received this communication in error, please notify us immediately at 214-544-4000 and discard the original message and any attachment(s). The statements contained herein are not intended to and do not constitute an opinion pursuant to IRS Circular 230.

**From:** Abrams, Barry <barry.abrams@blankrome.com>
**Sent:** Wednesday, April 30, 2025 1:43 PM
**To:** Lucas Henry <lhenry@ABERNATHY-LAW.com>; Charles Crawford <ccrawford@ABERNATHY-LAW.com>
**Cc:** Martin Golando <martin.golando@gmail.com>; Scott, Bob <bob.scott@blankrome.com>; LLagostera, Domingo M. <domingo.llagostera@blankrome.com>; Abrams, Barry <barry.abrams@blankrome.com>
**Subject:** RE: 4:21-CV-01997 Virginia Elizondo vs. SBISD
**Importance:** High

**\*\*\*EXTERNAL email. Use caution when opening attachments or links from unknown senders.\*\*\***

Lucas –

This email is a follow up to our conversation yesterday, in which you questioned the District's ability timely to comply with the Court's order requiring the District to present a VRA-compliant single member district plan within the time allotted.

I have reconfirmed with Dr. Stein my understanding that it is feasible for such a plan to be prepared timely (i.e., within the timeframe the Court has directed), particularly in light of the existence of the illustrative plan which the District has had available to it for years.

To facilitate that process, minimize the expense to the parties, and diminish the potential for future disagreement, Dr. Stein has agreed that he would make himself available to confer directly with either or both Dr. Alford or Mr. Gardner (who you indicated is the District's demographer) to discuss preparation of the required VRA-compliant single member district plan.

As you likely recall, Drs. Alford and Stein have regularly worked together in the past to prepare districting plans for various other school districts. And Dr. Stein is optimistic that if allowed to do so, he and Dr. Alford (along with Mr. Gardner's input) could readily do so here.

I would appreciate it if you would let us know whether the District is interested in having Dr. Stein collaborate with Dr. Alford and/or Mr. Gardner, timely to prepare the VRA-compliant plan that Judge Lake has directed the District to submit.

Thanks.

-Barry

4

**Barry Abrams** | BLANKROME
717 Texas Avenue, Suite 1400 | Houston, TX 77002-2727
Phone: 713.228.6606 | Fax: 713.228.6630 | Mobile: 713.582.1533
Email: barry.abrams@blankrome.com

****************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

****************************************************************************************