# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **VIRGINIA ELIZONDO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-01997** |
| | § | |
| **SPRING BRANCH INDEPENDENT** | § | |
| **SCHOOL DISTRICT, et al.,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' MOTION TO STAY FINAL JUDGMENT PENDING APPEAL

**TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................................i

TABLE OF AUTHORITIES ....................................................................................................ii

STATEMENT OF THE NATURE OF THE PROCEEDINGS AND RELEVANT FACTS ........ 1

STATEMENT OF THE ISSUE.................................................................................................. 1

SUMMARY OF THE ARGUMENT ......................................................................................... 1

ARGUMENT ............................................................................................................................. 2

     A.     Standard for Stay Pending Appeal ........................................................................ 2

     B.     SBISD Presents a Substantial Case on the Merits. ................................................ 3

          1.     The Supreme Court's supplemental briefing order in *Callais* illustrates Defendants' substantial case on the merits and likelihood of success on appeal. ...................................................................................................... 3

     C.     SBISD Will be Irreparably Injured Absent a Stay.................................................. 7

     D.     The Stay Will Not Substantially Injure the Other Parties Interested in the Proceeding.......................................................................................................... 9

     E.     The Public Interest Lies in Favor of a Stay......................................................... 10

CONCLUSION....................................................................................................................... 10

CERTIFICATE OF CONFERENCE....................................................................................... 12

CERTIFICATE OF SERVICE ................................................................................................ 12

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Allen v. Milligan*,
   599 U.S. 1, 143 S. Ct. 1487 (2023) .................................................................................5, 7

*Ardoin v. Robinson*,
   142 S. Ct. 2892 (2022)..........................................................................................................7

*Arkansas State Conference NAACP v. Arkansas State Legislature*,
   86 F.4th 1204 (8th Cir. 2023) ..............................................................................................6

*Arnold v. Garlock, Inc.*,
   278 F.3d 426 (5th Cir. 2001) ................................................................................................3

*Barber v. Bryant*,
   833 F.3d 510 (5th Cir. 2016) ................................................................................................3

*Clark v. Edwards*,
   No. 86-CV-435 (M.D. La. July 17, 2025) (Dkt. 752)..........................................................5

*E.T. v. Paxton*,
   19 F.4th 760 (5th Cir. 2021) ........................................................................................3, 9, 10

*FDIC v. Belcher*,
   No. 19-CV-12561, 2020 WL 242781 (E.D. La. Jan. 16, 2020)...........................................3

*Hernandez v. Erazo*,
   No. 23-50281, 2023 WL 3175471 (5th Cir. May 1, 2023)...................................................3

*In re Miranne*,
   852 F.2d 805 (5th Cir. 1988) ................................................................................................1

*Louisiana v. Callais*,
   145 S. Ct. 2608 (2025)......................................................................................................4, 7

*Louisiana v. Callais*,
   Nos. 24-109, 24-110 (June 27, 2025) .........................................................1, 2, 3, 4, 5, 7, 9, 10

*LULAC v. Texas*,
   No. 3:21-CV-259 (W.D. Tex. Aug. 11, 2025) (Dkt. 1126) .................................................5

*Nairne v. Ardoin*,
   No. 3:22-CV-178 (M.D. La. Aug. 6, 2025) (Dkt. 345) .......................................................5

*Nat'l Insts. of Health v. Am. Pub. Health Ass'n*,
No. 25A103, 606 U.S. ---, --- S. Ct. ---, 2025 WL 2415669 (U.S. Aug. 21, 2025)...................8

*Ohio v. EPA*,
603 U.S. 279, 144 S. Ct. 2040 (2024)......................................................................................8

*Plaquemines Par. v. Chevron United States, Inc.*,
84 F.4th 362 (5th Cir. 2023) .........................................................................2, 3, 7, 9, 10

*Ruiz v. Estelle*,
650 F.2d 555 (5th Cir. 1981) ...........................................................................................3, 8

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
600 U.S. 181, 143 S. Ct. 2141 (2023)...................................................................................4, 7

*Texas v. EPA*,
829 F.3d 405 (5th Cir. 2016) .................................................................................................8

*Turtle Mountain Band of Chippewa Indians v. Howe*,
137 F.4th 710 (8th Cir. 2025) ................................................................................................6

*Turtle Mountain Band of Chippewa Indians v. Howe*,
No. 24A62, 2025 WL 2078664 (U.S. July 24, 2025) ...............................................................6

*Veasey v. Perry*,
769 F.3d 890 (5th Cir. 2014) .......................................................................................2, 8, 10

*Weingarten Realty Invs. v. Miller*,
661 F.3d 904 (5th Cir. 2011), *overruled in part on other grounds*, 599 U.S. 736 (2023).........3

## OTHER AUTHORITIES

Fed. R. App. P. 8(a)(1).............................................................................................................1

https://electionlawblog.org/?p=151301 ........................................................................................5

https://www.cnn.com/2025/08/17/politics/supreme-court-precedents-risks ................................5

Pursuant to Fed. R. App. P. 8(a)(1), Defendants Spring Branch Independent School District and its Board of Trustees in their official capacities (collectively, "SBISD") file the following Motion to Stay Final Judgment Pending Appeal.

**STATEMENT OF THE NATURE OF THE PROCEEDINGS AND RELEVANT FACTS**

On April 28, 2025, the Court entered its Memorandum Opinion and Order holding that SBISD's at-large system of electing its school board trustees violates Section 2 of the Voting Rights Act. Dkt. 122.

On August 6, 2025, the Court entered its Memorandum Opinion and Order (1) denying SBISD's proposed 5-2 hybrid remedial plan, and (2) granting Plaintiff's proposed 7-0 single-member remedial plan. Dkt. 129.

On August 6, 2025, the Court also entered its Final Judgment wherein "Defendants are **ORDERED** to implement the seven single member district plan proposed in Plaintiff's Objections to Defendants' Proposed Remedial Plan and Plaintiff's Alternative Remedial Plan (Dkt. 127) in time for SBISD's next regularly scheduled election in May of 2026." Dkt. 130.

**STATEMENT OF THE ISSUE**

Whether this Court should stay its final judgment pending appeal because of the Supreme Court's impending decision in *Louisiana v. Callais*.

**SUMMARY OF THE ARGUMENT**

Defendants respectfully move for a stay of this Court's final judgment pending appeal to the U.S. Court of Appeals for the Fifth Circuit. Fed. R. App. P. 8(a)(1). Because Defendants plan to promptly seek a stay in the Fifth Circuit if this Court denies relief, Defendants respectfully request an expeditious ruling on this motion. This Court retains jurisdiction to issue a stay after a notice of appeal has been filed. *In re Miranne,* 852 F.2d 805, 806 (5th Cir. 1988).

Defendants are mindful of the Court's conscientious consideration of this matter and the admonitions in footnote 333 of its April 28 Order. Dkt. 122 at 114 n.333. Defendants file this motion in compliance with Federal Rule of Appellate Procedure 8(a)(1) and to bring to the Court's attention a recent development that weighs heavily in favor of a stay pending appeal. *See* Order, *Louisiana v. Callais*, Nos. 24-109, 24-110 (June 27, 2025) (order setting case for re-argument); Order, *Louisiana v. Callais*, Nos. 24-109, 24-110 (Aug. 1, 2025) (supplemental-briefing order).

While Defendants believe they are likely to succeed on appeal apart from the Supreme Court's forthcoming decision in *Callais*, this Motion will not recount additional appellate arguments. *Callais* independently warrants a stay while the Supreme Court considers this Term whether to profoundly reshape Section 2 of the Voting Rights Act. If a stay is granted, Defendants intend to immediately ask the Fifth Circuit to hold the case in abeyance pending the Supreme Court's decision in *Callais.*

**ARGUMENT**

**A.     Standard for Stay Pending Appeal**

Courts in the Fifth Circuit employ a four-prong analysis in deciding whether to grant a discretionary stay. The party who seeks the stay must show that: (1) the stay applicant is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest lies in favor of the stay. *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023); *Veasey v. Perry,* 769 F.3d 890, 892 (5th Cir. 2014). "The first two factors . . . are most critical." *Id.*

However, "on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on

2

the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Plaquemines*, 84 F.4th at 373 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) (same).  Unlike a merely private contractual matter,[1] "[s]erious legal questions have 'far-reaching effects' or are matters of 'public concern' that go well beyond the interests of the parties." *Hernandez v. Erazo*, No. 23-50281, 2023 WL 3175471, at *5 (5th Cir. May 1, 2023) (citing cases); *see also FDIC v. Belcher*, No. 19-CV-12561, 2020 WL 242781, at *6 (E.D. La. Jan. 16, 2020) ("A serious legal question is one that could have a broad impact on federal and state relations, or an otherwise far-reaching effect of public concern.").

Finally, "in considering whether issuance of a stay pending appeal will substantially injure the other party, 'the maintenance of the status quo is an important consideration in granting a stay.'" *E.T. v. Paxton*, 19 F.4th 760, 770 (5th Cir. 2021) (quoting *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016)); *see also Plaquemines*, 84 F.4th at 373 ("[W]e have noted that 'the maintenance of the status quo is an important consideration' that often weighs in favor of a stay.") (quoting *E.T.*, 19 F.4th at 770).

**B.      SBISD Presents a Substantial Case on the Merits.**

The first factor the Court must consider is whether SBISD has presented a substantial case on the merits.  *See Plaquemines,* 84 F.4th at 373.

**1.      The Supreme Court's supplemental briefing order in *Callais* illustrates Defendants' substantial case on the merits and likelihood of success on appeal.**

In *Louisiana v. Callais*, the Supreme Court is poised to consider issues going to the heart of Plaintiff's Voting Rights Act Section 2 claim.  *See Louisiana v. Callais*, Nos. 24-109, 24-

---

[1] *See, e.g.*, *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011), *overruled in part on other grounds*, 599 U.S. 736 (2023) ("Because this is merely a private contractual matter … no substantial legal question is involved.") (citation omitted).

110 (June 27, 2025) (order setting case for re-argument); Miscellaneous Order, Nos. 24-109, 24-110 (Aug. 1, 2025) (supplemental-briefing order). *Callais* initially involved whether Section 2 required Louisiana to create a second majority-minority district in its congressional map. However, rather than resolve the case in the Term in which it was argued, the Supreme Court held the case over for re-argument. *See* Order (U.S. June 27, 2025). Then, on August 1, shortly before this Court issued its final judgment, the Supreme Court ordered the parties to file supplemental briefs addressing "[w]hether the State's intentional creation of a second majority-minority congressional district violates the Fourteenth or Fifteenth Amendments to the U. S. Constitution." Order (U.S. Aug. 1, 2025). The Court set the case for argument on October 15, 2025. In the ordinary course, a decision would be expected no later than June 2026.

The Supreme Court's highly unusual re-argument and supplemental-briefing orders squarely present the question whether Section 2's command to draw majority-minority districts conflicts with the Fourteenth Amendment's requirement of strict scrutiny for racial classifications, most recently enunciated in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181, 143 S. Ct. 2141 (2023) ("*SFFA*"). On the pages of Appellee's brief cited in the Supreme Court's supplemental-briefing order, Appellee contends that the race-based districting practices required by Section 2 "violate 'the twin commands of the Equal Protection Clause that race may never be used as a 'negative' and that it may not operate as a stereotype.'" Appellee's Br. 38 (quoting *SFFA*, 600 U.S. at 218-21, 143 S. Ct. at 2168-70), No. 24-109 (U.S. Jan. 21, 2025). Similarly, in dissenting from the Court's re-argument order, Justice Thomas lamented "the intractable conflict between this Court's interpretation of § 2 of the Voting Rights Act of 1965 (VRA), 52 U.S.C. § 10301, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution." *Louisiana v. Callais*, 145 S. Ct. 2608, 2609 (2025) (Thomas, J.,

dissenting); *accord Allen v. Milligan*, 599 U.S. 1, 78-88, 143 S. Ct. 1487, 1537-44 (2023) (Thomas, J., dissenting, joined by Gorsuch and Barrett, JJ.) (arguing that Section 2, as currently construed, is unconstitutional).

Unsurprisingly, then, Supreme Court watchers have observed that the Supreme Court's supplemental-briefing order portends a wholesale reconsideration of whether Section 2's race-based districting requirements are consistent with the Constitution. *E.g.*, Fritze, *CNN*, How the Supreme Court Could End Up Scrapping High-Profile Precedents in Coming Months (noting that *Callais* "could effectively overturn a line of Supreme Court precedents dating to its 1986 decision in *Thornburg v. Gingles.*")[2]; Hasen, *Election Law Blog*, Breaking: Supreme Court, in Order Asking for Additional Briefing in Louisiana Voting Case, Appears to Put the Constitutionality of Section 2 of the Voting Rights Act into Question (noting that the Court's supplemental-briefing request "make[s] it clear that Section 2's constitutionality is being put into question").[3]

The Supreme Court's impending decision in *Callais* may effectively invalidate the very provisions of Section 2 on which Plaintiff's claim and this Court's opinion rely. Faced with similar circumstances, courts throughout the Fifth Circuit overseeing Section 2 claims have stayed proceedings pending a decision in *Callais. See, e.g.*, Order, *LULAC v. Texas*, No. 3:21-CV-259 (W.D. Tex. Aug. 11, 2025) (Smith, J.) (Dkt. 1126) (suspending deadlines because the "viability of several claims in this case" depends on "the Supreme Court's pending decisions in *Louisiana v. Callais*, No. 24-109, and *Robinson v. Callais*, No. 24-110"); *Nairne v. Ardoin*, No. 3:22-CV-178 (M.D. La. Aug. 6, 2025) (Dkt. 345) (granting motion to stay and suspending deadlines "pending resolution by the United States Supreme Court" in *Callais*); *Clark v. Edwards*, No. 86-CV-435

---

[2] https://www.cnn.com/2025/08/17/politics/supreme-court-precedents-risks
[3] https://electionlawblog.org/?p=151301

(M.D. La. July 17, 2025) (Dkt. 752) ("This matter is stayed and administratively closed pending a decision by the United States Supreme Court in *Louisiana v. Callais*, No. 24-109.").

This Court, too, has previously recognized that a looming Supreme Court decision counsels waiting for certainty rather than expending judicial resources and imposing electoral revisions that may prove unjustified.  In December 2023, this Court abated trial in response to the Eighth Circuit's then-recent decision that Section 2 does not authorize a private right of action. Dkt. 89.  This Court reasonably anticipated that the Supreme Court would grant certiorari and potentially affirm the Eighth Circuit, thus eliminating Plaintiffs' claim.  *See id.*; Dkt. 94.  Ten months after the initial abatement, this Court allowed trial to proceed largely because of the health of Plaintiff's expert witness.  As with a stay pending appeal now, the prior lengthy abatement delayed Plaintiff's relief and allowed an additional election to be run under the at-large system. Yet this Court understood the wisdom of temporarily delaying Plaintiffs' relief in light of an impending Supreme Court decision that could undermine a fundamental premise of their case.

As it happens, the Eighth Circuit plaintiffs did not seek certiorari from the decision in *Arkansas State Conference NAACP v. Arkansas State Legislature*, 86 F.4th 1204 (8th Cir. 2023). But the private-right-of-action issue is once again before the Supreme Court, with three Justices already signaling agreement with the Eighth Circuit.  *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir. 2025); *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 24A62, 2025 WL 2078664 (U.S. July 24, 2025) (granting stay of Eighth Circuit's mandate pending petition for writ of certiorari over dissents of Thomas, Alito, and Gorsuch, JJ.).  That case provides yet another compelling reason for this Court to stay its final judgment, as the Supreme Court likely will be deciding not one—but two—cases that could independently defeat Plaintiffs' Section 2 claim.  Without a stay, Defendants will be forced to dismantle their longstanding electoral system

for the May 2026 election, at the same time the Supreme Court is deliberating whether to negate the essential premises of Plaintiffs' claim.

In a similar posture, the Supreme Court granted a stay pending appeal in a Section 2 case and held it in abeyance because of the then-impending decision in *Allen v. Milligan*. *See Ardoin v. Robinson*, 142 S. Ct. 2892 (2022). Notably, the Supreme Court intervened after both the district court and Fifth Circuit had denied the requested stay. The message to lower courts is clear: Governments should not be forced to revise electoral maps when an approaching Supreme Court decision calls into question the underlying judgment. Stay-and-abeyance is the sound path.

In sum, the *Callais* supplemental-briefing order demonstrates Defendants' substantial question on appeal. If there was ever a case in which "race-based districting" has been required "under circumstances that do not remotely approximate the racial discrimination that such districting is supposed to remedy," it is this case. *Callais*, 145 S. Ct. at 2610 (Thomas, J., dissenting). This Court found a total absence of racial discrimination by Defendants, Dkt. 122 at 73-76, so there can be no possible ground for a race-based remedy if the Supreme Court conforms its Section 2 jurisprudence to *SFFA* in *Callais*. If a stay is granted, Defendants intend to immediately ask the Fifth Circuit to hold this case in abeyance pending the outcome of *Callais*. That course will allow the parties and Court to conserve resources and brief the case only once the legal landscape has been clarified by *Callais*. Denying a stay would force the filing of appellate briefs that could be rendered completely worthless just months later when *Callais* is decided.

## C.    SBISD Will be Irreparably Injured Absent a Stay.

The second factor the Court must consider is whether SBISD will be irreparably injured absent a stay. *See Plaquemines,* 84 F.4th at 373.

While the Supreme Court's decision in *Callais* will likely arrive in June 2026, that will be far too late for Defendants. If this Court's final judgment takes effect, Defendants will

incur irreparable harm dismantling the at-large system that has served SBISD and its students well for many decades.

In a matter of months, Defendants must begin preparations to hold an election under a single-member system for the first time. This work will entail unrecoverable costs that themselves constitute irreparable harm. *See Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, No. 25A103, 606 U.S. ---, --- S. Ct. ---, 2025 WL 2415669, at 1 (U.S. Aug. 21, 2025) ("[W]hile the loss of money is not typically considered irreparable harm, that changes if the funds cannot be recouped and are thus irrevocably expended.") (quotations omitted); *accord Ohio v. EPA*, 603 U.S. 279, 291-92, 144 S. Ct. 2040, 2052-53 (2024); *Texas v. EPA*, 829 F.3d 405, 433-34 (5th Cir. 2016).

More critically, elections held in May 2026 under a single-member system "cannot [be] run [] over again" under an at-large system even if this Court's judgment is reversed, meaning that "[SBISD] will be irreparably harmed if the stay is not issued." *Veasey*, 769 F.3d at 895-96. Still further, SBISD faces an "administrative nightmare"[4] and voter confusion if it must prepare for and hold elections under different or inconsistent systems in 2026 and 2027, following a reversal of this Court's judgment. *See id.* at 896 ("The State has a significant interest in ensuring the proper and consistent running of its election machinery, and this interest is severely hampered by the [order].").

Worse yet, if Defendants are forced to conduct an election under this Court's final judgment, newly elected board members installed in May 2026 could vote to drop the pending appeal, potentially permanently destroying the benefits of the at-large model that Defendants have long employed. Even if Defendants prevailed on appeal after the May 2026 election, it would be a Pyrrhic victory if the newly constituted board refused to return to the at-large system that was

---

[4] *See Ruiz v. Estelle*, 650 F.2d 555, 571 (5th Cir. 1981) (finding irreparable injury to the State if stay not granted on appeal due to "administrative nightmare" in complying with district court's order).

enjoined by this Court. And these irreversible consequences could happen even as the Supreme Court is poised to issue a decision in June 2026 that could fatally undermine Plaintiff's claims.

It is difficult to imagine harm more irreparable or more existential than the injuries that SBISD would suffer absent a stay.

**D.      The Stay Will Not Substantially Injure the Other Parties Interested in the Proceeding.**

The third factor the Court must consider is whether the stay will substantially injure the other parties interested in the proceeding. *Plaquemines*, 84 F.4th at 373. Critically, "in considering whether issuance of a stay pending appeal will substantially injure the other party, 'the maintenance of the status quo is an important consideration in granting a stay.'" *E.T.*, 19 F.4th at 770. Preserving a long-extant status quo weighs heavily in favor of a stay here.

That status quo has persisted during this case. Plaintiff filed suit in 2021, and the district court denied preliminary relief. As a result, several more elections have come and gone under the current system. And while the suit unfolded, racially polarized voting in SBISD—like the state as a whole—has rapidly *decreased*, as this Court's findings reflect. *Compare* Dkt. 122 at 47 *with id.* at 61. Allowing Defendants to conduct one more at-large election in May 2026 while *Callais* is resolved will not substantially injure Plaintiff.

Meanwhile, SBISD's students—including Hispanic students—have been well-served by SBISD under the at-large electoral system. *See* Dkt. 122 at 16-18, 87-88. Students therefore have no concrete interest in requiring SBISD to alter its electoral system during the short period it will take for the Supreme Court to decide *Callais*.

Taxpayers, for their part, have a strong interest in avoiding the permanent loss of budgetary dollars that would be expended in converting to a single-member election—expenses that would be wholly unnecessary if the Supreme Court strikes down Section 2 in *Callais*. And this Court's findings illustrate the significant non-monetary harms that would fall on students and

9

taxpayers from switching away from an at-large system. "Under the present at-large system SBISD trustees are accountable to the voters in every middle school precinct; a single-member district system would change that[.]" Dkt. 122 at 88-89. Thus, while Plaintiff has an interest in seeing the May 2026 election conducted under a single-member format—at least if Section 2 contains a private cause of action—that interest cannot overcome other interested parties' stake in ensuring that such a drastic change is legally justified under Supreme Court doctrine.

**E.      The Public Interest Lies in Favor of a Stay.**

The fourth factor the Court must consider is where the public interest lies. *See Plaquemines,* 84 F.4th at 373.

As the Fifth Circuit observed in *E.T.*, the irreparable-harm factor converges with the public-interest factor in governmental appeals: "[W]hen 'the State is the appealing party, its interest and harm merge with that of the public.'" 19 F.4th at 770 (quoting *Veasey*, 870 F.3d at 391). Because SBISD has established irreparable harm, it has perforce shown that the public interest also favors a stay. In any case, the interests of taxpayers, voters, and students discussed above amply demonstrate where the public interest lies.

## CONCLUSION

SBISD respectfully requests a stay pending appeal so it is not forced to suffer irreparable harm that may prove legally unjustified by June 2026—the latest that the Supreme Court would issue an opinion in *Callais*. If a stay is granted, SBISD intends to ask the Fifth Circuit to hold the case in abeyance until *Callais* is decided, preserving judicial resources and parties' (including taxpayer) resources alike. If the Court is inclined to deny the stay, SBISD asks that the Court act quickly so that it may promptly seek a stay in the Fifth Circuit.

For the above reasons, the Court should grant this motion and stay its Final Judgment pending SBISD's appeal.

Respectfully submitted,

OF COUNSEL:

**BAKER BOTTS L.L.P.**

**Thomas R. Phillips**
State Bar No. 00000022
401 South 1st Street
Austin, Texas 78704-1296
(512) 322-2500
tom.phillips@bakerbotts.com

*/s/ Aaron M. Streett*
**Aaron M. Streett**
*Attorney-in-Charge*
State Bar No. 24037561
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1855
aaron.streett@bakerbotts.com

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

**Charles J. Crawford**
State Bar No. 05018900
**Lucas C. Henry**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
(214) 544-4000 Telephone
(214) 544-4040 Facsimile
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

11

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I certify that on August 25, 2025, counsel for Defendants conferred via email with counsel for Plaintiff regarding the relief requested in this Motion, and they could not agree regarding its disposition.

*/s/ Aaron M. Streett*
Aaron M. Streett

## CERTIFICATE OF SERVICE

I certify that on August 25, 2025, a copy of the foregoing was served on all counsel of record by the Court's ECF system.

*/s/ Aaron M. Streett*
Aaron M. Streett

12