United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA ELIZONDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1997 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion for Attorneys Fees and Costs (Docket Entry No. 131), Defendants' Motion to Defer Consideration of Plaintiff's Motion for Attorneys' Fees and Costs Pending Appeal ("Defendants' Motion to Defer") (Docket Entry No. 132), and Defendants' Motion to Stay Final Judgment Pending Appeal ("Defendants' Motion to Stay") (Docket Entry No. 135). Also before the court are Plaintiff's Response and Objection to Defendants' Motion to Defer Consideration of Plaintiff's Motion for Attorney's Fees and Costs Pending Appeal ("Plaintiff's Response to Defendants' Motion to Defer") (Docket Entry No. 140), Plaintiff's Response and Objection to Defendants' Motion to Stay Final Judgment Pending Appeal ("Plaintiff's Response to Defendants' Motion to Stay") (Docket Entry No. 141), and Defendants' Reply in Support of Motion to Stay Final Judgment Pending Appeal ("Defendants' Reply") (Docket Entry No. 142). For the reasons stated below, Defendants' Motion to Defer will be denied and Defendants will be ordered to respond to Plaintiff's Motion for Attorneys Fees and Costs within fourteen (14) days, and Defendants' Motion to Stay will be granted.

## I. **Background**

This is an action brought under § 2 of the Voting Rights Act ("VRA"), 52 U.S.C. § 10301, et seq., challenging the legality of the at-large method of electing members of the Spring Branch Independent School District ("SBISD") Board of Trustees. Following a five-day bench trial in September of 2024, the court issued a Memorandum Opinion and Order on April 28, 2025 (Docket Entry No. 122), stating findings of fact and conclusions of law, declaring that "SBISD's current at-large system of electing school board trustees violates the VRA,"[1] and ordering SBISD to file

> a single member district plan providing for the election of school board trustees, with sufficient supporting expert analysis establishing that it complies with Section 2 of the VRA. SBISD's remedial plan may be either a seven district single-member system or a system with five single-member districts and two at-large trustee positions, so long as that system complies with § 2 of the VRA. See Tex. Educ. Code § 11.052(a) (allowing for both 7-0 and 5-2 systems). SBISD's remedial plan must (a) contain one or more geographically-compact single member districts in which the HCVAP [Hispanic Citizen Voting Age Population] constitutes a majority; (b) comply with the one person-one vote requirement; and (c) respect existing communities of interest, including but not limited to the integrity of areas of minority population concentrations.[2]

In addition to ordering that "Plaintiff may file objections to that plan, and, if desired, an alternative plan with supporting expert

---

[1] Memorandum Opinion and Order, Docket Entry No. 122, p. 113. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id.

analysis,"[3] and that "SBISD may file a reply,"[4] the court found that

> Plaintiff is the prevailing party . . . entitled to court
> costs and to an award of attorney's fees under Fed. R.
> Civ. P. 54(d). The Court will defer deciding the amount
> of attorney's fees to which Plaintiff is entitled until
> Plaintiff seeks such relief under Fed. R. Civ. P. 54(d).[5]

In footnote 333 the court stated that "[g]iven the age and importance of this case, the court will not stay the case or delay the parties' obligations based on motions to reconsider or delay the court's rulings . . . ."[6]

On August 6, 2025, the court entered a Memorandum Opinion and Order (Docket Entry No. 129) denying SBISD's proposed 5-2 hybrid remedial plan, and granting Plaintiff's proposed 7-0 single-member remedial plan. On August 6, 2025, the court also entered Final Judgment (Docket Entry No. 130), ordering Defendants "to implement the seven single member district plan proposed in Plaintiff's Objections to Defendants' Proposed Remedial Plan and Plaintiff's Alternative Remedial Plan (Docket Entry No. 127) in time for SBISD's next regularly scheduled election in May of 2026."

On August 25, 2025, Defendants filed a Notice of Appeal (Docket Entry No. 136), and the pending Motion to Defer and Motion to Stay.

---

[3] <u>Id.</u> at 113-14.

[4] <u>Id.</u> at 114.

[5] <u>Id.</u> at 113 ¶ 55.

[6] <u>Id.</u> at 114.

## II. <u>Defendants' Motion to Defer</u>

On August 15, 2025, acting as the prevailing party in this VRA action, Plaintiff filed her Motion for Attorney's Fees and Costs (Docket Entry No. 131) seeking $1,437,302.93 through trial.[7]  A court may, in its discretion, award the prevailing party in an action "to enforce the voting guarantees of the fourteenth or fifteenth amendments, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e) (formerly 42 U.S.C. § 1973(e)). <u>See also</u> <u>Davis v. Abbott</u>, 781 F.3d 207, 213 (5th Cir.), <u>cert.</u> <u>denied</u>, 136 S. Ct. 534 (2015).

Defendants have not responded to Plaintiff's Motion for Attorney's Fees and Costs on the merits.  Instead, Defendants filed the pending Motion to Defer, in which they argue that their appeal to the Fifth Circuit will seek an order vacating this court's Final Judgment and rendering judgment in their favor based <u>inter alia</u> on challenging the constitutionality of race-based redistricting, an issue now before the Supreme Court in <u>Louisiana v. Callais</u>, No. 24-109, and <u>Robinson v. Callais</u>, No. 24-110.[8]  Defendants argue that should they "prevail on appeal and preserve SBISD's at-large voting system, Plaintiff will not be the prevailing party, and she will

---

[7]Plaintiff's Motion for Attorneys Fees and Costs, Docket Entry No. 131, p. 16.

[8]Defendants' Motion to Defer, Docket Entry No. 132, p. 2 ¶ 4.

4

not be entitled to an award of costs."[9]   Defendants argue that
granting their Motion to Defer will promote judicial economy and
efficiency because if their appeal is successful, there will be no
need for the court to consider Plaintiff's pending motion, and if
their appeal is not successful the court will be able to consider
Plaintiff's application for appellate fees and costs together with
the pending application for fees and costs through trial.[10]

Although Federal Rule of Civil Procedure 54 affords courts the
discretion to defer a decision on attorney's fees, "the Advisory
Committee Notes to the rule explain the wisdom of resolving the fee
issue [promptly]."[11]   In pertinent part the Advisory Committee Notes
state that

> [p]rompt filing affords an opportunity for the court to
> resolve fee disputes shortly after trial, while the
> services performed are freshly in mind.  It also enables
> the court in appropriate circumstances to make its ruling
> on a fee request in time for any appellate review of a
> dispute over fees to proceed at the same time as review
> on the merits of the case.

Fed. R. Civ. P. 54 (advisory committee's notes (1993 Amendments)).
Plaintiff has promptly filed her Motion for Attorney's Fees and
Costs, and Defendants have not identified any significant reason to
delay a decision on that motion.  Because a prompt resolution of

---

[9] Id. at 3 ¶ 6.

[10] Id. at 4 ¶¶ 7-8.

[11] Plaintiff's Response to Defendants' Motion to Defer, Docket
Entry No. 140, p. 4.

Plaintiff's Motion for Attorney's Fees and Costs may allow appellate review of any dispute over fees and costs to proceed at the same time as review on the merits of the case, the court concludes that judicial economy and efficiency will best be served by a prompt ruling on Plaintiff's Motion for Attorney's Fees and Costs. Defendants' Motion to Defer will be denied, and Defendants will be ordered to respond to the pending Motion for Attorney's Fees and Costs within fourteen (14) days.

### III. **Defendants' Motion to Stay**

Citing Matter of Miranne, 852 F.2d 805, 806 (5th Cir. 1988) (per curiam), for holding that a district court retains jurisdiction to issue a stay after a notice of appeal has been filed, Defendants "move for a stay of this Court's final judgment pending appeal to the U.S. Court of Appeals for the Fifth Circuit."[12] Defendants argue that a stay pending appeal is warranted by orders that the Supreme Court issued in the Callais cases on June 27, 2025, setting them for re-argument, and on August 1, 2025, ordering supplemental briefing.[13] Asserting that these orders, which post-date this court's April 28, 2025, Memorandum Opinion and Order, "squarely present the question whether [§] 2's command to draw majority-minority districts conflicts with the

---

[12]Defendants' Motion to Stay, Docket Entry No. 135, p. 5.

[13]Id. at 6.

6

Fourteenth Amendment's requirement of strict scrutiny for racial classifications,"[14] Defendants argue that "[t]he Supreme Court's impending decision in <u>Callais</u> may effectively invalidate the very provisions of [§] 2 on which Plaintiff's claim and this Court's opinion rely."[15] Citing <u>Ardoin v. Robinson</u>, 142 S. Ct. 2892 (2022), Defendants argue that

> [i]n a similar posture, the Supreme Court granted a stay pending appeal in a [§] 2 case and held it in abeyance because of the then-impending decision in <u>Allen v. Milligan</u>[, 143 S. Ct. 1487 (2023)]. . . . Notably, the Supreme Court intervened after both the district court and Fifth Circuit had denied the requested stay. The message to lower courts is clear: Governments should not be forced to revise electoral maps when an approaching Supreme Court decision calls into question the underlying judgment. Stay-and-abeyance is the sound path.[16]

As another compelling reason to grant their Motion to Stay, Defendants cite <u>Turtle Mountain Band of Chippewa Indians v. Howe</u>, 137 F.4th 710, 713 (8th Cir. 2025), in which the Eighth Circuit reaffirmed its holding in <u>Arkansas State Conference NAACP v. Arkansas Board of Apportionment</u>, 86 F.4th 1204, 1206-07 (8th Cir. 2023), that § 2 of the VRA does not confer a right of private

---

[14]<u>Id.</u> at 8.

[15]<u>Id.</u> at 9. <u>See also</u> Defendants' Reply, Docket Entry No. 142, p. 2 ¶ 1 (arguing that "[i]f the Supreme Court holds that race can no longer be considered in districting under [§] 2's effects test, this Court's order requiring SBISD to adopt a race-motivated map would be unlawful").

[16]Defendants' Motion to Stay, Docket Entry No. 135, p. 11. <u>See also</u> Defendants' Reply, Docket Entry No. 142, pp. 3-4 ¶ 2 (arguing that Plaintiff "ignores the most recent directly on-point cases").

action.[17]  On July 24, 2025, the Supreme Court — acting above the
dissents of Justices Thomas, Alito, and Gorsuch — granted an
application to stay the mandate in the <u>Turtle Mountain</u> case.  <u>See</u>
<u>Turtle Mountain Band of Chippewa Indians v. Howe</u>, 145 S. Ct. 2876
(2025), <u>petition for writ of certiorari filed</u> September 4, 2025
(Case No. 25-253).

### A.    Standard of Review

"A stay pending appeal is 'extraordinary relief' for which
defendants bear a 'heavy burden.'"  <u>Plaquemines Parish v. Chevron</u>
<u>USA, Inc.</u>, 84 F.4th 362, 373 (5th Cir. 2023) (citing <u>inter alia</u>
<u>Nken v. Holder</u>, 129 S. Ct. 1749, 1761 (2009)).  "A stay is not a
matter of right, even if irreparable injury might otherwise result.
. . . It is instead 'an exercise of judicial discretion,' and '[t]he
propriety of its issue is dependent upon the circumstances of the
particular case.'"  <u>Id.</u>  (quoting <u>Nken</u>, 129 S. Ct. at 1760).  "The
party requesting a stay bears the burden of showing that the
circumstances justify an exercise of that discretion."  <u>Nken</u>, 129
S. Ct. at 1761.  A party seeking a stay must show (1) that the
applicant is likely to succeed on the merits; (2) the applicant
will be irreparably damaged absent a stay; (3) the issuance of the
stay will not substantially injure the other parties interested in
the proceeding; and (4) the public interest lies in favor of the

---

[17] <u>Id.</u> at 10.

stay. <u>See</u> <u>Plaquemines Parish</u>, 84 F.4th at 373 (citing <u>Nken</u>, 129 S. Ct. at 1761 (2009)). "The first two factors are . . . the most critical." <u>Id.</u>

> [O]n motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities <u>weighs heavily</u> in favor of granting the stay.

<u>Id.</u> (emphasis in original)(quoting <u>Ruiz v. Estelle</u>, 650 F.2d 555, 565 (5th Cir. Unit A 1981)(per curiam)). "Serious legal questions have 'far-reaching effects' or are matters of 'public concern' that go well beyond the interests of the parties." <u>Hernandez v. Erazo</u>, No. 23-50281, 2023 WL 3175471, at * 5 (5th Cir. May 1, 2023) (per curiam) (collecting cases).

## B.  Analysis

Defendants argue the Supreme Court's orders in <u>Callais</u> show that their appeal presents a "substantial case on the merits and likelihood of success on appeal."[18]  Defendants argue that

> <u>Callais</u> initially involved whether [§] 2 required Louisiana to create a second majority-minority district in its congressional map.  However, rather than resolve the case in the Term in which it was argued, the Supreme Court held the case over for re-argument.  <u>See</u> Order (U.S. June 27, 2025).  Then, on August 1, shortly before this Court issued its final judgment, the Supreme Court ordered the parties to file supplemental briefs addressing "[w]hether the State's intentional creation of a second majority-minority congressional district

---

[18]<u>Id.</u> at 7.

9

violates the Fourteenth or Fifteenth Amendments to the U.S. Constitution." Order (U.S. Aug. 1, 2025). The Court set the case for argument on October 15, 2025. In the ordinary course, a decision would be expected no later than June 2026.

The Supreme Court's highly unusual re-argument and supplemental-briefing orders squarely present the question whether [§] 2's command to draw majority-minority districts conflicts with the Fourteenth Amendment's requirement of strict scrutiny for racial classifications, most recently enunciated in <u>Students for Fair Admissions, Inc. v. President & Fellows of Harvard College</u>, 143 S. Ct. 2141 (2023).[19]

Defendants argue that

[t]he Supreme Court's impending decision in <u>Callais</u> may effectively invalidate the very provisions of [§] 2 on which Plaintiff's claim and this Court's opinion rely. Faced with similar circumstances, courts throughout the Fifth Circuit overseeing [§] 2 claims have stayed proceedings pending the decision in <u>Callais</u>. <u>See e.g.</u>, Order, <u>LULAC v. Texas</u>, No. 3:21-cv-259 (W.D. Tex. Aug. 11, 2025)(Smith, J.)(Dkt. 1126) (suspending deadlines because the "viability of several claims in this case" depends on "the Supreme Court's pending decisions in <u>Louisiana v. Callais</u>, No. 24-109, and <u>Robinson v. Callais</u>, No. 24-110) . . ."[20]

Without disputing that the Supreme Court's impending decision in the <u>Callais</u> cases may effectively invalidate the § 2 jurisprudence on which Plaintiff's claims and this court's opinion rely, Plaintiff argues that Defendants are unable to show either a substantial likelihood of success on appeal or that their appeal

---

[19]<u>Id.</u> at 8.

[20]<u>Id.</u> at 9 (quoting Order Suspending Deadline for Findings of Fact and Conclusions of Law, <u>League of United Latin American Citizens v. Abbott</u>, No. 3:21-cv-259-DCJ-JES-JVB, (W.D. Tex. Aug. 11, 2025)(Smith, J.)(Dkt. 1126), Docket Entry No. 135-7, p. 2).

presents a substantial case on the merits involving a serious legal question.[21] Plaintiff argues that because "Defendants did not raise, object, or preserve complaints in this Court about any of the issues on which the U.S. Supreme Court later may opine in Callais or Turtle Mountain, they have waived any such complaints."[22] Plaintiff argues the fact that

> Defendants waited until after they were unsuccessful at trial, based upon the application of . . . well-settled . . . relevant [§] 2 principles . . . (. . . to which they stipulated), before asserting that the Callais matter or Eighth Circuit cases such as Turtle Mountain justify staying their obligations under the Final Judgment . . . is an equitable consideration that cuts against their plea for a stay and weighs in Plaintiff's favor.[23]

Quoting United States v. Islas-Saucedo, 903 F.3d 512, 521 (5th Cir. 2018), Plaintiff also argues that

> Defendants' belated request . . . runs afoul of Fifth Circuit precedent . . . [holding] "that even when the Supreme Court has granted certiorari in a relevant case, [it] will continue to follow binding precedent," and the Fifth Circuit has denied motions to stay or abate on that basis.[24]

Islas-Saucedo was a criminal case in which the Fifth Circuit denied the United States' request to hold an appeal in abeyance because application of then binding precedent benefitted the

---

[21]Plaintiff's Response to Defendants' Motion to Stay, Docket Entry No. 141, pp. 8-12.

[22]Id. at 10 ¶ 7.

[23]Id. at 11 ¶ 9.

[24]Id. at 12 ¶ 11.

appellant.  <u>Id.</u>  <u>Islas-Saucedo</u> is therefore inapposite and does not inform the court's analysis in this case.  Defendants reply that "SBISD adequately preserved its arguments for appeal [because] SBISD consistently contended that [Plaintiff]'s overreliance on race in constructing her illustrative map was unlawful."[25]  The court agrees.  In the April 28, 2025, Memorandum Opinion and Order, the court acknowledged SBISD's argument, but rejected it on the merits.[26]

Because the Supreme Court's impending decision in the <u>Callais</u> cases may effectively invalidate § 2 claims like those brought by Plaintiff, and because courts in this circuit have stayed proceedings with similar claims following the Supreme Court's <u>Callais</u> orders, the court concludes that Defendants' appeal of the § 2 claims asserted in this action presents a substantial case on the merits involving serious legal questions.  <u>See e.g.</u>, Order Suspending Deadline for Findings of Fact and Conclusions of Law, <u>League of United Latin American Citizens v. Abbott</u>, No. 3:21-cv-259-DCJ-JES-JVB, (W.D. Tex. Aug. 11, 2025)(Smith, J.)(Dkt. 1126) (suspending deadlines because the "viability of several claims in this case" depend on "the Supreme Court's pending decisions in

---

[25]Defendants' Reply, Docket Entry No. 142, p. 2 ¶ 1 (citing Defendants' [Pretrial] Memorandum of Law, Docket Entry No. 71-12, p. 5 (arguing that "[r]ace cannot predominate over traditional districting principles")).

[26]<u>Id.</u> (citing April 28, 2025, Memorandum Opinion and Order, Docket Entry No. 122, p. 30 ¶ 58).

Louisiana v. Callais, No. 24-109, and Robinson v. Callais, No. 24-110;"[27] Order, Clark v. Landry, No. 86-435-JWD-EWD, (M.D. La. July 17, 2025)(deGravelles, J.) (staying and administratively closing case "pending a decision by the United States Supreme Court in Louisiana v. Callais, No. 24-109").[28]

Defendants argue that "[i]f this Court's final judgment takes effect, [they] will incur irreparable injury dismantling the at-large system."[29]  Forcing Defendants to conduct the May 2026 election using single-member districts as required by the court's Final Judgment risks causing Defendants irreparable harm not only by requiring them to implement an election system that the Supreme Court may find to be unconstitutional but also by requiring them to incur costs to dismantle the current at-large system and implement a the new single-member district system that will be unrecoverable if the court's judgment is reversed.[30]  While the harm that Plaintiff "seek[s] to prevent — holding an election under an unlawful plan with discriminatory effects — is also, it should go without saying, a serious [harm]," Thomas v. Bryant, 919 F.3d 298,

---

[27]Defendants' Motion to Stay, Docket Entry No. 135, p. 9 (quoting Exhibit 6, Docket Entry No. 135-7).

[28]Id. at 9-10 (quoting Exhibit 1, Docket Entry No. 135-2).

[29]Id. at 11-12.  See also Defendant's Reply, Docket Entry No. 142, p. 4 ¶ 3 (arguing "the fact that SBISD's at-large system could be permanently dismantled before a decision on appeal is rendered should trouble this Court — if not [Plaintiff]").

[30]Id. at 12-13.

303 (5th Cir. 2019), the court concludes that the prejudice Defendants will suffer from enforcement of the court's Final Judgment based on a standard that has a significant potential to change following the Supreme Court's decision in <u>Callais</u> outweighs the prejudice that the Plaintiff and other parties interested in this proceeding will suffer in the event of a stay.  Under these circumstances the public interest would be better served by maintaining the status quo until the Supreme Court decides the <u>Callais</u> cases.  See <u>Plaquemines</u>, 84 F.4th at 373 ("[W]e have noted that 'the maintenance of the status quo is an important consideration' that often weighs in favor of a stay.").  The court therefore concludes that the balance of equities weighs heavily in favor of granting Defendants' Motion to Stay.

## IV. <u>Conclusions and Order</u>

For the reasons stated in § II, above, Defendants' Motion to Defer Consideration of Plaintiff's Motion for Attorneys' Fees and Costs Pending Appeal, Docket Entry No. 132, is **DENIED.**  Defendants are **ORDERED** to respond to Plaintiff's Motion for Attorneys Fees and Costs (Docket Entry No. 131) within fourteen (14) days of entry of this Memorandum Opinion and Order.  Plaintiff may reply within seven (7) days of Defendants' response.

14

For the reasons stated in § III, above, the court concludes that Defendants' appeal of the § 2 claims asserted in this action presents a substantial case on the merits involving serious legal questions, and that the balance of equities weighs heavily in favor of granting a stay pending appeal to the Court of Appeals for the Fifth Circuit.  Defendants' Motion to Stay Final Judgment Pending Appeal, Docket Entry No. 135, is **GRANTED.**

**SIGNED** at Houston, Texas, on this 17th day of September, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE